GIPSON HOFFMAN & PANCIONE
A Professional Corporation
GREGORY A. FAYER (State Bar No. 232303)
GFayer@ghplaw.com
ELLIOT B. GIPSON (State Bar No. 234020)
EGipson@ghplaw.com
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone: (310) 556-4660
Facsimile: (310) 556-8945

Attorneys for Plaintiff
CYBERsitter, LLC d/b/a Solid Oak Software

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company, d/b/a Solid Oak Software,<br><br>Plaintiff,<br><br>v.<br><br>The People's Republic of China, a foreign state; Zhengzhou Jinhui Computer System Engineering Ltd., a Chinese corporation; Beijing Dazheng Human Language Technology Academy Ltd., a Chinese corporation; Sony Corporation, a Japanese corporation; Lenovo Group Limited, a Chinese corporation; Toshiba Corporation, a Japanese corporation; ACER Incorporated, a Taiwanese corporation; ASUSTeK Computer Inc., a Taiwanese corporation; BenQ Corporation, a Taiwanese corporation; Haier Group Corporation, a Chinese corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV10-0038 GAF (SHx)<br><br>**NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR LETTERS ROGATORY TO EFFECT SERVICE OF PROCESS**<br><br>Judge: Hon. Gary A. Feess<br>Ctrm: 740<br><br>Hearing Date: None scheduled<br>Hearing Time: None scheduled<br><br>Discovery Cutoff: None set<br>Pretrial Conference: None set<br>Trial Date: None set<br><br>[Filed concurrently with: Memorandum of Points and Authorities; Declaration of Gregory A. Fayer; Letters Rogatory; [Proposed] Order] |

---

NOTICE OF *EX PARTE* APPLICATION FOR LETTERS ROGATORY
TO EFFECT SERVICE OF PROCESS

04444\00001\122193.1

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that plaintiff CYBERsitter, LLC d/b/a Solid Oak Software ("Plaintiff") will and hereby does apply *ex parte*, in accordance with Rule 7-19 of the Central District Local Rules, to the Honorable Gary A. Feess, in courtroom 740 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California 90012, requesting the issuance of Letters Rogatory to effect service of process in this action upon defendants ACER Incorporated, ASUSTeK Computer Inc. and BenQ Corporation (collectively, "Taiwanese Defendants").

There is good cause for granting this *ex parte* application. Defendants ACER Incorporated, ASUSTeK Computer Inc. and BenQ Corporation are Taiwanese corporations. Taiwan is not a signatory to the Hague Service Convention. Accordingly, service of process by means of the Hague Convention is not possible for the Taiwanese Defendants.

The Taiwanese Defendants have either declined or failed to respond to Plaintiff's requests to arrange for voluntary service. On January 14, 2010, counsel for Plaintiff sent letters to the each of the Taiwanese Defendants (and to two of their U.S. affiliates) requesting arrangement for voluntary service of process. *See* Declaration of Gregory A. Fayer ("Fayer Decl."), ¶ 2, Exhibits A-E. On January 20, 2010, Plaintiff received an email from in-house counsel at BenQ's U.S. affiliate attaching a letter (dated January 18, 2010), stating that it would not accept service on behalf of BenQ Corporation. *Id.* ¶ 8, Exhibit F. As of this date, none of the other Taiwanese Defendants or their affiliates has responded to Plaintiff's request. *Id.* ¶ 9.

The process for service by means of Letters Rogatory in Taiwan often takes four to six months or longer to complete. Accordingly, in order avoid undue delay and to facilitate a timely resolution of this dispute, Plaintiff respectfully requests that the Court issue Letters Rogatory requesting the Taiwan Taipei District Court to order

1

NOTICE OF *EX PARTE* APPLICATION FOR LETTERS ROGATORY
TO EFFECT SERVICE OF PROCESS

04444\00001\122193.1

service of process on the Taiwanese Defendants by a method recognized and prescribed under Taiwanese law.

Plaintiff's counsel made a good faith effort to give notice to the Taiwanese Defendants of the substance and timing of this application in accordance with Local Rule 7-19.1. On the afternoon of Wednesday, January 20, 2010, Plaintiff's counsel sent letters by email, facsimile or both (and also by first class mail) to the each of the Taiwanese Defendants and to two of their U.S. affiliates, notifying them of Plaintiff's intent to bring this *ex parte* application on Friday, January 22, 2010, and requesting that they inform Plaintiff's counsel whether or not they intend to oppose the application. Fayer Decl. ¶ 13, Exhibits G-K. Since none of the Taiwanese Defendants has yet been served, none has counsel of record to which to give notice. *Id.* ¶ 13. Accordingly, Plaintiff's counsel contacted them in the most expedient manner reasonably available. *Id.* None of the Taiwanese Defendants responded to the notice letter (except for a reference to the notice letter in the above-referenced email from in-house counsel at BenQ's U.S. affiliate). *Id.* ¶ 13, Exhibit F. It is thus unclear whether the Taiwanese Defendants oppose the application, and, if so, what the basis of their opposition might be. *Id.* ¶ 13.

In addition, it is in the interest of justice to allow this *ex parte* application to be heard without notice, pursuant to Local Rule 7-19.2, with respect to the defendants other than the Taiwanese Defendants. The interest of justice is clearly served by expeditiously arranging for service of the Taiwanese Defendants in this action. All of the non-Taiwanese defendants are Japanese or Chinese entities. None has yet been served and none has counsel of record. *Id.* ¶ 19. Furthermore, none will be prejudiced by the issuance of Letters Rogatory to assist in the service of process of the Taiwanese Defendants. Indeed, it is doubtful that any of the non-Taiwanese defendants could show standing to challenge the issuance of Letters Rogatory for service of process on the Taiwanese Defendants. Absent counsel of record to contact

2

NOTICE OF *EX PARTE* APPLICATION FOR LETTERS ROGATORY
TO EFFECT SERVICE OF PROCESS

04444\00001\122193.1

for notice purposes, it would be both costly and futile to attempt to contact these overseas defendants regarding the instant *ex parte* application. *See id.*

This *ex parte* application is based on this Notice; the accompanying Memorandum of Points and Authorities; the accompanying Declaration of Gregory A. Fayer; the accompanying Letters Rogatory for the Court's signature; the pleadings and papers on file in this action; and on such other evidence as may be submitted to the Court and such oral argument and other matters as the Court may consider. A proposed order accompanies this application.

DATED: January 22, 2010

GIPSON HOFFMAN & PANCIONE
A Professional Corporation
GREGORY A. FAYER
ELLIOT B. GIPSON


By   /s/ Gregory A. Fayer
    GREGORY A. FAYER
Attorneys for Plaintiff CYBERsitter, LLC
d/b/a Solid Oak Software

3
NOTICE OF *EX PARTE* APPLICATION FOR LETTERS ROGATORY
TO EFFECT SERVICE OF PROCESS

04444\00001\122193.1