GIPSON HOFFMAN & PANCIONE
A Professional Corporation
GREGORY A. FAYER (State Bar No. 232303)
GFayer@ghplaw.com
ELLIOT B. GIPSON (State Bar No. 234020)
EGipson@ghplaw.com
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone: (310) 556-4660
Facsimile: (310) 556-8945

Attorneys for Plaintiff
CYBERsitter, LLC d/b/a Solid Oak Software

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company, d/b/a Solid Oak Software,<br><br>Plaintiff,<br><br>v.<br><br>The People's Republic of China, a foreign state; Zhengzhou Jinhui Computer System Engineering Ltd., a Chinese corporation; Beijing Dazheng Human Language Technology Academy Ltd., a Chinese corporation; Sony Corporation, a Japanese corporation; Lenovo Group Limited, a Chinese corporation; Toshiba Corporation, a Japanese corporation; ACER Incorporated, a Taiwanese corporation; ASUSTeK Computer Inc., a Taiwanese corporation; BenQ Corporation, a Taiwanese corporation; Haier Group Corporation, a Chinese corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV10-0038 GAF (SHx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR LETTERS ROGATORY TO EFFECT SERVICE OF PROCESS**<br><br>Judge:    Hon. Gary A. Feess<br>Ctrm:    740<br><br>Hearing Date:    None scheduled<br>Hearing Time:    None scheduled<br><br>Discovery Cutoff:    None set<br>Pretrial Conference:    None set<br>Trial Date:    None set<br><br>[Filed concurrently with: Notice of *Ex Parte* Application; Declaration of Gregory A. Fayer; Letters Rogatory; [Proposed] Order] |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff CYBERsitter, LLC d/b/a Solid Oak Software ("Plaintiff") brings this *ex parte* application for Letters Rogatory in order to effect service of process on the three Taiwanese defendants in this action. There is good cause for granting Plaintiff's application.

Defendants ACER Incorporated, ASUSTeK Computer Inc. and BenQ Corporation (collectively, "Taiwanese Defendants") are Taiwanese corporations. Taiwan is not a signatory to the Hague Service Convention. Accordingly, there is no designated Central Authority for service of process on defendants in Taiwan, and service of process by the methods prescribed by the Hague Convention is thus not possible for the Taiwanese Defendants.

Furthermore, the Taiwanese Defendants have either declined or failed to respond to Plaintiff's requests to arrange for voluntary service. On January 14, 2010, counsel for Plaintiff sent letters by facsimile and first class mail to each of the Taiwanese Defendants (and two of their U.S. affiliates) requesting arrangements for voluntary service of process. *See* Declaration of Gregory A. Fayer ("Fayer Decl."), ¶ 2, Exhibits A-E. On January 20, 2010, counsel for Plaintiff received a letter from in-house counsel at BenQ's U.S. affiliate attaching a letter (dated January 18, 2010), stating that it would not accept service on behalf of BenQ Corporation. *Id.* ¶ 8, Exhibit F. As of this date, none of the other Taiwanese Defendants or their affiliates has responded to Plaintiff's request. *Id.* ¶ 9.

The only remaining effective method of service of process on the Taiwanese Defendants is by means of Letters Rogatory.[1] Service by this method requires the Court to issue Letters Rogatory to the Appropriate Judicial Authority in Taiwan in the district in which the Taiwanese Defendants reside. Once issued, the signed Letters

---

[1] While service of foreign documents in Taiwan may be effected by means of a process server or by certified mail, it is uncertain whether the Taiwanese courts will deem such service valid for purposes of enforcing a foreign judgment in Taiwan.

Rogatory must be transmitted by Plaintiff's counsel (along with copies and Chinese translations of the complaint and summons, and the other supporting documents) to the Department of State, Office of Overseas Citizens Service, which will then convey the Letters Rogatory and accompanying documents to the American Institute in Taiwan in Washington, D.C., which will then convey the documents to the Taiwanese Economic and Cultural Office in Washington, D.C., which will then convey the documents to the Taiwanese Foreign Ministry in Taipei, which will then convey the documents to the Appropriate Judicial Authority in Taiwan (here, the Taiwan Taipei District Court) to effect service upon the Taiwanese Defendants. The proof of service must then be returned to this Court through the same channels. This process often takes four to six months or longer to complete. Thus, in order avoid undue delay and to facilitate a timely resolution of this dispute, it is necessary to commence this process as soon as possible.

For these reasons, Plaintiff respectfully asks this Court to issue Letters Rogatory to the Appropriate Judicial Authority in Taiwan, requesting the courts of Taiwan to order service of process on the Taiwanese Defendants by a method recognized and prescribed under Taiwanese law.

DATED: January 22, 2010

GIPSON HOFFMAN & PANCIONE
A Professional Corporation
GREGORY A. FAYER
ELLIOT B. GIPSON


By	/s/ Gregory A. Fayer
	GREGORY A. FAYER
Attorneys for Plaintiff CYBERsitter, LLC
d/b/a Solid Oak Software