GIPSON HOFFMAN & PANCIONE
A Professional Corporation
GREGORY A. FAYER (State Bar No. 232303)
GFayer@ghplaw.com
ELLIOT B. GIPSON (State Bar No. 234020)
EGipson@ghplaw.com
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone: (310) 556-4660
Facsimile:  (310) 556-8945

Attorneys for Plaintiff
CYBERsitter, LLC d/b/a Solid Oak Software

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company, d/b/a Solid Oak Software,<br><br>Plaintiff,<br><br>v.<br><br>The People's Republic of China, a foreign state; Zhengzhou Jinhui Computer System Engineering Ltd., a Chinese corporation; Beijing Dazheng Human Language Technology Academy Ltd., a Chinese corporation; Sony Corporation, a Japanese corporation; Lenovo Group Limited, a Chinese corporation; Toshiba Corporation, a Japanese corporation; ACER Incorporated, a Taiwanese corporation; ASUSTeK Computer Inc., a Taiwanese corporation; BenQ Corporation, a Taiwanese corporation; Haier Group Corporation, a Chinese corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV10-0038 GAF (SHx)<br><br>**DECLARATION OF GREGORY A. FAYER IN SUPPORT OF *EX PARTE* APPLICATION FOR LETTERS ROGATORY TO EFFECT SERVICE OF PROCESS**<br><br>Judge:     Hon. Gary A. Feess<br>Ctrm:     740<br><br>Hearing Date: None scheduled<br>Hearing Time: None scheduled<br><br>Discovery Cutoff:   None set<br>Pretrial Conference:  None set<br>Trial Date:   None set<br><br>[Filed concurrently with: Notice of *Ex Parte* Application; Memorandum of Points and Authorities; Letters Rogatory; [Proposed] Order] |

DECLARATION OF GREGORY A. FAYER

04444\00001\122196.1

## DECLARATION OF GREGORY A. FAYER

I, Gregory A. Fayer, declare as follows:

1. I am a member in good standing of the bar of the State of California and I have been admitted to practice in this Court. I am an attorney at the law firm of Gipson Hoffman & Pancione, counsel of record for plaintiff CYBERsitter LLC d/b/a Solid Oak Software ("CYBERsitter"). Except as otherwise stated, I have personal knowledge of the facts set forth herein, and, if called upon as a witness, I could and would competently testify thereto.

2. On January 14, 2010, I sent letters to Defendants ACER Incorporated, ASUSTeK Computer Inc. and BenQ Corporation (collectively, "Taiwanese Defendants"), and to ASUSTeK and BenQ's U.S. affiliates, requesting arrangement for voluntary service of process.

3. Attached hereto as **Exhibit A** is a true and correct copy of my January 14, 2010 letter to Mr. Lin at ACER Incorporated, sent by email and first class mail.

4. Attached hereto as **Exhibit B** is a true and correct copy of my January 14, 2010 letter to ASUSTeK Computer Inc., sent by first class mail.

5. Attached hereto as **Exhibit C** is a true and correct copy of my January 14, 2010 letter to Asus Computer International, ASUSTeK Computer Inc.'s U.S. affiliate, sent by first class mail.

6. Attached hereto as **Exhibit D** is a true and correct copy of my January 14, 2010 letter to Mr. Young at BenQ Corporation, sent by facsimile and first class mail.

7. Attached hereto as **Exhibit E** is a true and correct copy of my January 14, 2010 letter to Ms. Hsu at BenQ America Corp., BenQ Corporation's U.S. affiliate, sent by facsimile and first class mail.

8. On January 20, I received an email from Ms. Hsu at BenQ America Corp. attaching a letter (dated January 18, 2010) stating that counsel would not accept

voluntary service on behalf of BenQ Corporation. Attached hereto as **Exhibit F** is a true and correct copy Ms. Hsu's email and attached letter.

9. As of the signing of this declaration, I have not received a response from any of the other Taiwanese Defendants or their affiliates to my January 14 letters.

10. Also on January 14, 2010, I sent letters to defendants Sony Corporation (via its outside U.S. counsel who has contacted me previously regarding this matter), Lenovo Group Limited (via its U.S. in-house counsel who has contacted me previously regarding this matter), Toshiba Corporation (via its U.S. in-house counsel who has contacted me previously regarding this matter), and Haier Group Corporation (via its Chinese in-house counsel who has contacted me previously regarding this matter), requesting that they make arrangements to voluntarily accept service of the summons and complaint. Counsel for Sony, Lenovo, and Toshiba declined to accept service. Counsel for Haier has not yet responded to my request.

11. On January 22, 2010, Plaintiff initiated service pursuant to the provisions of the Hague Service Convention on defendants Lenovo Group Limited, Haier Group Corporation, Zhengzhou Jinhui Computer System Engineering Ltd. and Beijing Dazheng Human Language Technology Academy Ltd. Plaintiff is in the process of initiating service pursuant to the provisions of the Hague Service Convention on defendants Sony Corporation and Toshiba Corporation.

12. On January 12, 2010, I sent a letter by facsimile to defendant People's Republic of China ("PRC"), through the offices of the Ministry of Industry and Information Technology, requesting that the PRC make arrangement for voluntary service as provided for under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(1). Defendant PRC has not responded to this request. Accordingly, Plaintiff is in the process of initiating service on defendant PRC pursuant to the provisions of the Hague Service Convention, as provided for under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(2).

13. On the afternoon of Wednesday, January 20, 2010, I sent letters by email, facsimile or both (and also by first class mail) to the each of the Taiwanese Defendants and to ASUSTeK and BenQ's U.S. affiliates, notifying them of Plaintiff's intent to bring this *ex parte* application and requesting that they inform me whether they intend to oppose the application. Since none of the Taiwanese Defendants in this action has yet been served, none has counsel of record to which to give notice. Accordingly, I contacted them in the most expedient manner reasonably available. Aside from the reference to the notice letter in the above-referenced email from in-house counsel at BenQ's U.S. affiliate (*see* paragraph 8 and Exhibit F above), none of the Taiwanese Defendants responded to my notice letter. I am thus uncertain whether the Taiwanese Defendants oppose the application and, if so, what grounds they might have for opposing the application.

14. Attached hereto as **Exhibit G** is a true and correct copy of my January 20, 2010 letter and successful fax report to Mr. Lin at ACER Incorporated, sent by email and facsimile.

15. Attached hereto as **Exhibit H** is a true and correct copy of my January 20, 2010 letter and successful fax report to ASUSTeK Computer Inc., sent by facsimile and first class mail.

16. Attached hereto as **Exhibit I** is a true and correct copy of my January 20, 2010 letter and successful fax report to Asus Computer International, ASUSTeK Computer Inc.'s U.S. affiliate, sent by facsimile and first class mail.

17. Attached hereto as **Exhibit J** is a true and correct copy of my January 20, 2010 letter and successful fax report to Mr. Young at BenQ Corporation, sent by facsimile and first class mail. My assistant, Marsha Tylke, attempted to fax the letter twice on the evening of January 20, but these attempts were unsuccessful. As the fax report indicates, the fax was successfully sent at 11:04 a.m. on January 21.

18. Attached hereto as **Exhibit K** is a true and correct copy of my January 20, 2010 letter and successful fax report to Ms. Hsu at BenQ America Corp., BenQ Corporation's U.S. affiliate, sent by facsimile and first class mail.

19. With respect to the defendants in this action other than the Taiwanese Defendants (all of whom are foreign entities), none of them has yet been served, and none has counsel of record to contact for notice purposes. In my opinion, absent counsel of record to contact for notice purposes, it would be both unduly expensive for my client and futile to attempt to contact the non-Taiwanese overseas defendants regarding the issuance of Letters Rogatory to the Taiwanese Defendants.

Executed January 22, 2010, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Gregory A. Fayer