EXHIBIT I
TO DECLARATION OF ELLIOT B. GIPSON

LAW OFFICES

### GIPSON HOFFMAN & PANCIONE

A PROFESSIONAL CORPORATION

1901 AVENUE OF THE STARS

SUITE 1100

LOS ANGELES, CALIFORNIA 90067-6002

(310) 556-4660

FAX (310) 556-8945

| WRITER'S DIRECT DIAL NUMBER: | WRITER'S DIRECT INTERNET E-MAIL: | OUR FILE NO.: |
|---|---|---|
| (310) 557-8830 | EGipson@ghplaw.com | 4444-1 |

June 24, 2010

**VIA OVERNIGHT DELIVERY**

Mr. Yasushi Toyoda
Vice Consul, Consular Division
Consulate General of Japan
350 South Grand Avenue, Suite 1700
Los Angeles, California 90071

> Re:   **Service of Sony Corporation;**
> **U.S. District Court Central District of California – Western Division**
> **Case No. CV10—0038 GAF (SHx)**

Dear Mr. Toyoda:

I am sending you this letter in reference to the documents sent from the office of the Consulate General of Japan dated June 10, 2010 concerning the service on Sony Corporation of the Summons and Complaint in the above-referenced case through the procedures mandated by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), to which Japan is a signatory. We write to formally request an explanation of the numerous irregularities in Japan's handling of the service of these documents and its apparent failure to follow the procedures mandated by the Hague Convention in this instance. We have also requested via separate correspondence that the Ministry of Foreign Affairs immediately effect service on Sony Corporation of the Summons and Complaint pursuant to the mandatory procedures set forth in Article 5 subsection (a) of the Hague Convention.

### Service through the Hague Convention

On February 2, 2010, I sent the Ministry of Foreign Affairs a packet of documents to serve on Sony Corporation in accordance with Article 5 subsection (a) of the Hague Convention. These documents included: the Request for Service Abroad of Judicial or Extrajudicial Documents form (the "Request Form") and the Summons and Complaint (Case No. CV10-0038 GAF (SHx) along with Japanese Translations of each of these documents. These documents were delivered via Federal Express and certification was made of their delivery.

LAW OFFICES
**GIPSON HOFFMAN & PANCIONE**
A PROFESSIONAL CORPORATION

Mr. Yasushi Toyoda
Vice Consul, Consular Division
Consulate General of Japan
June 24, 2010
Page 2

### June 9, 2010 Correspondence

I received your response from the Consulate General of Japan dated June 9, 2010. The response included a cover letter that you sent, which indicated that Japan did not follow the procedures mandated under Article 5 subsection (a). Instead, the letter said that "the service of the documents did not go into effect because of the following reason: Although the addressee had been notified that, by April 13, either to appear in person at the court to receive the service documents or to make the request for having them mailed, there was no response from the addressee by said date."

### Hague Service Request Form

We requested service through the Request for Service Abroad of Judicial or Extrajudicial Documents form (the "Request Form") via Article 5 subsection (a), which requires service on the addressee by Japanese officials. However, the returned Request Form has our selection for Article 5 subsection (a) service crossed out and instead circled Article 5 subsection (c), which is a method allowing for voluntary service on the part of the addressee. Above subsection (c) on the returned Request Form, someone wrote the phrase "lack of translations." However, the indication that translations are lacking is contradicted by the list of documents on the Request Form, which indicates "Japanese Translations" of the relevant documents, and by the fact that the translated versions of the entirety of the Summons and Complaint (totaling 37 pages of Japanese translations) were returned to us by your office.

Please be advised that the Hague Convention does not allow a signatory to alter the method of service requested. We have therefore demanded that the Ministry of Foreign Affairs immediately effect service on Sony Corporation of the Summons and Complaint pursuant to the mandatory procedures of Article 5 subsection (a) of the Hague Convention. Given the irregularities of the Ministry of Foreign Affairs' handling of the Request Form, we reserve the right to take all appropriate action to move the case against Sony Corporation forward in the United States District Court for the Central District of California.

Please do not hesitate to call or email me should you have any questions. We look forward to your written response. Thank you for your prompt attention to this matter.

Respectfully,

Elliot B. Gipson

EBG:mjt
Enclosures:    June 9, 2010 Letter
               Returned Request Form

**CONSULATE GENERAL OF JAPAN**
350 SOUTH GRAND AVENUE, SUITE 1700
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 617-6700

June 9, 2010

Elliot B. Gipson
Gipson Hoffman & Pancione
1901 Avenue of the Starts, Suite 1100
Los Angeles, California 90067

Dear Mr. Gipson:

Enclosed herewith please find judicial documents concerning Sony Corporation.

The Secretariat of the Supreme Court of Japan requested our office to return the documents to you since the service of the documents did not go into effect because of the following reason:

> Although the addressee had been notified that, by April 13, either to appear in person at the court to receive the service documents or to make the request for having them mailed, there was no response from the addressee by the said date.

If you have any questions regarding this matter, please contact the Ministry of Foreign Affairs of Japan directly.

Sincerely,

豊田守史

Yasushi Toyoda
Vice Consul
Consular Division

2/10

How to proceed:

# REQUEST FOR SERVICE ABROAD
# OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
Commercial Matters, signed at The Hague, the 15th of November 1965

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| Elliot B. Gipson<br>Attorney at Law<br>Gipson Hoffman & Pancione<br>1901 Avenue of the Stars<br>Suite 1100<br>Los Angeles, CA 90067<br>U.S.A. | Ministry of Foreign Affairs,<br>2-2-1 Kasumigaseki Chiyoda-ku<br>Tokyo 100-8919 Japan |

The undersigned applicant has the honour to transmit – in duplicate – the documents listed below and, in
conformity with Article 5 of the above-mentioned Convention, requests prompt service of one copy thereof
on the addressee, i.e.

(identity and address):
Sony Corporation
7-1, Konan, 1-chome
Minato-Ku
Tokyo 108-0-075 Japan

[X] (a)  in accordance with the provisions of sub-paragraph (a) of the first paragraph of Article 5 of the
Convention.*

[ ] (b)  in accordance with the following particular method (sub-paragraph (b) of the first paragraph of
Article 5):*



[ ] (c)  by delivery to the addressee, if the addressee accepts it voluntarily (second paragraph of
Article 5).*

The authority is requested to return or to have returned to the applicant a copy of the documents
- and of the annexes * -   with a certificate as provided on the next page.

List of documents

Summons; Complaint; Civil Case Cover Sheet; Notice of Assignment to United
States Magistrate Judge for Discovery; Clerk of Court's Brochure; Notice to
Counsel; Civility and Professionalism Guidelines; Japanese Translations

Done at Los Angeles, CA  , the 2nd of February, 2010

Signature and/or stamp



## CERTIFICATE

The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,

1) *  that the document has been served

   - the (date)

   - at (place, street, number)

   - in one of the following methods authorised by Article 5:

   [ ] (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of Article 5 of the Convention.*

   [ ] (b) in accordance with the following particular method:*

   [ ] (c) by delivery to the addressee, who accepted it voluntarily.*

The documents referred to in the request have been delivered to:

   - (identity and description of person)

   - relationship to the addressee (family, business or other):

2) *  that the document has not been served, by reason of the following facts:

名あて人に対して、4月5日までに当当所に出頭して「送達すべき文書」を受領するか、又は、当該文書の
送付を希望する旨の申出をするよう催告したが、上記の日までに何ら連絡がなかったため。

In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay
or reimburse the expenses detailed in the attached statement. *

-- ANNEXES --

Documents returned:
   送達すべき文書
   文書受領の催告書写し

In appropriate cases, documents establishing the service:

Done at　東京都　　　　　　, the　2010. 4. 15

Signature and/or stamp

東京都地方裁判所民事第24部
裁判所書記官　梅　澤　功



## SUMMARY OF THE DOCUMENT TO BE SERVED

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965

(Article 5, fourth paragraph)

**Identité et adresse du destinataire /** *Identity and address of the addressee /* -----:

```
Sony Corporation
7-1, Konan, 1-chome
Minato-Ku
Tokyo 108-0-075 Japan
```

### IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES «ELEMENTS ESSENTIELS DE L'ACTE» VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MEME DU DOCUMENT. IL PEUT ETRE NECESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITE D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITES D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE PEUVENT ETRE ADRESSEES A :

### IMPORTANT

*THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.*

*IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.*

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

---

Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'Etat d'origine de l'acte. Les blancs pourraient être remplis soit dans la langue de l'Etat où le document doit être adressé, soit en langue française, soit en langue anglaise.

*It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the documents is to be sent, or in English or French.*

Name and address of the requesting authority:

Elliot B. Gipson, Attorney at Law
Gipson Hoffman & Pancione
1901 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067

Particulars of the parties: *

See Attachment

JUDICIAL DOCUMENT  **

Nature and purpose of the document:

This is a Summons and complaint in a Civil Action, listed as case number CV10-0038 GAF (SHx). These documents commence a civil lawsuit against Defendant Sony Corporation in the United States District Court, Central District of California.

Nature and purpose of the proceeding and, where appropriate, the amount in dispute:

Civil Action for Misappropriation of Trade Secrets, Unfair Competition, Copyright Infringement and Civil Conspiracy; Damages: $2,257,175,000.00 USD

Date and place for entering appearance: **

Defendant  Sony Corporation has twenty-one (21) days from service of the Summons and Complaint to file its answer with the United States District Court, Central District of California. The United States District Court is located at Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012.  The District Judge assigned to this case is the Honorable Gary A. Feess, whose courtroom is located in room 740 of the Roybal Federal Building.

Time limits stated in the document: **

Defendant Sony Corporation has twenty - one (21) days from service of the complaint to file its answer with the United States Court, Central District of California.

<u>Plaintiffs</u>

| 1. | CYBERsitter, LLC, a California limited liability company, d/b/a Solid Oak Software<br>1209 De La Vina Street<br>Santa Barbara, CA 93101 |
|----|----|

<u>Defendants</u>

| 1. | People's Republic of China<br>Ministry of Justice<br>Department of Judicial Assistance and Foreign Affairs<br>Division of Judicial Assistance<br>10, Chaoyangmen Nandajie, Chaoyang District<br>Beijing<br>P.C. 100020<br>China |
|----|----|
| 2. | Beijing Dazheng Human Language Technology Academy Ltd.<br>Wei Di Technology Building, 7th Floor<br>No. 8, South Blvd., Zhongguan Cun<br>Haidian District<br>Beijing 10008-1 China |
| 3. | Zhengzhou Jinhui Computer System Engineering Ltd.<br>No. 68 Shi Wei Hua Road<br>Zhengzhou<br>Henan 45000-1 China |
| 4. | Haier Group Corporation<br>No. 1 Haier Road, Hi-tech Zone<br>Qingdao<br>Shandong 26610-1 China |
| 5. | Lenovo Group Limited<br>23/F, Lincoln House, Taikoo Place<br>979 King's Road.<br>Quarry Bay, Hong Kong |
| 6. | Sony Corporation<br>7-1, Konan, 1-chome<br>Minato-ku<br>Tokyo 108-0-075 Japan |
| 7. | Toshiba Corporation<br>1-1, Shibaura, 1-chome,<br>Minato-ku<br>Tokyo 105-8-001 Japan |
| 8. | ACER Incorporated<br>8F, 88, Sec. 1, Hsin Tai Wu Road<br>Hsichih<br>Taipei, 221, Taiwan |
| 9. | ASUSTeK Computer Inc.<br>150 Li-Te Road<br>Peitou<br>Taipei City, 112, Taiwan |
| 10. | BenQ Corporation<br>16 Jihu Road,<br>Neihu<br>Taipei, 114, Taiwan |