EXHIBIT J
TO DECLARATION OF ELLIOT B. GIPSON

LAW OFFICES
# GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION
1901 AVENUE OF THE STARS
SUITE 1100
LOS ANGELES, CALIFORNIA 90067-6002
(310) 556-4660
FAX (310) 556-8945

| WRITER'S DIRECT DIAL NUMBER: | WRITER'S DIRECT INTERNET E-MAIL: | OUR FILE NO.: |
|---|---|---|
| (310) 557-8830 | EGipson@ghplaw.com | 4444-1 |

June 24, 2010

**VIA FEDERAL EXPRESS**

Ministry of Foreign Affairs
2-2-1 Kasumigaseki
Chiyoda-ku
Tokyo 100-8919 Japan

Re: **Service of Toshiba Corporation;
U.S. District Court Central District of California – Western Division
Case No. CV10—0038 GAF (SHx)**

To Whom It May Concern:

I am sending you this letter in reference to the May 20, 2010 letter I received from the Consulate General of Japan in Los Angeles, California, and my subsequent telephone calls with the Consulate General's office concerning the service on Toshiba Corporation of the Summons and Complaint in the above-referenced case through the procedures mandated by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), to which Japan is a signatory. We write to formally request an explanation of the numerous irregularities in Japan's handling of the service of these documents and its apparent failure to follow the procedures mandated by the Hague Convention in this instance. We also request that the Ministry of Foreign Affairs immediately effect service on Toshiba Corporation of the Summons and Complaint pursuant to the mandatory procedures set forth in Article 5 subsection (a) of the Hague Convention.

### Service through the Hague Convention

On February 2, 2010, I sent the Ministry of Foreign Affairs a packet of documents to serve on Toshiba Corporation in accordance with Article 5 subsection (a) of the Hague Convention. These documents included: the Request for Service Abroad of Judicial or Extrajudicial Documents form (the "Request Form") and the Summons and Complaint (Case No. CV10-0038 GAF (SHx)) along with Japanese Translations of each of these documents. These documents were delivered via Federal Express and certification was made of their delivery.

### May 20, 2010 Letter

I received a response from the Consulate General of Japan dated May 20, 2010. The response included a cover letter which indicated that Japan did not follow the procedures mandated under Article 5 subsection (a). Instead, the letter said that "the service of the

LAW OFFICES
**GIPSON HOFFMAN & PANCIONE**
A PROFESSIONAL CORPORATION

Ministry of Foreign Affairs
June 24, 2010
Page 2

documents did not go into effect because of the following reason: Although the addressee had been notified that, by April 1, either to appear in person at the court to receive the service documents or to make the request for having them mailed, there was no response from the addressee by said date."

### Hague Service Request Form

We requested service through the Request for Service Abroad of Judicial or Extrajudicial Documents form (the "Request Form") via Article 5 subsection (a), which requires service on the addressee by Japanese officials. However, the returned Request Form has our selection for Article 5 subsection (a) service crossed out and instead circled Article 5 subsection (c), which is a method allowing for voluntary service on the part of the addressee. Above subsection (c) on the returned Request Form, someone wrote the phrase "lack of translations." However, the indication that translations are lacking is contradicted by the list of documents on the Request Form, which indicates "Japanese Translations" of the relevant documents, and by the fact that the translation versions of the entirety of the Summons and Complaint (totaling 37 pages of Japanese translations) were returned to us by the Consulate General's office.

Please be advised that the Hague Convention does not allow a signatory to alter the method of service requested. We therefore demand that the Ministry of Foreign Affairs immediately effect service on Toshiba Corporation of the Summons and Complaint pursuant to the mandatory procedures of Article 5 subsection (a) of the Hague Convention. Due to the irregularities in the Ministry of Foreign Affairs' handling of the prior Request Form, we reserve the right to take all appropriate action to move the case against Toshiba Corporation forward in the United States District Court for the Central District of California.

Please do not hesitate to call or email me should you have any questions. We look forward to your written response. Thank you for your prompt attention to this matter.

Respectfully,

Elliot B. Gipson

EBG:mjt
Enclosures:
    May 20, 2010 Letter
    Returned Request Form
    Two copies of New Request Form
    Two copies of Summons
    Two copies of Complaint
    Two copies of Japanese Translations of Summons and Complaint