GIPSON HOFFMAN & PANCIONE
A Professional Corporation
GREGORY A. FAYER (State Bar No. 232303)
GFayer@ghplaw.com
ELLIOT B. GIPSON (State Bar No. 234020)
EGipson@ghplaw.com
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone: (310) 556-4660
Facsimile: (310) 556-8945

Attorneys for Plaintiff
CYBERsitter, LLC d/b/a Solid Oak Software

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company, d/b/a Solid Oak Software, <br><br> Plaintiff, <br><br> v. <br><br> The People's Republic of China, a foreign state; Zhengzhou Jinhui Computer System Engineering Ltd., a Chinese corporation; Beijing Dazheng Human Language Technology Academy Ltd., a Chinese corporation; Sony Corporation, a Japanese corporation; Lenovo Group Limited, a Chinese corporation; Toshiba Corporation, a Japanese corporation; ACER Incorporated, a Taiwanese corporation; ASUSTeK Computer Inc., a Taiwanese corporation; BenQ Corporation, a Taiwanese corporation; Haier Group Corporation, a Chinese corporation; DOES 1-10, inclusive, <br><br> Defendants. | CASE NO. CV 10-00038 JST (SH) <br><br> **SUPPLEMENTAL DECLARATION OF ELLIOT B. GIPSON IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST CHINESE DEFENDANTS** <br><br> Judge: Hon. Josephine Staton Tucker <br> Ctrm: 10A <br><br> Hearing Date: Sept. 13, 2010 <br> Hearing Time: 10:00 a.m. <br><br> Discovery Cutoff: None Set <br> Pretrial Conference: None Set <br> Trial Date: None Set |

SUPPLEMENTAL DECLARATION OF ELLIOT B. GIPSON

## DECLARATION OF ELLIOT B. GIPSON

I, Elliot B. Gipson, declare as follows:

1. I am a member in good standing of the bar of the State of California and I have been admitted to practice in this Court. I am an attorney at the law firm of Gipson Hoffman & Pancione, counsel of record for plaintiff CYBERsitter, LLC d/b/a Solid Oak Software ("CYBERsitter" or "Plaintiff"). Except as otherwise stated, I have personal knowledge of the facts set forth herein, and, if called upon as a witness, I could and would competently testify thereto.

### Initial Service Attempts on Chinese Entities

2. On or about January 22, 2010, I sent the Ministry of Justice of the People's Republic of China (the "PRC"), Department of Judicial Assistance and Foreign Affairs, Division of Judicial Assistance, packets of documents to serve on the PRC. A true and correct copy of the documents I requested be served on the PRC is attached as **Exhibit N**.

3. On or about January 22, 2010, I sent the Ministry of Justice of the PRC, Department of Judicial Assistance and Foreign Affairs, Division of Judicial Assistance, packets of documents to serve on Zhengzhou Jinhui Computer System Engineering Ltd. ("Jinhui") pursuant to Article 5, subsection (a) of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), to which the PRC is a signatory. A true and correct copy of the documents I requested be served on Jinhui is attached as **Exhibit O**.

4. On or about January 22, 2010, I sent the Ministry of Justice of the PRC, Department of Judicial Assistance and Foreign Affairs, Division of Judicial Assistance, packets of documents to serve on Beijing Dazheng Human Language Technology Academy Ltd. ("Dazheng") pursuant to Article 5, subsection (a) of the Hague Convention. A true and correct copy of the documents I requested be served on Dazheng is attached as **Exhibit P**.

5. On or about January 22, 2010, I sent the Ministry of Justice of the PRC, Department of Judicial Assistance and Foreign Affairs, Division of Judicial Assistance, packets of documents to serve on Lenovo Group Limited ("Lenovo") pursuant to Article 5, subsection (a) of the Hague Convention. A true and correct copy of the documents I requested be served on Lenovo is attached as **Exhibit Q**.

6. On or about January 22, 2010, I sent the Ministry of Justice of the PRC, Department of Judicial Assistance and Foreign Affairs, Division of Judicial Assistance, packets of documents to serve on Haier Group Corporation ("Haier") pursuant to Article 5, subsection (a) of the Hague Convention. A true and correct copy of the documents I requested be served on Haier is attached as **Exhibit R**.

7. Attached hereto as **Exhibit S** are true and correct copies of the blank certificates of service for the PRC, Jinhui, Dazheng, Lenovo and Haier, respectively, which were simply returned to Plaintiff by the PRC as they were sent without being filled out.

8. While the PRC simply returned Plaintiff's entire packet of service materials, including the certificates of service, the service documents themselves and the checks for effecting service, Japan's initial refusal of Plaintiff's request for service of Sony and Toshiba included filled-out certificates listing the perceived defects, which Plaintiff was then able to work out with the Japanese authorities and the Japanese authorities then proceeded to effect service pursuant to the original requests. Attached hereto as **Exhibit T** are true and correct copies of the certificates of service for Sony and Toshiba as initially returned by Japan, and their respective English translations (translations not included in the original).

### Update Regarding Service Attempt on PRC

9. On or about August 24, 2010, Mr. Jeffrey Allsteadt, Assistant Deputy in Charge of the Clerk's Office – Southern Division of the U.S.D.C. Central District of California, informed me via telephone that he had forwarded two copies each of the Complaint, Summons, Notice of Suit, and translations of each into simplified Chinese

2
SUPPLEMENTAL DECLARATION OF ELLIOT B. GIPSON

(together, the "PRC Documents"), as well as my declaration stating why this manner of service was necessary, to the U.S. State Department for service on the PRC pursuant to 28 U.S.C. §1608(a)(4). These documents were sent to the U.S. State Department via overnight FedEx and delivery was confirmed. A true and correct copy of this delivery confirmation is attached as **Exhibit U**.

10. On or about August 25, 2010, I sent a letter to Mr. Bill Fritzlen of the U.S. State Department, enclosing a check for $2,275 made payable to U.S. Embassy Beijing for service of the PRC Documents on the PRC. These documents were sent to the U.S. State Department via overnight FedEx and delivery was confirmed. A true and correct copy of this delivery confirmation is attached as **Exhibit V**.

11. On or about August 27, I spoke with Mr. Bill Fritzlen via telephone. He confirmed that he had received the PRC Documents and the check for $2,275. Mr. Fritzlen further confirmed that everything was in order and that the State Department would forward the PRC documents to the U.S. Embassy Beijing the week of August 30, 2010. He estimated that it would take two to three weeks to receive a return certificate back from the U.S. Embassy Beijing indicating that the PRC had been served.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on August 30, 2010, at Los Angeles, California.

_____
Elliot B. Gipson