UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 10-38-JST (SHx)                      Date: November 18, 2010
Title: CYBERsitter, LLC v. The People's Republic of China, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                      Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING MOTION TO DISMISS FOR FORUM NON CONVENIENS (DOC. 49)**

## I. INTRODUCTION

Plaintiff CYBERsitter, LLC d/b/a Solid Oak Software ("Solid Oak") filed suit against the People's Republic of China ("PRC") et al. for misappropriation of trade secrets and copyright infringement for allegedly copying nearly 3,000 lines of code from Solid Oak's software program "CYBERsitter" and disseminating it to tens of millions of end users in China. (First Amended Complaint ("FAC"), Doc. 56, ¶ 1.) Defendant Sony Corporation, joined by Defendants Acer, Inc., BenQ Corporation, and ASUSTeK Computer, Inc. ("Taiwanese Defendants"),[1] moves to dismiss the action on the grounds of forum non conveniens because California is an inconvenient forum and the dispute should be heard in China. (Sony's Not. of Mot., Doc. 49, at 1.) Solid Oak filed an opposition (Doc. 59), and Sony replied (Doc. 72). Having reviewed the briefs and taken the matter under submission, the Court DENIES Sony's Motion to Dismiss for Forum Non Conveniens.

---

[1] Solid Oak objects to and moves to strike the Taiwanese Defendants' joinder in the Motion because they failed to meet and confer with Solid Oak per Local Rule 7-3. (Pl.'s Obj. & Mot. to Str. at 2.) Local Rule 7-3 applies to "counsel contemplating the filing of any motion," not counsel joining a motion. C.D. Cal. R. 7-3. Because Sony filed the Motion following a conference of counsel pursuant to Local Rule 7-3, the Taiwanese Defendants' joinder in the Motion is proper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-38-JST (SHx)                                                     Date:  November 18, 2010
Title:  CYBERsitter, LLC v. The People's Republic of China, et al.

## II. BACKGROUND

Solid Oak is a software company based in Santa Barbara, California.  (FAC ¶ 27.)  Solid Oak developed and marketed an Internet content-filtering program known as "CYBERsitter," which was designed to help parents protect children from viewing inappropriate content on the Internet.  (*Id.*)  CYBERsitter operates by using a proprietary, encrypted code of Internet-content filters.  (*Id.* ¶ 28.)  CYBERsitter was the first commercially-available Internet filter, and Solid Oak has continuously published the program for over 14 years.  (*Id.* ¶ 27.)  Solid Oak sells CYBERsitter on the company's website, www.cybersitter.com, for $39.95 per copy.  (*Id.*)  There are over 2.4 million active CYBERsitter users worldwide.  (*Id.*)

Green Dam Youth Escort ("Green Dam") is an Internet content-filtering program that was developed by Chinese Defendants Zhengzhou Jinhui Computer System Engineering Ltd. ("Jinhui") and Beijing Dazheng Human Language Technology Academy Ltd. ("Dazheng") with financial support from the PRC.  (*Id.* ¶ 30.)  A June 2009 report conducted by researchers at the University of Michigan ("Michigan Report") concluded that Green Dam copied verbatim portions of CYBERsitter, including its proprietary content filters.  (*Id.* ¶ 40.)  The Michigan Report also found that Green Dam contained two CYBERsitter announcements, dated May 4, 2004, and May 10, 2004.  (*Id.* ¶ 41.)   The first announcement appearing in Green Dam's code read: "CYBERsitter Version 8 released.  This is a free upgrade and is available at: http://www.getcybersitter.com."  (*Id.*)  The second announcement warned CYBERsitter users of the dangers of spyware.  (*Id.*)  The Michigan Report concluded that Green Dam contained 2,972 lines of code identical to CYBERsitter code.  (*Id.* ¶ 42.)  Testing of subsequent versions of Green Dam showed that the program continues to contain CYBERsitter's proprietary code.  (*Id.* ¶ 43.)

In 2008, the PRC paid Jinhui and Dazheng $6.9 million for a one-year license to distribute Green Dam.  (*Id.* ¶ 33.)  Pursuant to this license, the PRC made Green Dam available for free downloading on the Internet.  (*Id.* ¶ 34.)  Jinhui and Dazheng also made Green Dam available for download from their websites.  (*Id.*)

On February 1, 2009, the PRC expanded an existing program known as the Rural Subsidy Program ("the Program") to include home computers made by certain designated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 10-38-JST (SHx) | Date: November 18, 2010 |
| Title: CYBERsitter, LLC v. The People's Republic of China, et al. | |

suppliers. (*Id.* ¶ 35.) The PRC required that computers sold in the Program have Green Dam installed on them or be accompanied by a disk containing the Green Dam software. (*Id.*) The Taiwanese Defendants, and Lenovo Group Ltd. and Haier Group Corporation, who are not party to this Motion, manufactured and supplied computers under the Program pursuant to distributor contracts with Green Dam's developers Jinhui and Dazheng. (*Id.* ¶¶ 35, 50.) Other computer manufacturers, such as Toshiba Corporation[2] and Defendant Sony, also distributed computers containing Green Dam in China pursuant to distributor contracts with Jinhui and Dazheng. (*Id.* ¶¶ 35, 50.)

In May 2009, the PRC mandated that by July 1, 2009, every computer shipped to or sold in China have the Green Dam software pre-installed on or packaged with the computer, and that every computer in every primary and secondary school in China have Green Dam installed. (*Id.* ¶ 36.) As of June 8, 2009, the PRC reported that from March 2009 through early June 2009, over 53 million personal computers had been sold in China with Green Dam and more than 2,000 schools in China had installed Green Dam on more than half a million computers. (*Id.* ¶ 44.) As of early June 2009, three million copies of Green Dam had been downloaded from the Internet. (*Id.* ¶ 44.)

On June 15, 2009, Solid Oak sent cease and desist letters to Defendants Sony, Lenovo, Acer, ASUSTek, and BenQ giving notice of the ongoing infringements concerning Green Dam. (*Id.* ¶ 55.) On June 30, 2009, the day before the PRC's above-mentioned mandate was to take effect, the PRC announced it was delaying the mandate. (*Id.* ¶ 38.) On August 12, 2009, the PRC stated it would not reinstate the mandate. (*Id.*) According to press reports, most or all of the Defendant computer manufacturers ceased distributing Green Dam by September 2009.

On January 5, 2010, Solid Oak filed suit against Acer, ASUSTek, BenQ, Haier, the PRC, Jinhui, Dazheng, Sony, Toshiba, and Lenovo alleging (1) misappropriation of trade secrets in violation of California Civil Code § 3426.1; (2) unfair competition in violation of California Business and Professions Code §§ 17200 et seq. and 18 U.S.C. §§ 1831, 1832; (3) copyright infringement in violation of the United States Copyright Act and Chinese, Japanese, and Taiwanese copyright law; and (4) civil conspiracy. (FAC ¶¶

---

[2] Solid Oak originally named Toshiba as a defendant, but has since dismissed the company from the case. (Doc. 58.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 10-38-JST (SHx) | Date: November 18, 2010 |

Title: CYBERsitter, LLC v. The People's Republic of China, et al.

57-131.) Solid Oak asserts that Defendants have all willingly participated in a common scheme to proliferate Green Dam throughout China. (*Id.* ¶¶ 49-54.)

On September 13, 2010, Sony filed a Motion to Dismiss for Forum Non Conveniens arguing that China provides an adequate alternative forum and the balance of the public and private equities favor litigation in China because (1) the events alleged took place in China; (2) the action arises under Chinese, Taiwanese, and Japanese law; (3) the dispute arises out of a mandate issued by the PRC; (4) the PRC has a significant interest in the lawsuit; (5) the relevant witnesses and documents are located in China; and (6) all of the Defendants are located outside the United States. (Sony's Not. of Mot. at 1.) The Taiwanese Defendants joined the Motion. (Docs. 50, 53, 55.) Solid Oak opposed the Motion, arguing that China is not an adequate alternative forum and the equities, especially that Solid Oak has filed suit in its home forum, weigh against dismissal. (Pl.'s Opp., Doc. 59, at 1-4.) [3]

### III. LEGAL STANDARD

"[T]he federal doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad." *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994). "A district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001). In exercising this discretion, the Court examines: "(1) whether an adequate alternative forums exists, and (2) whether the balance of private and public interest factors favor dismissal." *Id.* The burden of proof in a forum non conveniens motion rests with the defendants. *Id.* at 1143.

---

[3] With its Opposition, Solid Oak filed a Request for Judicial Notice of (1) Sony's intellectual property registrations in the United States, (2) the Taiwanese Defendants' intellectual property registrations in the United States, (3) two reports issued by the Office of the United States Trade Representative, (4) an October 8, 2010 New York Times article, and (5) certain facts regarding Sony's corporate structure. (Req. for Jud. Not., Doc. 64.) Because this information is irrelevant to the present Motion, the Court rejects this request. *See* Fed. R. Evid. 201; *Metro. Creditors' Trust v. Pricewaterhousecoopers, LLP*, 463 F. Supp. 2d 1193, 1197 (E.D. Wash. 2006) ("The Court will . . . take judicial notice only of those facts appearing in the submitted documents that are both undisputed and *relevant* to the issues presented in the motion . . . .") (emphasis added).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-38-JST (SHx)                                Date:  November 18, 2010

Title:  CYBERsitter, LLC v. The People's Republic of China, et al.

"[T]he standard to be applied [to a motion for dismissal on the ground of forum non conveniens] is whether . . . defendants have made a clear showing of facts which . . . establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience . . . ." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000) (quoting *Cheng v. Boeing Co.*, 708 F.2d 1406, 1410 (9th Cir. 1983)); *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981).

## IV.  DISCUSSION

"Forum non conveniens is an exceptional tool to be employed sparingly, not a doctrine that compels plaintiffs to choose the optimal forum for their claim." *Boston Telecomm.,* 588 F.3d at 206 (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002)).  "[T]he plaintiff's choice of forum is entitled to deference." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1177 (9th Cir. 2006).  "A party seeking dismissal of an action on forum non conveniens grounds 'must show two things: (1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal.'"  *Id.* (quoting *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009)).

"Ordinarily, a plaintiff's choice of forum will not be disturbed unless the 'private interest' and the 'public interest' factors strongly favor trial in a foreign country." *Lueck*, 236 F.3d at 1145 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)); *see Boston Telecomm.*, 588 F.3d at 1207 ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 114-35 (9th Cir. 1984))).  Dismissal is appropriate only "when trial in the chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience . . . .'" *Piper Aircraft*, 454 U.S. at 241.

### A. Adequate Alternative Forum

Sony "bears the burden of demonstrating that an alternative forum exists and that it is adequate." *Tuazon*, 433 F.3d at 1178 (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 n. 22 (9th Cir. 2000)).  "An alternative forum ordinarily exists when defendants are amenable to service of process in the foreign forum." *Dole Food*, 303 F.3d at 1118 (citing *Lueck*, 236 F.3d at 1143).  "[A] foreign forum will be deemed

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 10-38-JST (SHx) | Date: November 18, 2010 |
| Title: CYBERsitter, LLC v. The People's Republic of China, et al. | |

adequate unless it offers no practical remedy for the plaintiff's complained of wrong." *Lueck*, 236 F.3d at 1144.

Sony asserts that China provides an adequate alternative forum for this matter because the country possesses an independent judiciary capable of adjudicating civil disputes of this nature. (Sony's Mot. at 11-12.) Because this case involves copyright infringement, Sony highlights the fact that China is a signatory to both the Berne Convention for the Protection of Literary and Artistic Works and the Agreement on Trade Related Aspects of Intellectual Property Rights ("TRIPS")." (*Id.* at 13.) Sony also argues that, because Solid Oak seeks protection and relief under Chinese copyright law, Solid Oak has acknowledged that the Chinese legal system provides adequate remedies for their claim. Sony and the Taiwanese Defendants also stipulate to jurisdiction in China and agree to toll the applicable statute of limitations as of January 5, 2010. (*Id.*; *see* Acer Joinder, Doc. 50, at 2; BenQ Joinder, Doc. 53, at 8; ASUSTek Joinder, Doc. 55, at 2 n.1)

In support of its Motion, Sony submits a declaration from Jacque deLisle, a professor of political science and director of the Center for East Asian Studies at the University of Pennsylvania.[4] (deLisle Decl., Doc. 51.) Delisle asserts that Chinese law comprehensively protects intellectual property rights and would provide adequate remedies for Solid Oak's claims. (*Id.* ¶¶ 13-21.) Delisle cites specific Chinese laws that protect foreign parties' copyrights and trade secrets, and outlines the civil adjudicative process that Solid Oak would face if trial were to be held in China. (Id. ¶¶ 31-39.) Deslisle further asserts that a fair trial would occur regardless of the fact that the PRC is a named Defendant. (*Id.* ¶¶ 60-61, 72-74.)

---

[4] Solid Oak objects to deLisle's Declaration because it does not comply with Local Rules 11-3.1.1 and 11-3.6 requiring double-spaced typeface and 14-point font. (Pl.'s Objs., Doc. 65, at 2.) Because the Court maintains authority to review submitted documents regardless of their compliance with the local rules, the objection is overruled. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). Solid Oak also specifically objects to footnote 62 of deLisle's Declaration on relevance and foundation grounds. (*Id.*) Because neither Sony's Motion nor the Court's Order rely on footnote 62, the objection is overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 10-38-JST (SHx)                        Date: November 18, 2010
Title: CYBERsitter, LLC v. The People's Republic of China, et al.

In opposition, Solid Oak argues that it could not receive a fair hearing in China because the PRC is a named defendant and the Chinese courts are subject to undue influence by non-judicial government authorities. (Pl.'s Opp. at 7-8.) Solid Oak further argues that it would be unable to obtain adequate counsel in China and would be subject to retaliation from the PRC if trial were held there. (*Id.* at 10-11.) Solid Oak bases most of these arguments on a declaration submitted by Donald C. Clarke, a professor of law at the George Washington University Law School.[5] (Clarke Decl., Doc. 63.) Clarke generally asserts that China would not provide an adequate forum for Solid Oak's claims because "[w]hen the government of China wishes to control the outcome of a judicial proceeding, it may easily do so." (*Id.* ¶ 11.) This is because "[m]eaningful judicial independence does not exist in China" and "political authorities are capable of interfering in any lawsuit in which they may take an interest." (*Id.* ¶ 13.) In Clarke's view, this stems from the fact that "[t]he Chinese government has traditionally treated the legal system as a device for the maintenance of social order, not for the protection of rights." (*Id.* ¶ 32.)

Clarke's declaration, and therefore Solid Oak's concerns, are speculative and fail to convince the Court that China would not provide an adequate alternative forum. Further, the Supreme Court has recently ruled that China provides an adequate alternative forum for American litigants. *See Sinochem Int'l. Co., Ltd. v. Malaysia Int'l. Shipping Co.*, 549 U.S. 422, 435-36 (2007) (dismissing case on forum non conveniens grounds in favor of trial in China where plaintiff was a California corporation). Although Sony cites no Chinese law that would govern Solid Oak's claim for civil conspiracy, based on Sony's and the Taiwanese Defendants' willingness to submit to jurisdiction in China and Solid Oak's assertion of claims for relief under Chinese copyright law, the Court finds that China would provide Solid Oak with some practical remedy and therefore qualifies

---

[5] Sony untimely filed objections to twelve (12) specific statements in Clarke's Declaration that allegedly lacked foundation or were speculative. (Sony's Objs., Doc. 77, at 13-17.) *See* C.D. Cal. 7-10 ("A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence.") The Court need not consider untimely filed objections. *See Elliot v. Spherion Pac. Work, LLC*, 368 Fed. App'x. 761, 762-763 (9th Cir. 2010) (holding that the district court did not abuse its discretion in refusing to consider evidentiary objections filed in violation of the timing requirements of Rule 7 of the Local Rules of the Central District of California). Moreover, the result would not be different if the Court considered the objections, as the Court's Order neither cites to nor relies on the twelve statements Sony seeks to strike.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-38-JST (SHx)                                                      Date:  November 18, 2010

Title:  CYBERsitter, LLC v. The People's Republic of China, et al.

an adequate alternative forum for this matter.  *Lueck*, 236 F.3d at 1143 ("[It] is only in 'rare circumstances . . . where the remedy provided by the alternative forum . . . is so clearly inadequate or unsatisfactory, that it is no remedy at all . . . .'")

### B.  Private Factors

The Court weighs seven private interest factors in a forum non conveniens inquiry:

> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Boston Telecomm.*, 588 F.3d at 1206-07 (citing *Lueck*, 236 F.3d at 1145) (internal quotation marks and citations omitted).  "In applying these factors, 'the district court should look to any or all of the above factors which are relevant to the case before it, giving appropriate weight to each.'"  *Tuazon*, 433 F.3d at 1180 (quoting *Lueck*, 236 F.3d at 1145).

   1.  <u>Residence of Parties and Witnesses and Forum's Convenience to Litigants (Factors 1 and 2)</u>

"[W]here the plaintiff is a United States citizen, the defendant must satisfy a heavy burden of proof" because a "plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum."  *Lueck*, 236 F.3d at 1143 (quoting *Piper Aircraft*, 454 U.S. at 256).   Here, Solid Oak is a California company bringing suit in its home forum, a fact which garners deference from the Court.  Sony is a Japanese corporation, and the Taiwanese Defendants are Taiwanese corporations.  None of the parties to this Motion is a resident of China.  Thus, in terms of both residency and convenience, Sony fails to show why defending this matter in the Central District of California would "establish . . . oppressiveness and vexation to" it or any other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 10-38-JST (SHx) | Date: November 18, 2010 |
| Title: CYBERsitter, LLC v. The People's Republic of China, et al. | |

Defendant, nor why China provides a more suitable alternative considering no party to this Motion resides there. *Piper Aircraft*, 454 U.S. at 241.

    2. <u>Access to Physical Evidence and Other Sources of Proof (Factor 3)</u>

Sony argues that dismissal is appropriate because the Defendants' witnesses (allegedly 15 – 20 witnesses per Defendant) and much of the physical evidence for this case are located outside of the United States. (Sony's Mot. at 21-23.) In terms of witnesses, Sony asserts that certain third-party witnesses, such as independent retailers and wholesalers who distributed Sony's computers or representatives from the PRC who issued the Green Dam mandate, "are outside the subpoena power of this Court, and thus cannot be compelled to testify in the United States." (*Id.* at 22.) In terms of physical evidence, Sony argues all of the evidence concerning the distribution and sale of its computers and the creation, development, and licensing of Green Dam is located in China, and the only relevant evidence located in the United States pertains to Solid Oak's ownership of the CYBERsitter software. (*Id.* at 23-24.)

In opposition, Solid Oak asserts that its primary expert witness, Dr. Halderman from the University of Michigan, and most of the important physical evidence for the case are located in the United States. (Pl.'s Opp. at 20.) Solid Oak further argues that all potentially-relevant physical evidence located outside the United States is in the possession, custody, or control of Defendants or their agents, and therefore subject to discovery before the Court. (*Id.*)

The Court finds Sony's arguments unavailing. First, Sony fails to identify specific (1) witnesses that would potentially testify at trial or (2) physical evidence that it and other Defendants would rely on. Sony disingenuously asserts in its Reply that it has identified "specific categories of witnesses" in a declaration submitted with its Motion. (Sony's Reply at 16; *see* Hagiwara Decl. ¶¶ 8-12.) Takashi Hagiwara's declaration merely states that "none of Sony China's employees, officers, or directors reside in the United States" and that "all [Vaio & Mobile China] employees and executives who possess any documents or information concerning the Green Dam program . . . reside in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. CV 10-38-JST (SHx) | Date: November 18, 2010 |
| Title: CYBERsitter, LLC v. The People's Republic of China, et al. | |

China." (Hagiwara Decl. ¶¶ 8, 12.) It does not identify any "categories" of potential witnesses.[6]

Second, and more importantly, even if Sony had identified specific witnesses or evidence, it does not describe "the materiality and importance of the anticipated . . . witnesses' testimony" or evidence. *Boston Telecomm.*, 588 F.3d at 1209 (quoting *Lueck*, 236 F.3d at 1146). Thus, assuming that Sony's unidentified witnesses and evidence were outside the subpoena power of this Court, Sony provides no reasons as to why this would prejudice their defense. "A defendant need not specify in great detail the contents of each witness's testimony, but 'must provide enough information to enable the District Court to balance the parties' interests.'" *Id.* at 1210 (quoting *Piper Aircraft*, 454 U.S. at 258).

Regardless of the fact that Sony did not provide the "materiality and importance" of its potential witnesses and physical evidence, Sony admits that its own witnesses and evidence are indeed within the subpoena power of the Court, (Sony's Reply at 13,) or at a minimum subject to the Hague Convention on Taking Evidence Abroad. (Sony's Mot. at 22.) Likewise, "[t]his is a case in which witnesses are scattered around the globe" and "whether the case is tried in [China] or California, [the] parties will likely be forced to depend on deposition testimony in lieu of live testimony for at least some witnesses." *Boston Telecomm.*, 588 F.3d at 1210. Because of this, Sony has failed to show that trial in the United States would create a barrier to evidence, which weighs in Solid Oak's favor.

    3.   <u>Unwilling Witnesses and Costs of Bringing Witnesses to Trial (Factors 4 and 5)</u>

Sony does not identify any witnesses who would be unwilling to testify at trial in the United States. This favors retaining trial in the United States.

In terms of costs of bringing witnesses to trial, Sony argues that "it would be extremely costly and burdensome for representatives of [Sony] to travel to the United

---

[6] Joining Defendant BenQ filed a declaration from Tony CT Yang that identified specific categories of witnesses. (Yang Decl., Doc. 53-2., ¶ 16.) Yang's declaration does not remedy Sony's inadequate showing, however, because it also fails to identify the materiality or importance of such witnesses' testimony.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-38-JST (SHx)                                                  Date:  November 18, 2010

Title:  CYBERsitter, LLC v. The People's Republic of China, et al.

States to this lawsuit."  (Sony's Mot. at 22.)  Sony cites the (1) long flight to California from China, Taiwan, or Japan, (2) the fact that witnesses will have to obtain visas, and (3) the cost of airfare, meals, lodging, and English translators.  (*Id.*)  Sony argues that this burden and expense far outweighs the burden which Solid Oak would incur if the trial were to be held in China.  (*Id.* at 23.)

These arguments fail, however, because Sony again has not identified (1) which witnesses it, or any other Defendant, would rely on at trial, especially those that would need to travel to the United States to present live testimony, or (2) the substance of such witnesses' testimony and why it is material to the case.  *See supra* Part IV.B.2.  Furthermore, "the cost of transporting friendly witnesses would be generally the same for [each] part[y], whether the trial took place in California or China."  *Mintel Learning Tech., Inc. v. Beijing Kaidi Educ. & Tech. Dev. Co., Ltd.*, No. C06-7541, 2007 WL 2403395, at *10 (N.D. Cal. Aug. 20, 2007).  Even if Sony did show that Defendants incurred more in international travel expenses by transporting witnesses to California than Solid Oak would transporting witnesses to China, this still would not amount to "oppressiveness and vexation" to Sony "out of all proportion to [Solid Oak's] convenience."  *Piper Aircraft*, 454 at 241.  Because Sony fails to provide persuasive evidence regarding unwilling witnesses or the costs of bringing witnesses to trial in the United States, both factors weigh against dismissal.

4.  Enforceability of Judgment and Other Practical Problems (Factors 6 and 7)

Sony does not address the enforceability of the judgment factor in arguing for dismissal.  Sony does argue, however, that Defendants would suffer prejudice if the case were to remain in the United States.  (Sony's Mot. at 24.)  In making this argument, Sony fails to provide any new support, but merely recycles the conclusory claims presented earlier in the Motion that it (1) could not present evidence through live witness testimony or (2) obtain "critical documentary and testimonial evidence."  (*Id.*)  As outlined above, these arguments, even if substantiated, fail to "establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience . . . ."  *Piper Aircraft*, 454 U.S. at 241; *see supra* Parts IV.B.2, 3.  As do the five preceding factors, these two considerations weigh against dismissal as well.

C.  **Public Interest Factors**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. CV 10-38-JST (SHx)                                          Date: November 18, 2010

Title: CYBERsitter, LLC v. The People's Republic of China, et al.

      In addition to the private interest factors, the Court must consider five public interest factors: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." *Tuazon*, 433 F.3d at 1181. Each of these factors weighs in favor of retaining trial in the Central District of California.

      First, although Sony claims that the Court has only a "nominal interest" in this case, this district and other districts throughout the country have held that "the United States . . . has an interest in the protection of its certificate of registration for copyright." *Intercontinental Dictionary Series v. De Gruyter*, 822 F. Supp. 662, 680 (C.D. Cal. 1993); *see Hayes Bicycle Grp., Inc. v. Muchachos Intern. Co., Ltd.*, No. 06-CV-1305, 2008 WL 4830570 at *4 (E.D. Wis. Oct. 31, 2008) ("[T]his district and the United States have a strong interest in protecting their citizens' intellectual property from poaching by foreign entities."); *World Film Servs. v. RAI Radiotelevisione Italiana S.p.A.*, No. 97 Civ. 8627, 1999 WL 47206, at *9 (S.D.N.Y. Jan. 28, 1999) ("It is well-settled that the United States has an interest in protecting the intellectual property rights of its citizens."). Because Solid Oak's principal place of business is in the Central District of California and it alleges harms committed by foreign defendants, this Court has a particular interest in adjudicating the matter. *See Integral Dev. Corp. v. Weissenbach*, 122 Cal. Rptr. 2d 24, 36 (Ct. App. 2002) ("The enactment of the Uniform Trade Secrets Act in California indicates a strong legislative intent to protect California residents against the misappropriation of their trade secrets."). Whether China has an interest in the matter does not affect the inquiry because "we ask only if there is an identifiable local interest in the controversy, not whether another forum also has an interest." *Boston Telecomm.*, 588 F.3d at 1212.

      Second, Solid Oak bases four of its seven claims on California and federal law whereas only one claim is based on the law of China. Further, although Solid Oak brings claims for Chinese, Japanese, and Taiwanese copyright infringement, federal district courts regularly interpret and apply foreign laws, including Chinese and Japanese copyright laws. *See Splitfish AG v. Bannco Corp.*, No. 1:10cv297, 2010 WL 2928510, at *4-5 (E.D. Va. July 22, 2010) (applying Chinese copyright law); *Toho Co., Ltd. v. Priority Records, LLC*, No. CV01-04744, 2002 WL 33840993, at *5 (C.D. Cal. Mar. 27, 2002) (applying Japanese copyright law). Moreover, "the need to apply foreign law . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 10-38-JST (SHx)                      Date:  November 18, 2010
Title:  CYBERsitter, LLC v. The People's Republic of China, et al.

is not alone sufficient to warrant dismissal when a balancing of all relevant factors shows that the plaintiff's chosen forum is appropriate." *Piper Aircraft*, 454 U.S. at 260 n. 29.

       Finally, although Sony argues that this action will impose a substantial burden on this Court due to the "extensive translation of documents and testimony" that would be required, (Sony's Mot. at 16,) Sony again fails to provide any support for this assertion by identifying (1) which documents and testimony will need to be translated or (2) why such task will be overly burdensome on this Court compared to a court in China, which presumably would need to translate documents and testimony as well.  Sony also does not argue that congestion in the Court or the costs of resolving a dispute unrelated to a particular forum favor dismissal.  Thus, the Court assumes that neither of these support dismissal.

       Taken as a whole, the private and public interest factors do not strongly favor trial in a foreign country; thus, the Court will not disturb Solid Oak's choice of forum.  *Lueck*, 236 F.3d at 1145.

**V. CONCLUSION**

       For the reasons stated above, the Court DENIES Sony's Motion to Dismiss for Forum Non Conenviens.

                                           Initials of Preparer:  enm