1
2
3
4
5
6
7

GIPSON HOFFMAN & PANCIONE
A Professional Corporation
GREGORY A. FAYER (State Bar No. 232303)
GFayer@ghplaw.com
ELLIOT B. GIPSON (State Bar No. 234020)
EGipson@ghplaw.com
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone: (310) 556-4660
Facsimile:  (310) 556-8945

Attorneys for Plaintiff
CYBERsitter, LLC d/b/a Solid Oak Software

8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

11
12
13
14
15
16
17
18
19
20
21
22
23
24

CYBERsitter, LLC, a California limited liability company, d/b/a Solid Oak Software,

       Plaintiff,

   v.

The People's Republic of China, a foreign state; Zhengzhou Jinhui Computer System Engineering Ltd., a Chinese corporation; Beijing Dazheng Human Language Technology Academy Ltd., a Chinese corporation; Sony Corporation, a Japanese corporation; Lenovo Group Limited, a Chinese corporation; Toshiba Corporation, a Japanese corporation; ACER Incorporated, a Taiwanese corporation; ASUSTeK Computer Inc., a Taiwanese corporation; BenQ Corporation, a Taiwanese corporation; Haier Group Corporation, a Chinese corporation; DOES 1-10, inclusive,

       Defendants.

CASE NO. CV 10-00038 JST(SHx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT PEOPLE'S REPUBLIC OF CHINA**

**FED. R. CIV. P. 55**

Judge:  Hon. Josephine Staton Tucker
Ctrm:   10A

Hearing Date:        Jan. 10, 2011
Hearing Time:        10:00 a.m.

Discovery Cutoff:    Dec. 2, 2011
Pretrial Conference: Feb. 27, 2012
Trial Date:          March 27, 2012

25
26
27
28

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff CYBERsitter, LLC d/b/a Solid Oak Software ("Plaintiff") submits this memorandum of points and authorities in support of its motion for entry of default against defendant People's Republic of China ("PRC").

## I.   INTRODUCTION

Plaintiff served the PRC pursuant to the procedures set forth in the Foreign Sovereign Immunities Act, 28 U.S.C. § 1330, *et seq*. ("FSIA").  According to the proof of service filed with the Court by the U.S. Department of State on November 12, 2010, service of defendant PRC was completed on September 27, 2010.  The PRC's response date was thus November 26, 2010.  Fed. R. Civ. P. 12(a)(1)(A)(ii).  The PRC failed to answer or otherwise respond to the Complaint by that date.  Accordingly, entry of default as to the PRC is appropriate and Plaintiff respectfully requests that the PRC's default be entered by this Court.

## II.   FACTUAL BACKGROUND

Plaintiff filed this action on January 5, 2010, asserting that the Defendants herein knowingly misappropriated Plaintiff's intellectual property, resulting in violations of various U.S. federal and state laws, as well as violations of the copyright laws of China, Taiwan, and Japan.  In particular, Plaintiff alleges that the PRC and two Chinese software developers (*viz.*, defendants Jinhui and Dazheng) stole approximately 3,000 lines of code from Plaintiff's parental control software program, CYBERsitter, and incorporated it into a Chinese censorware program known as Green Dam Youth Escort ("Green Dam"), which was then illegally copied and distributed by the PRC and the other Defendants herein to over 50 million end users.

Plaintiff served the PRC pursuant to the procedures set forth in the FSIA.  According to the proof of service filed with the Court by the U.S. Department of State on November 12, 2010, service of defendant PRC was completed on September 27, 2010.  Accordingly, the PRC's response date was November 26, 2010.  Fed. R. Civ. P.

GIPSON HOFFMAN & PANGIONE
A PROFESSIONAL CORPORATION

1

12(a)(1)(A)(ii).  The PRC failed to answer or otherwise respond to the Complaint by the response date (and has not responded to date).

Plaintiff initiated the re-service of the four other Chinese defendants (*viz.*, Lenovo, Haier, Jinhui and Dazheng) on October 18, 2010, pursuant to the Hague Service Convention and in accordance with the Court's September 15, 2010 Order. Plaintiff has not yet received a response to its latest attempts to serve the four other Chinese defendants.  Each of the other Defendants named in this action has appeared and answered the Complaint.

## III.   LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. §55(a).  Default procedures are intended to ensure "that litigants who are vigorously pursuing their cases are not hindered by those who are not in an environment of limited judicial resources."  *Swaim v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996).

## IV.   ARGUMENT

Service of defendant PRC is to be effected pursuant to the procedures prescribed by the Foreign Sovereign Immunities Act.  *See* 28 U.S.C. § 1608(a) (setting forth a four-step procedure for attempting to effect service on a foreign sovereign that must be taken before taking the default of a foreign government).  The first step under the FSIA involves voluntary service by special arrangement on the foreign government; if there is no special arrangement (as there is none with China), the second step involves attempting service under the Hague Convention; the third step involves sending a request to accept service to the Chinese Ministry of Foreign Affairs; and (after a statutory 30-day waiting period) the fourth step involves a process whereby the State Department serves the foreign sovereign.  28 U.S.C. § 1608(a). As

GIPSON HOFFMAN & PANGIONE
A PROFESSIONAL CORPORATION

MEMORANDUM ISO MOTION FOR ENTRY OF DEFAULT AGAINST PRC

1   explained in the Gipson Declaration, Plaintiff has complied with each of these four

2   steps.  Gipson Decl. at ¶¶ 4-8.

3        According to the proof of service filed with the Court by the U.S. Department

4   of State on November 12, 2010, service of defendant PRC was completed on

5   September 27, 2010.  The PRC's response date was thus November 26, 2010.

6        On November 29, 2010, the Chinese Embassy filed a letter with the Court

7   objecting to the lawsuit.  However, as discussed at the Scheduling Conference on

8   December 6, 2010, the letter does not qualify as a response to the Complaint in

9   accordance with the Federal Rules.  It is neither an answer to the Complaint, nor a

10  Rule 12 motion.

11       Accordingly, because the PRC failed to respond to the Complaint by the

12  response date, entry of default against the PRC is appropriate at this time.[1]

13       Finally, Plaintiff notes that in order to obtain a default judgment (in addition to

14  entry of default), a plaintiff must submit evidence sufficient to satisfy the Court as to

15  the amount of the damages.  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915,

16  917-18 (9th Cir. 1987) (affirming entry of default judgment); *see also Roberts v.*

17  *Heim*, 184 B.R. 814, 817 (N.D. Cal. 1995) ("[E]ntry of default [is] a condition

18  precedent to the entry of a default judgment.").  In addition, the FSIA provides that no

19  "judgment by default" may be entered against a foreign state "unless the claimant

20  establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C.

21  § 1608(e); *see also Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004)

22  (stating that this provision effectively requires a plaintiff "to make out a prima facie

23  case" against the foreign sovereign before a default judgment may be entered).

24  Following entry of default, Plaintiff intends to move for a default judgment against the

25

26       [1] In addition, the Ninth Circuit has expressly adopted a "substantial compliance
    test for the FSIA."  *Straub v. A P Green, Inc.*, 38 F.3d 448, 453 (9th Cir. 1994)
27  (emphasis added).  Under this test, service under the FSIA will be deemed effective
    even in the face of certain technical defects if the foreign sovereign receives "actual
28  notice of the lawsuit."  *Id.* at 454.  Under the "substantial compliance" test, there can
    be no doubt that the PRC has received "actual notice of the lawsuit," as is clear from
    the PRC's letter objecting to the lawsuit.

3

GIPSON HOFFMAN & PANGIONE
A PROFESSIONAL CORPORATION

PRC and offer evidence showing a prima facie case for its claims and right to relief as to the PRC, including, *inter alia*: evidence of the copying of key elements of the CYBERsitter program into the Green Dam program, admissions by the PRC regarding the distribution of Green Dam to over 50 million end users, and Plaintiff's entitlement to damages.

**V.     CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that the Court order entry of default against the PRC.

DATED:  December 13, 2010          GIPSON HOFFMAN & PANCIONE
                                   A Professional Corporation
                                   GREGORY A. FAYER
                                   ELLIOT B. GIPSON


                                   By___/s/  Gregory A. Fayer_____
                                        GREGORY A. FAYER
                                   Attorneys for Plaintiff CYBERsitter, LLC
                                   d/b/a Solid Oak Software

MEMORANDUM ISO MOTION FOR ENTRY OF DEFAULT AGAINST PRC

04444\00001\193844.1