GIPSON HOFFMAN & PANCIONE
A Professional Corporation
GREGORY A. FAYER (State Bar No. 232303)
GFayer@ghplaw.com
ELLIOT B. GIPSON (State Bar No. 234020)
EGipson@ghplaw.com
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone: (310) 556-4660
Facsimile:  (310) 556-8945

Attorneys for Plaintiff
CYBERsitter, LLC d/b/a Solid Oak Software

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company, d/b/a Solid Oak Software,<br><br>Plaintiff,<br><br>v.<br><br>The People's Republic of China, a foreign state; Zhengzhou Jinhui Computer System Engineering Ltd., a Chinese corporation; Beijing Dazheng Human Language Technology Academy Ltd., a Chinese corporation; Sony Corporation, a Japanese corporation; Lenovo Group Limited, a Chinese corporation; Toshiba Corporation, a Japanese corporation; ACER Incorporated, a Taiwanese corporation; ASUSTeK Computer Inc., a Taiwanese corporation; BenQ Corporation, a Taiwanese corporation; Haier Group Corporation, a Chinese corporation; DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV 10-00038 JST (SH)<br><br>**DECLARATION OF ELLIOT B. GIPSON IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT PEOPLE'S REPUBLIC OF CHINA**<br><br>Judge: Hon. Josephine Staton Tucker<br>Ctrm:   10A<br><br>Hearing Date:   Jan. 10, 2011<br>Hearing Time:   10:00 a.m.<br><br>Discovery Cutoff:   Dec. 2, 2011<br>Pretrial Conference: Feb. 27, 2012<br>Trial Date:   March 27, 2012 |

DECLARATION OF ELLIOT B. GIPSON

04444\00001\193855.2

# DECLARATION OF ELLIOT B. GIPSON

I, Elliot B. Gipson, declare as follows:

1. I am a member in good standing of the bar of the State of California and I have been admitted to practice in this Court. I am an attorney at the law firm of Gipson Hoffman & Pancione, counsel of record for plaintiff CYBERsitter, LLC d/b/a Solid Oak Software ("CYBERsitter" or "Plaintiff"). Except as otherwise stated, I have personal knowledge of the facts set forth herein, and, if called upon as a witness, I could and would competently testify thereto.

## Initial Service Attempts on Chinese Entities

2. On or about January 22, 2010, I sent the Ministry of Justice of the People's Republic of China (the "PRC"), Department of Judicial Assistance and Foreign Affairs, Division of Judicial Assistance, packets of documents to serve on the PRC pursuant to Article 5, subsection (a) of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), to which the PRC is a signatory. These documents included: the Request for Service Abroad of Judicial or Extrajudicial Documents form (the "Request Form") and the Summons and Complaint along with Chinese Translations of each of the Summons and Complaint. Plaintiff also included the Civil Case Cover Sheet, Notice of Assignment to United States Magistrate Judge for Discovery, Clerk of Court's brochure, Notice to Counsel, and Civility and Professionalism Guidelines. These documents were sent via FedEx and certification of their delivery was returned.

3. On or about July 19, 2010, the PRC sent back each of the documents described above, along with a separate cover letter describing the reason for the PRC's refusal to service the documents. A true and correct copy of the cover letter the Ministry of Justice sent regarding its reasons for rejecting Plaintiff's service request on the PRC was attached as Exhibit A to my previous declaration submitted in support of Plaintiff's initial request for entry of default. Court Docket No. 37.

**Other Service Attempts on PRC**

4. The following paragraph is stated upon information and belief. The Foreign Sovereign Immunities Act ("FSIA") dictates the service requirements upon a foreign sovereign. The FSIA requires that a litigant proceed through a sequential number of steps n order to attempt to effectuate service. There are four steps. 28 U.S.C. § 1608. Each step must be exhausted before attempting the next step. *Id*.

5. Plaintiff could not effect service under 28 U.S.C. §1608(a)(1). 28 U.S.C. § 1608(a)(1) allows for service "by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." However, no such special arrangement exists between Plaintiff and Defendant the People's Republic of China (the "PRC" or "Defendant PRC").

6. Plaintiff therefore attempted service of the Summons and Complaint on Defendant PRC pursuant to 28 U.S.C. 1608(a)(2). 28 U.S.C. §1608 (a)(2) states that "if no special arrangement exists," service can be effectuated "by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents." Upon information and belief, Defendant PRC is a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). On or about January 22, 2010, I sent the Ministry of Justice of the People's Republic of China, Department of Judicial Assistance and Foreign Affairs, Division of Judicial Assistance, packets of documents to serve on the PRC pursuant to Article, 5 subsection (a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Service Convention"). These documents included: the Request for Service Abroad of Judicial or Extrajudicial Documents form (the "Request Form") and the Summons and Complaint along with Simplified Chinese Translations of each of the Summons and Complaint. These documents were sent via Federal Express and certification of their delivery was returned. On or about

2
DECLARATION OF ELLIOT B. GIPSON

04444\00001\193855.2

1 July 12, 2010, Defendant PRC returned the documents with a cover letter which refused service on the grounds that, "The execution of this request would infringe the sovereignty or security of the People's Republic of China." Court Docket No. 37.

7. Plaintiff could not effectuate service under 28 U.S.C. §1608(a)(3). 28 U.S.C. §1608(3) states that "if service cannot be made under paragraphs (1) or (2)" service can be effectuated "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." However, on information and belief, Defendant PRC objected to service by mail under Article 10(a) in its accession to the Hague Service Convention and therefore cannot be served pursuant to 28 U.S.C. §1608(a)(3).

8. On August 13, 2010, Plaintiff therefore requested that the Clerk of Court forward two copies each of the Complaint, Summons, Notice of Suit, and translations of each into simplified Chinese, to the State Department to effectuate service under 28 U.S.C. §1608(a)(4). *See* Court Docket No. 31 (Letter to Terri Nafisi). 28 U.S.C. §1608(a)(4) states that "if service cannot be made within 30 days under paragraph(3)," service can be effectuated "by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services - and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted."

### Service on PRC

9. On information and belief, the U.S. Department of State served the PRC on September 27, 2010 under cover of diplomatic note No. 1353 delivered to the

3
DECLARATION OF ELLIOT B. GIPSON

04444\00001\193855.2

1  PRC's Foreign Ministry. The U.S. Department of State filed a letter with the Court
2  on November 12, 2010, indicating that such service had been effectuated on the PRC.
3  Court Docket No. 87 (Proof of Service from the Department of State).
4      10.   The PRC's response was due sixty (60) days after service, on November
5  26, 2010. Fed. R. Civ. P. 12(a)(1)(A)(ii).
6      11.   To my knowledge, the PRC did not file an answer or motion to dismiss
7  with the Court.
8      I declare under penalty of perjury under the laws of the United States of
9  America and the State of California that the foregoing is true and correct. Executed
10  on December 13, 2010, at Los Angeles, California.

_____
Elliot B. Gipson

4
DECLARATION OF ELLIOT B. GIPSON