GIPSON HOFFMAN & PANCIONE
A Professional Corporation
GREGORY A. FAYER (State Bar No. 232303)
GFayer@ghplaw.com
ELLIOT B. GIPSON (State Bar No. 234020)
EGipson@ghplaw.com
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone: (310) 556-4660
Facsimile:  (310) 556-8945

Attorneys for Plaintiff
CYBERsitter, LLC d/b/a Solid Oak Software

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company, d/b/a Solid Oak Software,<br><br>Plaintiff,<br><br>v.<br><br>The People's Republic of China, a foreign state; Zhengzhou Jinhui Computer System Engineering Ltd., a Chinese corporation; Beijing Dazheng Human Language Technology Academy Ltd., a Chinese corporation; Sony Corporation, a Japanese corporation; Lenovo Group Limited, a Chinese corporation; Toshiba Corporation, a Japanese corporation; ACER Incorporated, a Taiwanese corporation; ASUSTeK Computer Inc., a Taiwanese corporation; BenQ Corporation, a Taiwanese corporation; Haier Group Corporation, a Chinese corporation; DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV 10-00038 JST(SHx)<br><br>**DISCOVERY MATTER**<br><br>**PROTECTIVE ORDER**<br><br>Magistrate Judge: Hon. Stephen J. Hillman<br>Ctrm:    550 (Roybal Building)<br><br>Discovery Cutoff:    Dec. 2, 2011<br>Motion Cutoff:        Jan. 23, 2012<br>Pretrial Conference: Feb. 27, 2012<br>Trial Date:              Mar. 27, 2012<br><br>[Joint Stipulation of [Proposed] Protective Order lodged concurrently herewith] |

**PROTECTIVE ORDER**

04444\00001\215170.1

# PROTECTIVE ORDER

Plaintiff CYBERsitter, LLC d/b/a Solid Oak Software, ("Plaintiff"), and defendants Sony Corporation ("Sony"), ACER Incorporated ("Acer"), ASUSTeK Computer Inc. ("Asus") and BenQ Corporation ("BenQ") (collectively, "Defendants") are parties to the above-captioned litigation (hereinafter, the "Action").  Plaintiff and each of the Defendants are referred to herein as a "Party" and, collectively, as the "Parties."

The Parties believe that they will or may be required to produce or disclose in this Action, and that nonparties may produce or disclose, information that is trade secret, proprietary, confidential and/or is of a competitively sensitive nature and that, if disclosed in this Action without restriction on its use or further disclosure, may cause disadvantage, harm, damage and loss to the disclosing Party or to the disclosing nonparty.

In particular, without prejudice to any Party's right to object to or resist disclosure of such categories of information on relevance or any other grounds, the Parties currently anticipate that categories of such trade secret, proprietary, confidential and/or private or competitively sensitive documents and other information that may be disclosed in discovery by certain Parties and/or by nonparties will or may include, for example:

(a)  Confidential information regarding the identities of a Party's suppliers, distributors, or present or prospective customers;

(b)  Confidential technical and financial information and financial data that is not known generally to the trade or to competitors, including financial data relating to marketing, sales, cost and profit information;

(c)  The specific terms of agreements with, and information received from, third parties that a Party is required to disclose only under conditions of confidentiality;

(d)  Business plans and/or strategic product information that are not known generally to the trade or to competitors, including non-public information relating to

1  marketing and product promotion; and

2      (e)  Personnel files and other private or confidential employment information.

3      WHEREFORE, believing that good cause exists, the Parties have stipulated

4  that, and the Court HEREBY orders, that the following procedures shall be followed

5  in this Action to facilitate the orderly and efficient discovery of relevant information

6  while minimizing the potential for unauthorized disclosure or use of confidential or

7  proprietary information:

8      1.  This protective order shall apply to all information, documents, and

9  things, including electronic files, subject to discovery or otherwise exchanged by the

10 Parties or submitted to the Court in this Action that are owned or controlled by a Party

11 and believed by the Party to contain its trade secrets or other confidential information,

12 including but not limited to confidential research, development, strategic, financial or

13 commercial information, including, without limitation, testimony adduced at

14 depositions upon oral examination or upon written questions, answers to

15 interrogatories, documents and things produced, information obtained from inspection

16 of premises or things, and answers to requests for admission.  The term

17 DESIGNATED MATERIAL shall include all the foregoing and all information,

18 documents, and things derived therefrom, including, but not limited to, copies,

19 summaries, or abstracts thereof.

20     2.  Information may not be designated as subject to any form of protection if

21 it (a) is, or becomes, public knowledge, as shown by publicly available writings, other

22 than through violation of the terms of this document; (b) is acquired by a non-

23 designating Party or non-party witness from a third party lawfully possessing such

24 information and having no obligation to the owner of the information; (c) was

25 lawfully possessed by a non-designating Party or non-party witness prior to the

26 opening of discovery in this proceeding, and for which there is written evidence of the

27 lawful possession; (d) is disclosed by a non-designating Party or non-party witness

28

1  legally compelled to disclose the information; or (e) is disclosed by a non-designating
2  Party with the approval of the designating Party.
3      3.    The Parties shall label or mark documents and things that they deem to be
4  DESIGNATED MATERIALS, at the time of production, with the legend
5  "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (or
6  similar designation) on every page produced or, if the entire document is to be treated
7  as DESIGNATED MATERIALS, on the first page of the document with an indication
8  that the designation applies to the entire document.  In the case of electronic files, the
9  designation may be included: in the file name; in the folder name, if all files in the
10 folder are DESIGNATED MATERIALS; or on the physical medium containing the
11 electronic files if all files contained on the physical medium are DESIGNATED
12 MATERIALS.
13     4.    Prior to disclosure of protected information by any Party or its attorney to
14 any individual not already provided access to such information by the terms of this
15 order, the individual shall be informed of the existence of this order and provided with
16 a copy to read. The individual will then be required to certify in writing that the order
17 has been read and understood and that the terms shall be binding on the individual. No
18 individual shall receive any protected information until the Party or attorney
19 proposing to disclose the information has received the signed certification from the
20 individual. A form for such certification is attached to this order as **Exhibit A**. The
21 Party or attorney receiving the completed form shall retain the original.
22     5.    If any document or information designated DESIGNATED MATERIAL
23 by the Parties hereunder is disclosed, through inadvertence or otherwise, to any person
24 not entitled to receive that document or information, such disclosure shall not result in
25 forfeiture or limitation of the protections of this Order, or remedies for violation of
26 this Order.  Any such recipient shall automatically be bound by this Order and such
27 person:
28

(a) Shall promptly be informed of all the provisions of this Order by the Party who discovers the improper disclosure and asked to return all copies of improperly received DESIGNATED MATERIAL;

(b) Shall be identified immediately to all other Parties; and

(c) Shall be requested to sign a Consent attached as **Exhibit A**, which signed Consent shall be served on the opposing Parties.

6. If, through inadvertence, a person produces any DESIGNATED MATERIALS pursuant to this litigation without marking the information with the appropriate confidentiality label, the producing person may subsequently request that the receiving Party treat previously produced documents, information, or things as DESIGNATED MATERIALS by notifying the receiving Party of the error and sending copies appropriately marked. Upon receipt of such notice, the receiving Party will comply with the request to the extent that the documents, information, or things or contents thereof have not already been disclosed beyond those permitted access in paragraphs 9 and 10 below, and if the documents, information, or things have been disclosed beyond those permitted access in paragraphs 9and 10 below, the receiving Party will use its best efforts to recall any such distributed copies.

7. Parties may designate as DESIGNATED MATERIAL deposition testimony by identifying portions of any transcript (including exhibits) which contain DESIGNATED MATERIAL and making a statement on the record or designating the confidential portions within thirty (30) days after counsel's receipt of the transcript. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL—ATTORNEYS' EYES ONLY"; if no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any DESIGNATED MATERIAL.

8. DESIGNATED MATERIAL shall be used by the Parties solely for the purpose of this litigation, and not for any other purpose, including, but not limited to, use in any business or commercial enterprise.

9. Access to and dissemination of DESIGNATED MATERIAL designated as "CONFIDENTIAL" shall be limited to the following, unless this Court rules that there may be further disclosure:

(a) The Court;

(b) Court personnel, mediators, special masters, discovery referees, and court reporters and videographers recording testimony in this Action and members of the staff of the Court whose functions necessitate access to DESIGNATED MATERIALS;

(c) the Parties and their employees;

(d) Outside counsel of record, including counsel's agents and employees, such as paralegals, legal translators, legal secretaries, legal clerks, shorthand reporters, independent legal translators retained to translate in connection with this Action, independent shorthand reports and videographers retained to record and transcribe testimony in connection with this Action, outside copy venders that are reasonably necessary for maintaining, defending or evaluating this Action, independent data entry or data processing entities retained in connection with this Action, graphics or design consultants retained for purposes of preparing demonstratives or other exhibits for deposition, trial or other court proceedings, and non-technical jury or trial consultants;

(e) the authors, senders, addressees, and copy recipients of such DESIGNATED MATERIAL;

(f) non-party experts or independent consultants engaged by counsel or the Parties to assist in this litigation, provided that prior to any such disclosure each such expert or consultant signs the Written Consent Form in the form attached hereto as **Exhibit A**; and

(g) any other person as to whom the Parties first agree in writing and who signs a Consent in the form attached as **Exhibit A** before being provided with DESIGNATED MATERIAL.

These restrictions may be altered or supplemented only by written stipulation between the Parties filed with and approved by the Court or by order of the Court.

10. Access to and dissemination of DESIGNATED MATERIALS designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to the following, unless the Court rules otherwise:

(a) The Court;

(b) Court personnel, mediators, special masters, discovery referees, and court reporters and videographers recording testimony in this Action and members of the staff of the Court whose functions necessitate access to DESIGNATED MATERIALS;

(c) the Parties' outside attorneys and their staff actively involved in this litigation or supervision of this litigation who are employed by counsel of record in this Action;

(d) the other employees and agents in those law firms whose functions require access to DESIGNATED MATERIALS, such as paralegals, legal translators, legal secretaries, legal clerks, shorthand reporters, independent legal translators retained to translate in connection with this Action, independent shorthand reports and videographers retained to record and transcribe testimony in connection with this Action, outside copy venders that are reasonably necessary for maintaining, defending or evaluating this Action, independent data entry or data processing entities retained in connection with this Action, graphics or design consultants retained for purposes of preparing demonstratives or other exhibits for deposition, trial or other court proceedings, and non-technical jury or trial consultants;

(e) the authors, senders, addressees, and copy recipients of such DESIGNATED MATERIALS;

(f) non-party independent consultants or experts engaged by counsel or the Parties to assist in this litigation, provided that each such consultant or expert has the need to learn the content of such DESIGNATED MATERIALS has signed the

6
**PROTECTIVE ORDER**

Written Consent Form attached at **Exhibit A** hereto before being provided with discovery materials protected by this Order; and

(g) any other person as to whom the Parties first agree in writing and who signs the Written Consent Form attached at **Exhibit A** hereto before being provided with discovery materials protected by this Protective Order.

These restrictions may be altered or supplemented only by written stipulation between the Parties or upon application of any Party, if approved by the Court or by order of the Court.

11. Counsel shall retain all executed Consents, and a copy of any executed Consents shall be provided to all adverse Parties upon order of the Court for good cause shown.

12. Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and may testify concerning all DESIGNATED MATERIALS that he or she wrote or received. Without in any way limiting the generality of the foregoing:

(a) A present director, officer, and/or employee of a producing Party may be examined and may testify concerning all DESIGNATED MATERIALS which have been produced by that Party;

(b) Former directors, officers, agents, consultants and/or employees of a producing Party may be interviewed, examined and may testify concerning all DESIGNATED MATERIALS written or received by the witnesses during the course of their association with the producing Party; and

(c) Non-parties may be examined or testify concerning any document containing DESIGNATED MATERIALS of a producing Party which appears on its face or from other documents or testimony to have been written or received by the non-party as a result of any contract or relationship with the producing Party, or a representative of such producing Party.

13. The Parties shall (a) maintain all DESIGNATED MATERIALS of another Party in a secure place that is reasonably inaccessible to anyone other than those persons authorized under this protective order to receive such information, (b) take reasonable steps to ensure that such information is not disclosed to other persons, and (c) take reasonable steps to secure electronically stored data.

14. In the event that a Party reasonably believes that, due to confidentiality obligations owed to a non-party, it cannot produce certain information in this Action, that Party shall within five (5) business days of discovering such obligation provide written notification to the requesting Party and contact the non-party to request that it be able to produce the information and/or documents pursuant to this Protective Order and its designation as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate. The requesting Party shall then have ten (10) business days from the sending of such notice to the requesting Party to file before the Court in this Action a motion seeking compel disclosure of the information.

15. Non-parties who produce materials in connection with this litigation shall have the right to seek all of the protections available to the Parties under the terms of this Order. Discovery obtained from non-parties may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" as those terms are defined herein by (i) the producing non-parties or (ii) any Party if the information provided by non-parties embodies, contains or reflects the Party's Protected Information. Unless otherwise agreed in writing between counsel for the Parties, documents and information so produced by a non-party shall automatically be deemed to be and shall be treated as CONFIDENTIAL for fourteen [14] business days following their actual receipt by counsel for the Parties, in order to enable counsel to determine whether any protected information is embodied therein.

16. If any DESIGNATED MATERIALS or pleadings or other papers containing DESIGNATED MATERIALS must be filed with the Court in connection with any memorandum, pleadings, or other filings or proceedings herein, the papers

1 shall be submitted to the Court in accordance with Local Rule 79-5. When
2 DESIGNATED MATERIALS are filed with or disclosed in memorandum, pleadings
3 or any other filing in a manner that discloses the DESIGNATED MATERIALS, the
4 memorandum, pleadings or other filings shall be clearly and appropriately marked as
5 DESIGNATED MATERIALS on their face and such filings shall be enclosed in
6 sealed envelopes. These envelopes shall read:

**CONFIDENTIAL [or CONFIDENTIAL—ATTORNEYS' EYES ONLY] INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

*CYBERsitter, LLC v. People's Republic of China, et al.*

*Case No. CV 10-00038 JST(SHx)*

*Central District of California*

17. The Party designating any information as DESIGNATED MATERIALS shall, in the first instance, determine in good faith whether those materials constitute confidential information covered by this Order. The receiving Party may object in good faith to such designation at any time. A failure of any Party to expressly challenge a designation shall not constitute a waiver of the right to assert at a subsequent time that a designation is not in fact confidential or not an appropriate designation for any reason. Upon such objection, the concerned Parties are obligated to negotiate in good faith regarding the designation by the disclosing Party. In the event that the Parties are unable to resolve their dispute informally, then the receiving Party may make a motion before the Court for resolution in accordance with Local Rule 37; provided, however, that the receiving Party shall have the burden of proving that such particular documents or information is not properly designated. At all times during the process of challenging a designation, the Parties shall treat the documents or information as originally designated until a change is agreed to or the motion is decided by the Court and written notice of such decision is served on the Parties.

18. A producing Party's inadvertent disclosure in connection with this action of documents or information that the producing Party believes constitute, contain or

reflect information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, or any other privilege or immunity from discovery ("Privileged Documents") shall in no way prejudice or otherwise constitute a waiver of any privilege or immunity with respect to such Privileged Documents or generally. In the event of an inadvertent disclosure of Privileged Documents, the producing Party may at any time provide notice in writing to the Parties that have received the Privileged Documents directing that all copies of the inadvertently disclosed Privileged Documents be returned to the producing Party and barring the receiving Parties from using those Privileged Documents or any copies of those Privileged Documents in the action or otherwise. The receiving Parties, upon such notice, shall immediately return all copies of those Privileged Documents, or shall destroy and certify in writing the destruction of all copies of those Privileged Documents. The receiving Parties shall not use those Privileged Documents in the action or otherwise, provided, however, that any Party after returning or destroying the copies of Privileged Documents, may move, on reasonable notice, and on grounds other than the inadvertent production of those documents, for an order challenging the designation of those documents as Privileged Documents.

19. Within sixty (60) days after final termination of this Action, either by expiration of the time to appeal or after issuance of the appellate mandate after an appeal, receiving counsel shall return or certify destruction of all DESIGNATED MATERIAL -. Notwithstanding this however, outside counsel of record for the Parties may retain a copy of all Court filings; correspondence; discovery requests and responses; deposition, hearing or trial transcripts; expert reports; attorney work product; and exhibits to any of the foregoing, provided that outside counsel of record continues to treat all DESIGNATED MATERIALS in the manner provided in this Order.

20. This Protective Order shall not be construed as an agreement by the Parties to produce or supply any document, or as a waiver by the Parties of the right to

1 object to the production of any document, or as a waiver of any claim of privilege
2 with regard to the production of any document.

3     21.   Nothing herein shall preclude any Party from applying to the Court for
4 any modification of the terms provided herein, as it may deem appropriate under the
5 circumstances; provided, however, that prior to such application, the Parties involved
6 shall make a good faith effort to resolve the matter by agreement.

7     22.   This Protective Order shall not apply to the introduction of evidence at
8 trial, which procedure shall be subject to further order of the Court. The
9 DESIGNATED MATERIALS shall continue to be treated as designated until there is
10 a ruling by the Court on the procedures for introduction of evidence at trial or an
11 agreement of the Parties. DESIGNATED MATERIALS not introduced as evidence at
12 trial shall maintain such protections and designations after commencement of any trial
13 in this matter. Before the trial begins, the Parties will meet and confer in good faith as
14 part of the pre-trial conference statement process to put into place a procedure for
15 identification of and use of DESIGNATED MATERIALS at trial. Any
16 DESIGNATED MATERIALS designated before trial shall maintain their status
17 through the time of the pretrial conference and meet and confer procedures described
18 above. If the Parties cannot reach agreement on a procedure, any Party may seek
19 appropriate court orders concerning the handling at trial of DESIGNATED
20 MATERIALS.

21     23.   This Court is responsible for the interpretation and enforcement of this
22 Protective Order. All disputes concerning DESIGNATED MATERIALS produced
23 under the protection of this Order shall be resolved by this Court. The Parties shall
24 remain bound by this Order and the Court shall retain jurisdiction to enforce or modify
25 this Protective Order even after the termination of this litigation.

26 / / /
27 / / /
28 / / /

## ORDER

IT IS ORDERED that this Stipulated Protective Order be adopted in *CYBERsitter, LLC v. People's Republic of China, et al.*, Case No. CV 10-00038 JST(SHx).

DATED: March 23, 2011         _____
                              Hon. Stephen J. Hillman
                              United States District Magistrate Judge

The foregoing Stipulated Protective Order is hereby stipulated by and between counsel for the Parties.

DATED: March 22, 2011                GIPSON HOFFMAN & PANCIONE
                                     A Professional Corporation
                                     GREGORY A. FAYER
                                     ELLIOT B. GIPSON


                                     By     /s/ Gregory A. Fayer
                                            GREGORY A. FAYER
                                     Attorneys for Plaintiff CYBERsitter, LLC
                                     d/b/a Solid Oak Software


DATED: March 22, 2011                ORRICK, HERRINGTON & SUTCLIFFE LLP
                                     ALYSSA CARDIS


                                     By     /s/ Alyssa Cardis
                                            ALYSSA CARDIS
                                     Attorneys for Defendant ACER Inc.


DATED: March 22, 2011                TURNER BOYD LLP
                                     KAREN I. BOYD


                                     By     /s/ Karen I. Boyd
                                            KAREN I. BOYD
                                     Attorneys for Defendant ASUSTeK Computer Inc.


DATED: March 22, 2011                WILLENKEN WILSON LOH & LIEB LLP
                                     PAUL J. LOH


                                     By     /s/ Paul J. Loh
                                            PAUL J. LOH
                                     Attorneys for Defendant BenQ Corporation

| | | |
|---|---|---|
| 1 | DATED:  March 22, 2011 | MITCHELL SILBERBERG & KNUPP LLP<br>KARIN G. PAGNANELLI |
| 2 | | MARC E. MAYER |
| 3 | | |
| 4 | | By_____/s/ Marc E. Mayer_____ |
| 5 | | MARC E. MAYER<br>Attorneys for Defendant Sony Corporation |

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

14
**PROTECTIVE ORDER**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company, d/b/a Solid Oak Software,<br><br>Plaintiff,<br><br>v.<br><br>The People's Republic of China, a foreign state; et al.,<br><br>Defendants. | CASE NO. CV 10-00038 JST(SHx)<br><br>**WRITTEN CONSENT FORM CONCERNING DESIGNATED MATERIAL COVERED BY STIPULATION AND PROTECTIVE ORDER**<br><br>Magistrate Judge: Hon. Stephen J. Hillman<br>Ctrm: 550 (Roybal Building)<br><br>Discovery Cutoff: Dec. 2, 2011<br>Pretrial Conference: Feb. 27, 2012<br>Trial Date: Mar. 27, 2012 |

The undersigned hereby acknowledges that (i) (s)he has read the Stipulation and Protective Order dated _____, 2011 in the above-entitled action, (ii) that (s)he understands the terms thereof, (iii) that (s)he agrees to be bound by such terms, and (iv) that (s)he voluntarily submits to the personal jurisdiction of the Central District of California for the purposes of enforcement of the Stipulation and Protective Order and imposition of any sanctions for contempt thereof.

Signature: _____

Name (print): _____

Title: _____

Address:_____

15
**EXHIBIT A**

04444\00001\215170.1