| | |
|---|---|
| 1 | GIPSON HOFFMAN & PANCIONE |
| | A Professional Corporation |
| 2 | GREGORY A. FAYER (State Bar No. 232303) |
| | GFayer@ghplaw.com |
| 3 | ELLIOT B. GIPSON (State Bar No. 234020) |
| | EGipson@ghplaw.com |
| 4 | 1901 Avenue of the Stars, Suite 1100 |
| | Los Angeles, California 90067-6002 |
| 5 | Telephone: (310) 556-4660 |
| | Facsimile:  (310) 556-8945 |
| 6 | |
| 7 | Attorneys for Plaintiff |
| | CYBERsitter, LLC d/b/a Solid Oak Software |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company, d/b/a Solid Oak Software, <br><br>      Plaintiff, <br><br> v. <br><br> The People's Republic of China, a foreign state; Zhengzhou Jinhui Computer System Engineering Ltd., a Chinese corporation; Beijing Dazheng Human Language Technology Academy Ltd., a Chinese corporation; Sony Corporation, a Japanese corporation; Lenovo Group Limited, a Chinese corporation; Toshiba Corporation, a Japanese corporation; ACER Incorporated, a Taiwanese corporation; ASUSTeK Computer Inc., a Taiwanese corporation; BenQ Corporation, a Taiwanese corporation; Haier Group Corporation, a Chinese corporation; DOES 1-10, inclusive, <br><br>      Defendants. | CASE NO. CV 10-00038 JST (SHx) <br><br> **DECLARATION OF ELLIOT B. GIPSON IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT LENOVO GROUP LIMITED** <br><br> Judge: Hon. Josephine Staton Tucker <br> Ctrm:   10A <br><br> Hearing Date:   June 13, 2011 <br> Hearing Time:   10:00 a.m. <br><br> Discovery Cutoff:   Dec. 2, 2011 <br> Pretrial Conference: Feb. 27, 2012 <br> Trial Date:   March 27, 2012 |

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

DECLARATION OF ELLIOT B. GIPSON

04444\00001\221972.2

# DECLARATION OF ELLIOT B. GIPSON

I, Elliot B. Gipson, declare as follows:

1. I am a member in good standing of the bar of the State of California and I have been admitted to practice in this Court. I am an attorney at the law firm of Gipson Hoffman & Pancione, counsel of record for plaintiff CYBERsitter, LLC d/b/a Solid Oak Software ("CYBERsitter" or "Plaintiff"). Except as otherwise stated, I have personal knowledge of the facts set forth herein, and, if called upon as a witness, I could and would competently testify thereto.

## Lenovo's Knowledge of the Suit Prior to Filing

2. On information and belief, on June 15, 2009, Plaintiff sent a cease and desist letter to Lenovo Group Limited ("Lenovo"), informing it of unauthorized copying and incorporation of Plaintiff's software program into Green Dam Youth Escort. On information and belief, Plaintiff never received a response to this initial cease and desist letter from Lenovo.

3. On August 12, 2009, Plaintiff sent Defendant Lenovo a detailed 15-page cease and desist letter, setting forth in detail the factual and legal bases of Plaintiff's claims. A true and correct copy of this cease and desist letter is attached as Exhibit K to the Declaration of Elliot B. Gipson filed in Support of Plaintiff's Motion for Entry of Default Against the Chinese Defendants ("First Gipson Decl."). Court Docket No. 37 (attachment no. 11).

4. Lenovo (and its legal representatives) had extensive communications with Plaintiff regarding Plaintiff's claims in response to Plaintiff's cease and desist letters and draft complaint in the fall of 2009 prior to the initial filing of this action. *Also, see generally* Declaration of Gregory A. Fayer in support of Plaintiff's Motion for Entry of Default Against Chinese Defendants ("Fayer Decl.") at paragraphs 2-6 (Court Docket No. 43).

5. Lenovo responded to Plaintiff's August 12 cease and desist letter on August 18, 2009 by letter from Lenovo's in-house counsel and Vice President of Lenovo's IP division in the U.S., Ephraim Starr. Attached as Exhibit A, is a true and correct copy of Mr. Starr's letter.

6. Following an email exchange between Plaintiff's counsel and Mr. Starr, Plaintiff sent Mr. Starr a privileged settlement letter on September 25, 2009. Over the next couple of months, Plaintiff's counsel engaged in extensive communications with both Mr. Starr and Lenovo's special purpose outside counsel in Los Angeles, Tim Glassett, regarding the nature of Plaintiff's claims against Lenovo and potential resolutions. These communications included an in-person meeting with Mr. Glassett at the offices of Plaintiff's counsel.

7. On September 25, 2009, Plaintiff sent Lenovo a draft of its Complaint.

## Plaintiff's First Attempt to Serve Lenovo through the Hague Service Convention

8. On or about January 22, 2010, I sent the Ministry of Justice of the PRC, Department of Judicial Assistance and Foreign Affairs, Division of Judicial Assistance, packets of documents to serve on Lenovo pursuant to Article 5, subsection (a) of the Hague Convention.

9. On or about July 12, 2010, the PRC sent back a blank certificate of service for Lenovo. In its cover letter, the PRC stated that it would not serve Lenovo because the wording "Republic of China" (referring to Taiwan) was "unacceptable." The PRC letter also suggested that Plaintiff serve Lenovo through the Hong Kong Central Authority and stated that the PRC enjoyed "absolute sovereign immunity." A true and correct copy of this PRC cover letter is attached as Exhibit D to the First Gipson Decl., Court Docket No. 37 (attachment No. 4).

10. On July 28, 2010, the Court issued an Order to Show Cause Re: Dismissal for Lack of Prosecution (the "OSC"). Court Docket No. 25. The OSC

1  invited Plaintiff to request an Entry of Default pursuant to Fed. R. Civ. P. 55(a) within
2  twenty (20) days in order to prevent the dismissal of the action as to the unserved
3  defendants. *Id.* At that time, only Defendants ACER, ASUSTeK, and BenQ had
4  answered the Complaint. Sony and Toshiba had been served, but had not yet
5  answered. The PRC had failed to effect service on Lenovo, Haier Group Corporation
6  ("Haier"), Zhenghzhou Jinhui Computer System Engineering Ltd. ("Jinhui"), and
7  Beijing Dazheng Human Language Technology Academy Ltd. (collectively, the
8  "Chinese Defendants").

9  11. On August 10, 2010, Plaintiff requested that Defendant Lenovo
10 voluntarily accept service and gave notice to Defendant Lenovo of Plaintiff's Motion
11 for Entry of Default Against Chinese Defendants. Plaintiff enclosed a copy of the
12 Complaint, Summons, Order of the Chief Judge Transferring the Case, and attendant
13 simplified Chinese translations of the same along with the cover letter. A true and
14 correct copy of this cover letter is attached as Exhibit B (without enclosures). On
15 August 16, 2010, I sent copies of the same letter and enclosures to Defendant Lenovo
16 via U.S. mail.

17 12. Defendant Lenovo declined to voluntarily accept service of the
18 Complaint.

19 13. In response to the Court's OSC, Plaintiff filed its Motion for Entry of
20 Default Against Chinese Defendants on August 17, 2010. The Court denied Plaintiff's
21 Motion, but granted Plaintiff's alternative request to amend its Complaint to delete
22 reference to a term the PRC found offensive (referring to Taiwan as the Republic of
23 China) in order to give Plaintiff an opportunity to make a renewed attempt to serve the
24 Chinese Defendants as pursuant to the Hague Convention. The Court also instructed
25 Plaintiff to attempt to serve Lenovo through the Hong Kong Central Authority.

26 14. On August 19, 2010 (two days after Plaintiff's motion was filed),
27 Lenovo's counsel contacted Plaintiff's counsel and sent a letter to Plaintiff offering to
28 waive service if Plaintiff would agree to withdraw its motion for default as it pertained

GIPSON HOFFMAN & PANCIONE
A PROFESSIONAL CORPORATION

1  to Lenovo.  Attached as Exhibit C, is a true and correct copy of Lenovo's counsel's
2  letter.  Plaintiff agreed and Lenovo's counsel agreed to draft a stipulation.  However,
3  on the morning of August 23, Lenovo's counsel contacted Plaintiff's counsel and
4  withdrew the offer, citing a miscommunication with 'the powers that be.'

## Plaintiff's Second Attempt to Serve Lenovo through the Hague Service Convention

15.   On or about October 18, 2010, I sent the Government Secretariat of Hong Kong (the "Hong Kong Central Authority"), a packet of documents to serve on Lenovo Group Limited ("Lenovo") pursuant to Article 5, subsection (a) of the Hague Convention.  These documents included an original and one copy of the Request for Service Abroad of Judicial or Extrajudicial Documents, two copies of the Summons, two copies of the First Amended Complaint, and an original and one copy of Chinese translations of the Summons and First Amended Complaint (together, the "FAC Service Documents").  A true and correct copy of the documents I requested be served on Lenovo is attached as Exhibit D.

16.   On or about February 9, 2011, the Hong Kong Central Authority sent the FAC Service Documents back to me, including a blank service certificate.  The cover letter contained a two sentence explanation for the Hong Kong Central Authority's actions signed by Calvin Chan, for the Chief Secretary for Administration.  On information and belief, this letter was also sent to the U.S. District Court for the Central District of California – Southern Division.  The Hong Kong Central Authority's entire response was as follows:

> I refer to your recent request for service of judicial documents on Lenovo Group Limited and regret to inform you that we would not execute your request under Article 13 of the Hague Service Convention 1965 which provides that a State may refuse to comply with a request for service if it

>deems that compliance would infringe its national sovereignty or security. The documents are returned herewith for your disposal.

Attached as Exhibit E, is a true and correct copy of Mr. Chan's February 9, 2011 letter (without enclosures).

17. On or about February 18, 2011, in response to the Hong Kong Central Authority's refusal to serve Lenovo, I emailed Mr. Chan explaining that the Hong Kong Central Authority sent back a blank certificate in violation of Article 6 of the Hague Convention. I further requested that the Hong Kong Central Authority state its reasons for refusing to effectuate service in a completed certificate of service. Attached as Exhibit F, is a true and correct copy of my February 18, 2011 email to Mr. Chan (without enclosures).

18. Mr. Chan did not respond to my February 18, 2011 email at that time.

19. On or about March 7, 2011, I sent Mr. Chan of the Hong Kong Central Authority a follow-up letter which requested that Hong Kong either serve the documents on Lenovo or return a completed certificate of service explaining why service was not effected. In addition to the cover letter, I enclosed a copy of his February 9, 2011 letter and the FAC Service Documents. Attached as Exhibit G, is a true and correct copy of my March 7, 2011 letter to Mr. Chan (without enclosures).

20. On or about March 25, 2011, Mr. Chan of the Hong Kong Central Authority sent me a response. On information and belief, this letter was also sent to the U.S. District Court for the Central District of California – Southern Division. The substance of Hong Kong Central Authority's response was as follows:

>Your request for service of judicial documents was declined under Article 13 of the Convention. A formal reply containing the essential elements of the model certificate annexed to the Convention has been provided to you in our letter dated 9 February 2011. The reasons for our refusal have also been clearly set out therein.

1  Once again, the Hong Kong Central Authority returned the FAC Service Documents.
2  Attached as Exhibit H, is a true and correct copy of Mr. Chan's March 25, 2011 letter
3  (without enclosures).

4      21.    Plaintiff has not received any further correspondence from the Hong
5  Kong Central Authority.

### Plaintiff's Effective Service On The Other Chinese Defendants

8      22.    On information and belief, the other Chinese Defendants were served by
9  the PRC on or about April 18, 2011.  Subsequently, Plaintiff and the Chinese
10 Defendants, except for Lenovo, stipulated to a June 8, 2011 date by which they would
11 respond to the FAC.  Other than the PRC, Lenovo is the lone defendant to refuse to
12 stipulate to entrance into this action and to a response date.

### Plaintiff's April 2011 Request that Lenovo Accept Voluntary Service of FAC

15     23.    On April 26, 2011, Plaintiff requested that Defendant Lenovo voluntarily
16 accept service and gave notice to Defendant Lenovo of Plaintiff's Motion for Entry of
17 Default.  Plaintiff corresponded with Defendant Lenovo through attorney Bethany L.
18 Hengsbach of Sheppard, Mullin, Richter & Hampton LLP, Defendant Lenovo's U.S.
19 counsel.  Plaintiff enclosed a copy of the FAC and Summons along with the cover
20 letter.  Attached as Exhibit I, is a true and correct copy of this cover letter (without
21 enclosures).  On April 26, 2011, I sent copies of the same letter and enclosures to
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /

1. Defendant Lenovo through its attorney via email and U.S. mail. Subsequently, Ms. Hengsbach informed me that Lenovo would not voluntarily appear in the case.

20. On Friday, May 6, 2011, I spoke with Ms. Hengsbach via the telephone. Again, I requested that Lenovo appear voluntarily. I informed her that although it appeared that the PRC had served the Chinese defendants on or about April 18, 2011, the Hong Kong Central Authority had refused to effectuate service based on the grounds of that service purportedly infringed upon its national sovereignty or security. Ms. Hengsbach requested that I email her the Hong Kong Central Authority's response. After the telephone call, I sent Ms. Hengsbach a follow-up email which included the first response from the Hong Kong Central Authority. In that email, I requested that she reconsider her client's position and voluntarily accept service. Attached as Ex. J , is a true and correct copy of my May 6, 2011 email to Ms. Hengsbach (without enclosure).

21. On Tuesday, May 10, 2011, Ms. Hengsbach informed me that Lenovo would not be voluntarily accepting service. Attached as Ex. K , is a true and correct copy of Ms. Hengsbach's May 10, 2011 email to me.

22. Plaintiff has not received any further correspondence from Lenovo or its counsel.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on May 16, 2011, at Los Angeles, California.

_____
Elliot B. Gipson