GIPSON HOFFMAN & PANCIONE
A Professional Corporation
GREGORY A. FAYER (State Bar No. 232303)
GFayer@ghplaw.com
ELLIOT B. GIPSON (State Bar No. 234020)
EGipson@ghplaw.com
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone: (310) 556-4660
Facsimile: (310) 556-8945

Attorneys for Plaintiff
CYBERsitter, LLC d/b/a Solid Oak Software

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company, d/b/a Solid Oak Software,<br><br>Plaintiff,<br><br>v.<br><br>The People's Republic of China, a foreign state; Zhengzhou Jinhui Computer System Engineering Ltd., a Chinese corporation; Beijing Dazheng Human Language Technology Academy Ltd., a Chinese corporation; Sony Corporation, a Japanese corporation; Lenovo Group Limited, a Chinese corporation; Toshiba Corporation, a Japanese corporation; ACER Incorporated, a Taiwanese corporation; ASUSTeK Computer Inc., a Taiwanese corporation; BenQ Corporation, a Taiwanese corporation; Haier Group Corporation, a Chinese corporation; DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV 10-00038 JST(SHx)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT LENOVO GROUP LIMITED**<br><br>**FED. R. CIV. P. 55**<br><br>Judge: Hon. Josephine Staton Tucker<br>Ctrm: 10A<br><br>Hearing Date: June 13, 2011<br>Hearing Time: 10:00 a.m.<br><br>Discovery Cutoff: Dec. 2, 2011<br>Pretrial Conference: Feb. 27, 2012<br>Trial Date: Mar. 27, 2012 |

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff CYBERsitter, LLC d/b/a Solid Oak Software ("CYBERsitter" or "Plaintiff") hereby submits this reply memorandum of points and authorities in support of its renewed motion for entry of default ("Motion") against defendant Lenovo Group Limited ("Lenovo").

## I.   ARGUMENT

Lenovo's arguments in support of its renewed attempt to further delay these proceedings are without merit and should be rejected.  Lenovo concedes that it has had actual knowledge of Plaintiff's claims for nearly two years now (indeed, Lenovo has declined to submit any evidence at all in support of its contentions in its brief).  Despite this knowledge, Lenovo has chosen to stand on the sidelines and delay prosecution of the action.  The time has come for the game-playing to end and for Lenovo to respond to the Complaint.

Lenovo's appeal to constitutional "due process" concerns are misplaced under the circumstances presented here.  Indeed, the Supreme Court language on which Lenovo relies (and which it twice quotes in its brief) expressly states that "[i]n the absence of service of process (or waiver of service by the defendant), a court *ordinarily* may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (emphasis added).  Moreover, Lenovo itself concedes that there are exceptions to the general rule regarding formal service of process, and does not dispute that the service requirement under both the Federal Rules and the Hague Convention is to be interpreted by the courts in light of its "core function" – namely, "to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States,* 517 U.S. 654, 672, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996); *see also Myrtle v. Graham*, 2011 WL 446397 at *2

1  (E.D. La. Feb. 4, 2011) (stating that the "requirement of service under both the Hague
2  Convention and the Federal Rules of Civil Procedure is intended as a notice-giving
3  device") (internal quotations omitted).

4      While Lenovo does not attempt to argue that default is improper in all cases
5  absent actual service of process, Lenovo argues that "Plaintiff must exhaust all
6  reasonable avenues of service under Federal Rules of Civil Procedure 4(f) before
7  seeking an entry of default."  Lenovo Opposition Brief at 2.  Lenovo nevertheless
8  offers no suggestions as to further avenues that Plaintiff ought to pursue before
9  seeking default.  Plaintiff has now made two diligent attempts to serve Lenovo
10 pursuant to the Hague Service Convention, both of which were denied for reasons
11 beyond Plaintiff's control (including, most recently, Hong Kong's frivolous assertion
12 that service of Lenovo somehow violates Hong Kong's sovereign immunity, a claim
13 that Lenovo does not even attempt to defend).[1]

14     Lenovo's attempt to distinguish Plaintiff's cases is unconvincing.  Plaintiff's
15 cases clearly state the standard followed by the federal courts in determining when
16 service should be deemed effective under the Hague Service Convention despite
17 claimed defects in service.  Namely, where a plaintiff has:

18     made a good faith attempt to comply with the Convention, and where the
19     defendant [has] received sufficient notice of the action such that no injustice
20     would result, it is within the Court's discretion to deem service of process
21     properly perfected.

22 *United National Retirement Fund v. Ariela, Inc.*, 643 F.Supp.2d 328, 335 (S.D.N.Y.
23 2008).  As the court stated in *Myrtle*, "[a]lthough the Hague Convention explicitly sets

---

[1] Contrary to Lenovo's insinuations, the PRC's letter rejecting Plaintiff's initial service attempt on Lenovo did not state or even suggest that Plaintiff's first attempt to serve Lenovo through the PRC was improper or defective.  It merely "suggest[ed]" that Plaintiff submit the request "directly" to the Hong Kong authority.  Court Docket No. 37 at Ex. D (Letter from PRC Ministry of Justice).  In fact, the PRC claims that Hong Kong is an inseparable part of the PRC.

forth the procedure that a litigant must follow in order to perfect service abroad, it fails to prescribe the procedure for the forum Court to follow should an element of the procedure fail." 2011 WL 446397 at *2.  Significantly, Lenovo cites no cases applying or supporting any other standard than that stated above.

Contrary to Lenovo's claims, Plaintiff's cases *did not* all involve instances in which service of process had been effected.  In the most recent case of *Myrtle*, for instance, the defendant did not simply claim "technical" defects in service of process, but asserted that it had never in fact been served with process because England's Central Authority had mistakenly served the wrong entity.  2011 WL 446397 at *2. The court rejected the defendant's arguments, holding that any claimed defects were immaterial absent a showing that either the defendant lacked actual knowledge of the proceedings or was materially prejudiced in some way.  *Id.*  The court held that the defendant should be deemed served under the circumstances regardless of whether service of process was ever actually effected.  *Id.*  Notably, the Court did not weigh the defendant's evidence that it had not been served against the prima facie evidence provided by the certificate that it was served, but instead held that absent a showing that the defendant lacked actual knowledge or would suffer unfair prejudice service would be deemed effective.  *Id.*  Defendant's evidence that it had not been served was thus not outweighed, but simply immaterial under the circumstances.

Here, each of the elements prescribed by the federal courts for deeming service effective has been met and exceeded.  Plaintiff has clearly made a good faith attempt to serve Lenovo pursuant to the Convention, Lenovo concedes actual knowledge of the claims at issue here, and Lenovo identifies no prejudice whatsoever that would result from deeming service effective.  (Not only does Lenovo not identify any prejudice in its brief, it has submitted no evidence to support any claim of prejudice that it might otherwise make.)[2]

---

[2] Lenovo argues – without authority – that the Ninth Circuit would not adopt a

## II. CONCLUSION

For the reasons stated above and for each of the additional reasons stated in Plaintiff's opening brief, Plaintiff respectfully requests that the Court order entry of default against Lenovo and order it to respond to the Complaint forthwith.

DATED: May 27, 2011

GIPSON HOFFMAN & PANCIONE
A Professional Corporation
GREGORY A. FAYER
ELLIOT B. GIPSON


By  /s/ Gregory A. Fayer
       GREGORY A. FAYER
Attorneys for Plaintiff CYBERsitter, LLC
d/b/a Solid Oak Software

---

"substantial compliance" standard with respect to service of process under the Hague Convention, even though, as explained in Plaintiff's opening brief, it has explicitly done so with respect to service of process under the Foreign Sovereign Immunities Act, *Straub v. A P Green, Inc.*, 38 F.3d 448, 453 (9th Cir. 1994).