YITAI HU (SBN 248085)
yitai.hu@alston.com
ELIZABETH H. RADER (SBN 184963)
elizabeth.rader@alston.com
**ALSTON & BIRD LLP**
275 Middlefield Road, Suite 150
Menlo Park, CA 94025-4008
Telephone:   650-838-2000
Facsimile:   650-838-2001

CASSANDRA E. HOOKS (SBN 244471)
cassandra.hooks@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone:   213-576-1000
Facsimile:   213-576-1100

Attorneys for Defendant
HAIER GROUP CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CYBERSITTER, LLC, a California limited liability company, d/b/a Solid Oak Software,<br><br>Plaintiff,<br><br>v.<br><br>THE PEOPLE'S REPUBLIC OF CHINA, a foreign state; ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD., a Chinese corporation; BEIJING DAZHENG HUMAN LANGUAGE TECHNOLOGY ACADEMY LTD., a Chinese corporation; SONY CORPORATION, a Japanese Corporation; LENOVO GROUP LIMITED, a Chinese corporation; TOSHIBA CORPORATION, a Japanese corporation; ACER INCORPORATED, a Taiwanese corporation; ASUSTEK COMPUTER, INC., a Taiwanese corporation; BENQ CORPORATION, a | Case No. 10-cv-00038-JST (SH)<br><br>**HAIER GROUP CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO JOIN A NECESSARY INDISPENSABLE PARTY**<br><br>DATE:   July 18, 2011<br>TIME:    10:00 a.m.<br>CTRM:   10A<br>JUDGE:  Josephine Staton Tucker |

1 | Taiwanese corporation; HAIER GROUP CORPORATION, a Chinese corporation; DOES 1-10, inclusive,
2 |
3 |     Defendants.

4     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

5     **PLEASE TAKE NOTICE** that on July 18, 2011 at 10:00 a.m., or as soon

6 thereafter as counsel may be heard by the above-entitled Court, located at West

7 Fourth Street, Courtroom 10A, Santa Ana, CA 92701, Defendant Haier Group

8 Corporation ("HGC") will and hereby does move for an order dismissing the

9 amended complaint against it based upon Federal Rule of Civil Procedure 12(b)(2)

10 for lack of personal jurisdiction, and/or Federal Rule of Civil Procedure 12(b)(7) for

11 failure to join a necessary indispensable party under Rule 19.

12     HGC moves the Court to dismiss the complaint against it for lack of personal

13 jurisdiction because the plaintiff CYBERsitter, LLC ("CYBERsitter") has failed to

14 establish a *prima facie* case of personal jurisdictional over HGC.  Although

15 CYBERsitter alleges that HGC conducts business in this district in its own capacity

16 and through its wholly-owned subsidiary, Am. Compl. ¶¶ 10 & 22, these are bare

17 allegations not supported by any fact allegations and are contradicted by HGC.

18 HGC is a privately-held, Chinese holding company that does not engage in any

19 commercial or business activities anywhere in the world.  HGC has not had any

20 contact with this district or with the State of California, and HGC has no employees

21 and owns no property in California.  HGC directly and indirectly holds stocks in

22 other companies, one of which being the "Haier America" entity identified by

23 CYBERsitter.  However, HGC has no involvement with the operation of Haier

24 America, and therefore any alleged liability of Haier America cannot be attributed to

25 HGC.  In short, there is no basis on which this Court may reasonably exercise

26 personal jurisdiction over HGC.  The complaint against HGC should therefore be

27 dismissed for lack of personal jurisdiction.

28 ///

1  HGC also moves the Court to dismiss the complaint in its entirety for failure to join a necessary and indispensable party – the People's Republic of China ("PRC") government – as required under Rule 19.  As CYBERsitter's complaint makes clear, this entire action arises out of the "Chinese government-led" "Green Dam Initiative" and PRC's directive "mandating … every computer shipped in China must have the Green Dam software pre-installed on or packaged with the computer, Am. Compl. ¶¶ 1 & 35.  Therefore, the PRC is a necessary party because it is expected to have, in its possession, documents and testimonial evidence that may prove, or disprove, Plaintiff's allegations.  However, PRC is immune from this suit under the Foreign Sovereign Immunities Act.  As such, the entire case may not proceed and should be dismissed because a required-entity sovereign is not amenable to suit.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Cuimei Zhang, all judicially noticeable facts, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court prior to or at the time of the hearing regarding this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on May 18, 2011.

DATED:  June 8, 2011                Respectfully submitted,

ALSTON & BIRD LLP


By:  _____/s/ Elizabeth H. Rader_____
       Elizabeth H. Rader
       Attorneys for Defendant
       HAIER GROUP CORPORATION

LEGAL02/32675649v1