Stuart A. Shanus (State Bar No. 188046)
E-mail: sshanus@reedsmith.com
Jinshu Zhang (State Bar No. 166981)
E-mail: jzhang@reedsmith.com
Michael A. Garabed (State Bar No. 223511)
E-mail: mgarabed@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
Telephone: 310.734.5200
Facsimile: 310.734.5299

Christine M. Morgan (State Bar No. 169350)
E-mail: cmorgan@reedsmith.com
REED SMITH LLP
101 Second Street Suite 1800
San Francisco, CA 94105
Telephone: 415.543.8700
Facsimile: 415.391.8269

Attorneys for Defendant
Beijing Dazheng Human Language
Technology Academy Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company d/b/a Solid Oak Software,<br><br>Plaintiff,<br><br>vs.<br><br>The People's Republic of China, a foreign state; Zengzhou Jinhui Computer System Engineering Ltd., a Chinese corporation; Beijing Dazheng Human Language Technology Academy, Ltd., a Chinese corporation; Sony Corporation, a Japanese corporation; Lenovo Group Limited, a Chinese corporation; Toshiba corporation, a Japanese corporation; ACER Incorporated, a Taiwanese corporation; et al.,<br><br>Defendants. | No. CV 10-0038 JST (SHx)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT BEIJING DAZHENG HUMAN LANGUAGE TECHNOLOGY ACADEMY LTD. TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>Date: July 18, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 10A<br><br>Honorable Josephine Staton Tucker |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on July 18, 2011 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10A of the above-entitled court, located at 411 West Fourth Street, Santa Ana, CA 92701, Defendant Beijing Dazheng Human Language Technology Academy Ltd. ("Dazheng") will and hereby does move the Court for an order dismissing Plaintiff's claims against Dazheng pursuant to Federal Rule of Civil Procedure 12(b)(2).

This Motion is made on the grounds that Dazheng has no connection with California that would subject Dazheng to personal jurisdiction in this Court, as articulated more fully in the accompanying memorandum of points and authorities.

This Motion is based on this notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Chen Xiaomeng, all papers and pleadings on file in the action; any reply papers; and any oral argument that the Court may entertain at the hearing on the motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on May 19, 2011.

DATED: June 8, 2011.          REED SMITH LLP

                              By   /s/ Michael A. Garabed
                                 Stuart A. Shanus
                                 Jinshu Zhang
                                 Christine M. Morgan
                                 Michael A. Garabed
                                 Attorneys for Defendant Beijing
                                 Dazheng Human Language Technology
                                 Academy Ltd.

DEFENDANT BEIJING DAZHENG HUMAN LANGUAGE TECHNOLOGY ACADEMY LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ........................................................................................... 1

II.  FACTS ............................................................................................................ 2

III. ARGUMENT .................................................................................................. 4

    A.   Plaintiff Bears The Burden Of Demonstrating Personal Jurisdiction Over Dazheng Exists ....................................................... 4

    B.   Dazheng Is Not Subject To General Jurisdiction Because It Does No Business In California Of Any Kind ........................................ 5

    C.   Dazheng Is Not Subject To Specific Jurisdiction ................................ 7

        1.   Dazheng Did Not Purposely Avail Itself Of The Privilege Of Conducting Business In California ........................................ 7

        2.   Dazheng's Alleged Conduct Does Not Arise Out Of Or Relate To California ............................................................... 9

        3.   The Exercise Of Jurisdiction Over Dazheng In California Would Not Be Reasonable Under The Circumstances ............... 9

IV.  CONCLUSION ............................................................................................ 12

DEFENDANT BEIJING DAZHENG HUMAN LANGUAGE TECHNOLOGY ACADEMY LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# TABLE OF AUTHORITIES

Page

## CASES

*Amini Innovation Corp. v. JS Imports, Inc.*,
  497 F.Supp.2d 1093 (C.D.Cal. 2007) .................................................................. 8

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
  223 F.3d 1082 (9th Cir. 2000) ............................................................................. 7

*Burger King v. Rudzewicz*,
  471 U.S. 462 (1985) ........................................................................................ 5, 7

*Cybersell, Inc. v. Cybersell, Inc.*,
  130 F.3d 414 (9th Cir. 1997) ....................................................................... 1, 6, 8

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001) ............................................................................... 5

*Freedman v. Peck*,
  2010 WL 3749294 (C.D.Cal. 2010) .................................................................... 6

*Gray & Co. v. Firstenberg Machinery Co., Inc.*,
  913 F.2d 758 (9th Cir. 1990) ............................................................................... 7

*Greenbrier Leasing Co., LLC v. Carroll*,
  2006 WL 1643522 (D.Or. 2006) ....................................................................... 11

*Greenspun v. Del E. Webb Corp.*,
  634 F.2d 1204 n.5 (9th Cir. 1980) ....................................................................... 5

*Helicopteros Nacionales de Colombia v. Hall*,
  466 U.S. 408 (1984) ........................................................................................ 4, 5

*Life Alert Emergency Response, Inc. v. Lifealert Security, Inc.*,
  2008 WL 5412431 (C.D. Cal. 2008) ................................................................... 8

*Menken v. Emm*,
  503 F.3d 1050 (9th Cir. 2007) ............................................................................. 5

*Panavision International, L.P. v. Teoppen*,
  141 F.3d 1316 (9th Cir. 1998) ........................................................................... 10

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ......................................................................... 5, 7

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ........................................................................... 5, 7

*Shute v. Carnival Cruise Lines*,
  897 F.2d 377 (9th Cir. 1990), .............................................................................. 6

DEFENDANT BEIJING DAZHENG HUMAN LANGUAGE TECHNOLOGY ACADEMY LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

*Silverlit Toys Manufactory, Ltd. v. Absolute Toy Marketing, Inc.*,
  2007 WL521239 (N. D. Cal. 2007) .................................................................... 9

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) .......................................................................................... 5

**RULES**

Federal Rule of Civil Procedure 12(b)(2) ........................................................ 1, 5, 12

# I.
# **INTRODUCTION**

Defendant Beijing Dazheng Human Language Technology Academy Ltd. ("Dazheng") is a Chinese corporation that does no business in California or the United States. Specifically, Dazheng has no offices or employees in California, is not registered to do business in California, and has never marketed any product – let alone the Green Dam Youth Escort computer program at issue in this lawsuit – to any California resident. Accordingly, Plaintiff's claims against Dazheng should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because personal jurisdiction over Dazheng does not exist.

The mere allegation that Dazheng used Plaintiff's intellectual property to create Green Dam Youth Escort is insufficient to create personal jurisdiction over Dazheng as a matter of law. In fact, because Green Dam Youth Escort was never intended for the California market and never marketed by Dazheng to anyone in California, neither general or specific jurisdiction over Dazheng exists in this Court. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) (holding that a defendant cannot be subject to personal jurisdiction when there is "no evidence that any part of its business (let alone a continuous part of its business) was sought or achieved" in the forum state). To rule otherwise would violate all notions of fair play by requiring a foreign corporation that has never set foot in California to defend a lawsuit regarding a product that was never intended for use in California or marketed in this state.

In short, Plaintiff seeks to litigate claims against Dazheng relating to a software program that was not conceived, developed, marketed, or sold in the United States. Forcing Dazheng to litigate in California would therefore present barriers to evidence so excessive that Dazheng will likely be precluded from mounting a defense.

DEFENDANT BEIJING DAZHENG HUMAN LANGUAGE TECHNOLOGY ACADEMY LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## II.

## FACTS

Dazheng is a Chinese software developer with its offices and employees located entirely in China. [Declaration of Chen Xiaomeng ("Chen Decl.") at ¶ 2.] Dazheng has no offices or employees in the United States and has never advertised or sold any product to any consumers or other end-users in the United States. [*Id.*] Specifically, Dazheng has no physical offices, bank accounts, telephone numbers, websites, servers, employees or registered agents in California or anywhere else in the United States. [*Id.*] Dazheng also does not have any subsidiaries that do business in the United States. [*Id.*]

In 2007, Dazheng participated in the bidding process for an Internet filtering program and was selected due to the capabilities of its preexisting Youth Escort software program. [*Id.* ¶ 12] Defendant Zhengzhou Jinhui Computer System Engineering Ltd. ("Jinhui") also participated in the bidding process and was selected for the image processing technology of its Green Dam software. [*Id.*]

Following these successful bids, certain modules from Dazheng's Youth Escort and certain modules from Jinhui's Green Dam were integrated into one computer program. [*Id.* at ¶ 13.] The integration process took approximately 3-4 months and was completed in China around July 2009. [*Id.* at ¶ 14.] The post-integration product was called "Green Dam Youth Escort." [*Id.*] Dazheng never marketed or sold this program to any consumers in the United States. [*Id.* at ¶ 22.] Specifically, Dazheng's website is entirely in Chinese, intended solely for residents of China, and contains no advertisements or links targeting any consumers or other end-users in California or anywhere else in the United States. [*Id.*]

Among the numerous Dazheng engineers involved in the integration, Messrs. Cao Yanbin, Xiong Wen, Jin Yaohong, Miao Chuanjiang, and Wang Jingcheng are believed to be very knowledgeable about facts relevant to Dazheng's

1  development and integration of the Dazheng software modules into Green Dam
2  Youth Escort. [*Id.* at ¶ 16.] All of these individuals reside in China and none are
3  proficient in English. [*Id.*] Dazheng has not yet had the opportunity to interview
4  all of its employees involved in the integration process or all of the individuals
5  involved in Dazheng's original development of Youth Escort. [*Id.*] Many of these
6  engineers will be able to offer testimony supportive of Dazheng's defenses,
7  including its independent development of Youth Escort. [*Id.*]

        In addition to overseeing the original development of Youth Escort, Mr. Wang Jingcheng oversaw the integration of Dazheng's software modules into Green Dam Youth Escort and was involved in the bidding process that resulted in that program. [*Id.* at ¶ 17.] Mr. Wang is no longer employed by Dazheng and is unwilling to travel to the United States to participate in this case. [*Id.*] Because of the substantial turnover of Dazheng engineers during the development of Youth Escort, Mr. Wang is a particularly important witness for Dazheng, as he is the best and primary source of institutional knowledge concerning Youth Escort. [*Id.*] No one currently with Dazheng has as much knowledge as Mr. Wang about the development of Youth Escort and the integration of certain modules from that program into Green Dam Youth Escort. [*Id.*]

        With respect to Dazheng engineers who are currently employed by Dazheng, even if it were possible for Dazheng to compel all of these witnesses to travel to the United States, the burden on Dazheng would be significant not only because of the cost involved in procuring air travel and visas for these witnesses (approximately $5,000-$7,000 for each witness for each trip), but also because the process required for a Chinese citizen to obtain a visa is time consuming and is not guaranteed to result in permission to travel to the United States. [*Id.* at ¶ 18.] The United State diplomatic mission in China is notorious for imposing burdensome restrictions on Chinese visa applicants and denying applications. [*Id.*] In addition,

DEFENDANT BEIJING DAZHENG HUMAN LANGUAGE TECHNOLOGY ACADEMY
LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

of Dazheng's 78 current employees (including part time employees), 60 were involved in the Green Dam Youth Escort project. [*Id.*] If a substantial number of these witnesses were required to travel to the United States to testify in order to support Dazheng's defense, this would severely restrict and detrimentally affect Dazheng's ongoing business. [*Id.*]

All the documents relevant to Dazheng's defense are also located in China. [*Id.* at ¶ 19.] For instance, all of the documents relating to Dazheng's work on Youth Escort and integration work on Green Dam Youth Escort are located at Dazheng's offices in China, and are in the Chinese language. [*Id.*] These documents include, but are not limited to, plans for technical demonstration, technical development documents, code and data documents, software testing documents, work-progress reports, periodical work summaries, review/evaluation documents for software applications, software copyright prosecution documents, and minutes of meetings. [*Id.*] These documents are estimated to contain more than 4.5 million characters and except for code and data, are all written in Chinese. [*Id.*] In addition, all of the documents pertaining to Dazheng's contractual arrangements relating to Green Dam Youth Escort are located in China and are in the Chinese language. [*Id.*] The cost of translating these documents would be prohibitive. [*Id.* at ¶ 20.]

## III.

## ARGUMENT

### A. Plaintiff Bears The Burden Of Demonstrating Personal Jurisdiction Over Dazheng Exists

Personal jurisdiction may be conferred as either general or specific jurisdiction. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414

(1984). General jurisdiction exists if a defendant has "continuous and systematic" contacts with the forum state that amount to a physical presence there. *Id.* at 416. Specific jurisdiction requires a showing that the non-resident purposefully established contacts with the forum state, that the plaintiff's claims arise out of the defendant's forum-related contacts, and the forum's exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. *See Burger King v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).

When a party seeks dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2), the party seeking to establish jurisdiction bears the burden of proof. *See Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). To meet this burden, "specific acts connecting defendant with the forum" must be established. *Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1208 n.5 (9th Cir. 1980). In other words, the plaintiff must make a prima facie showing of jurisdictional facts by affidavits or otherwise and cannot "simply rest on the bare allegations of its complaint." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

**B. Dazheng Is Not Subject To General Jurisdiction Because It Does No Business In California Of Any Kind**

Courts may exercise general jurisdiction only if a defendant has substantial, continuous, and systematic contacts with the forum state that amount to a physical presence there. *See Helicopteros Nacionales*, 466 U.S. at 416. Factors relevant to this inquiry include whether the defendant sells products, solicits or engages in business, serves the state's markets, designates an agent for service of process, holds a license, or has employees physically located in the state. *Id.* at 411; *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295

DEFENDANT BEIJING DAZHENG HUMAN LANGUAGE TECHNOLOGY ACADEMY LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

(1980). "The level of contact with the forum state necessary to establish general jurisdiction is quite high." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990), reversed on other grounds, 499 U.S. 585 (1991).

In this case, Dazheng has no substantial, continuous, or systematic contacts with California or any other part of the United States. Dazheng is a Chinese corporation with all of its offices and employees located in China. [Chen Decl. at ¶ 2.] Dazheng is not registered to do business in California, does not have a registered agent in California, and has no websites or servers located in California or anywhere else in the United States. [*Id.*] Moreover, Dazheng does not sell any products in California and had conducted no marketing activities in California of any kind.

Nevertheless, Plaintiff attempts to manufacture jurisdiction over Dazheng based on the conclusory allegation that Dazheng "has purposefully availed [itself] of the benefits of this forum" by "committing wrongful acts which have had direct effects in this District." [Docket No. 56 (First Amended Complaint) at ¶ 10.] The evidence reveals, however, that Dazheng has never marketed any products in the United States, much less targeted the California market. [*See* Chen Decl. at ¶ 22.] Moreover, Plaintiff's claim that Dazheng's alleged conduct affects California simply because Plaintiff is located here cannot justify the Court's exercise of jurisdiction over Dazheng as a matter of law. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 420 (9th Cir. 1997) ("Otherwise, every complaint arising out of alleged [intellectual property] infringement . . . would automatically result in personal jurisdiction wherever the plaintiff's principal place of business is located. That would not comport with traditional notions of what qualifies as purposeful activity invoking the benefits and protections of the forum state." ); *see also Freedman v. Peck*, 2010 WL 3749294, *3 (C.D.Cal. 2010) ("Without individual targeting, mere knowledge that a plaintiff resides in the forum state is not

DEFENDANT BEIJING DAZHENG HUMAN LANGUAGE TECHNOLOGY ACADEMY LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

necessarily sufficient to confer jurisdiction, even if harm occurs in the forum state.").

### C. Dazheng Is Not Subject To Specific Jurisdiction

The Ninth Circuit has created a three-part test to determine specific jurisdiction: "(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

#### 1. Dazheng Did Not Purposely Avail Itself Of The Privilege Of Conducting Business In California

To satisfy the first prong, the plaintiff must establish that the nonresident defendant purposefully directed its activities towards the forum state. *Pebble Beach*, 453 F.3d at 1155 (citing *Schwarzenegger*, 374 F.3d 797, 802 (9th Cir. 2004)). "A defendant has purposefully availed himself of the benefits of the forum if he has deliberately 'engaged in significant activities within a state or has created 'continuing obligations' between himself and the residents of the forum.'" *Gray & Co. v. Firstenberg Machinery Co., Inc.*, 913 F.2d 758, 760 (9th Cir. 1990) (quoting *Burger King*, 471 U.S. at 475-76).

Plaintiff cannot meet this threshold burden because Dazheng has never conducted business in California, let alone "purposely availed" itself of the protection of California's laws. Dazheng never sold Green Dam Youth Escort in

California and did not market the program in the United States. [Chen Decl. at ¶ 22.] Accordingly, Dazheng's lack of physical presence in California, combined with the fact that Green Dam Youth Escort was intended solely for the Chinese market, makes the exercise of specific jurisdiction over Dazheng impossible in this case. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) (holding a nonresident defendant that has not "deliberately directed its merchandising efforts" toward the forum state has not purposefully availed itself of the privilege of conducting business in the forum); *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093, 1104 (C.D.Cal. 2007) (finding no purposeful availment because defendant "never completed any transactions . . . with California residents or anyone else").

Additionally, Dazheng did not encourage California residents to use Green Dam Youth Escort. To the contrary, Dazheng conducted no advertising in the United States because Green Dam Youth Escort was developed using China-specific historical, cultural and national standards. [Chen Decl. at ¶ 22.] Accordingly, the mere fact that a California resident might be able to access Green Dam Youth Escort from Dazheng's Chinese language website does not subject Dazheng to personal jurisdiction here. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) ("While there is no question that anyone, anywhere could access [the defendant's] home page and thereby learn about the services offered, we cannot see how from that fact alone it can be inferred that [the defendant] deliberately directed its merchandising efforts toward [the forum state]."); *Life Alert Emergency Response, Inc. v. Lifealert Security, Inc.*, 2008 WL 5412431, *4 (C.D. Cal. 2008) ("The mere maintenance of an interactive website, without consummated commercial activity, is not sufficient to establish specific jurisdiction over [a] Defendant."); *Advanced Software, Inc. v. Datapharm, Inc.*, 1998 WL 3515136, *5 (C.D. Cal. 1998) (noting that if there is no showing that

"anyone in the forum state ever utilized the [defendant's] web-site, the fact that it has interactive potential is irrelevant."). For this reason alone, specific jurisdiction over Dazheng does not exist in this Court.

### 2. Dazheng's Alleged Conduct Does Not Arise Out Of Or Relate To California

The second prong of the specific jurisdiction test requires a showing that the claim arose out of the defendant's forum-related activities. "A claim arises out of a defendant's conduct if the claim would not have arisen 'but for' the defendant's forum-related contacts." *Silverlit Toys Manufactory, Ltd. v. Absolute Toy Marketing, Inc.*, 2007 WL521239, *4 (N. D. Cal. 2007).

Here, the software at issue was created entirely in China for use solely in the Chinese market. [Chen Decl. at ¶ 22.] No copies were ever intended to be used in the United States. Moreover, Dazheng never set foot in California and has no other connection to this state. Accordingly, it is clear that Dazheng lacks any forum-related contacts related in any relevant way to Plaintiff's claims. In fact, Plaintiff has implicitly conceded that Dazheng's alleged conduct bears little connection to California because Plaintiff has sued Dazheng for alleged infringement of various foreign laws. [*See* Docket No. 56 (First Amended Complaint) at ¶¶ 89-124.] For this additional reason, specific jurisdiction over Dazheng does not exist.

### 3. The Exercise Of Jurisdiction Over Dazheng In California Would Not Be Reasonable Under The Circumstances

Because Plaintiff cannot meet its burden to demonstrate that Dazheng "purposefully availed" itself of the privilege of conducting business in California and Dazheng's alleged conduct would not have occurred "but for" its connection

DEFENDANT BEIJING DAZHENG HUMAN LANGUAGE TECHNOLOGY ACADEMY LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

with California, the Court need not determine whether the exercise of personal jurisdiction over Dazheng is reasonable in this case. Nevertheless, an examination of the factors relevant to that question reveals that forcing Dazheng to litigate in California would run contrary to traditional notions of fair play and substantial justice.[1]

      As discussed above, Dazheng has no connection to California and therefore cannot be said to have "purposely injected" itself into this forum. Moreover, as set forth in detail in the supporting declaration of Chen Xiaomeng, forcing Dazheng to litigate in California would present insurmountable barriers to evidence that effectively would preclude Dazheng from mounting a defense.

      For example, all of the engineers involved with Green Dam Youth Escort are Chinese citizens for whom travel to the United States would be difficult at best.[2] [Chen Decl. at ¶¶ 6-11.] Of these individuals, a particularly critical witness is Wang Jingcheng, who oversaw the integration of Dazheng's software modules into Green Dam Youth Escort. [*Id.* at ¶ 17.] No one currently with Dazheng has as much knowledge as Mr. Wang about the development of Youth Escort and its integration into Green Dam Youth Escort. [*Id.*] Mr. Wang is no longer employed by Dazheng, however, and is unwilling to travel to the United States to participate in this case. [*Id.*]

      In addition, all of the documents relating to Dazheng's work on Youth Escort are located in China and are written in Chinese. [*Id.* at ¶ 19.] These

---

[1] In evaluating whether specific jurisdiction is reasonable, relevant factors include: (1) the extent of defendant's purposeful interjection into the forum state; (2) the burden on the defendant; (3) the plaintiff's interest in convenient and effective relief; (4) the most efficient forum for judicial resolution of the dispute; (5) the forum state's interest in adjudicating the dispute; and (6) the extent of the conflict with the sovereignty of the defendant's state. *Panavision International, L.P. v. Teoppen*, 141 F.3d 1316, 1323 (9th Cir. 1998).

[2] In addition to cost of each trip (approximately $5,000-$7,000 per witness), the United States diplomatic mission in China is notorious for imposing burdensome restrictions on Chinese visa applicants and denying applications. [*Id.* at ¶ 18.]

documents include, but are not limited to, plans for technical demonstration, technical development documents, code and data documents, software testing documents, work-progress reports, periodical work summaries, review/evaluation documents for software applications, software copyright prosecution documents, and minutes of meetings. [*Id.*] These documents, which among other things demonstrate Dazheng's independent development of Youth Escort, are estimated to contain more than 4.5 million characters and are primarily written in Chinese. [*Id.*] The cost of translating these documents would be prohibitive.[3] [*Id.* at ¶ 19.] In addition, all of the documents pertaining to Dazheng's contractual arrangements regarding Green Dam Youth Escort are located in China and are in the Chinese language.

Given these facts, it is clear that the most appropriate forum for this dispute is China, not the United States. China is where Green Dam Youth Escort was conceived, developed, marketed, and used. China is where the bulk of the witnesses reside and where the physical evidence related to Plaintiff's claims are located. China is where Dazheng is indisputably subject to jurisdiction and where the Court has already found an adequate alternative forum exists. [*See* Docket No. 88 (Order dated November 18, 2010) at 7-8.] And while California has an interest in protecting its citizens, that interest cannot support the exercise of jurisdiction in a case like this one where the alleged conduct occurs entirely outside the United States. *See Greenbrier Leasing Co., LLC v. Carroll*, 2006 WL 1643522, *3 (D.Or. 2006) ("Oregon's interest in protecting its citizens weighs in favor of Plaintiff but is not sufficient to overcome the lack of Defendants' actions in the state.").

---

[3] Dazheng estimates that it has more than 10 terabytes of digital files and at least 30,000 pages of documents relevant to this case. [Chen Decl. at ¶ 20.] Based on a translation cost of approximately 0.2 dollars per Chinese word, it would likely cost hundreds of thousands of dollars to translate this information into English. [*Id.*]

DEFENDANT BEIJING DAZHENG HUMAN LANGUAGE TECHNOLOGY ACADEMY LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

In short, forcing Dazheng to litigate in California will likely prevent Dazheng from mounting a defense. Accordingly, asserting personal jurisdiction over Dazheng would not comport with traditional notions of fair play and substantial justice because it would amount to a deprivation of due process under the circumstances of this case.

## IV.
## CONCLUSION

For the foregoing reasons, Dazheng respectfully requests that this Court dismiss Plaintiff's claims against Dazheng for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

DATED: June 8, 2011.              REED SMITH LLP

                                  By  /s/ Michael A. Garabed
                                  Stuart A. Shanus
                                  Jinshu Zhang
                                  Christine M. Morgan
                                  Michael A. Garabed
                                  Attorneys for Defendant Beijing
                                  Dazheng Human Language Technology
                                  Academy Ltd.