1  CADWALADER, WICKERSHAM & TAFT LLP
   Christopher A. Hughes (*pro hac vice*)
2     *christopher.hughes@cwt.com*
   Tony V. Pezzano (*pro hac vice*)
3     *tony.pezzano@cwt.com*
   One World Financial Center
4  New York, New York  10281
   Telephone:  212.504.6000
5  Facsimile:  212.504.6666

6  [Counsel Continued on Next Page]

7  Attorneys for Defendant Zhengzhou Jinhui
   Computer System Engineering Ltd.

8

9              **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

11

12  CYBERsitter, LLC, a California          Case No. CV10-0038 JST (SH)
    limited liability company, d/b/a Solid
13  Oak Software,                           **NOTICE OF MOTION AND MOTION
                                            OF DEFENDANT ZHENGZHOU
14              Plaintiff,                  JINHUI COMPUTER SYSTEM
                                            ENGINEERING LTD. TO DISMISS
15          v.                              FOR LACK OF PERSONAL
                                            JURISDICTION PURSUANT TO
16                                          RULE 12(b)(2); MEMORANDUM OF
    The People's Republic of China, et al., POINTS AND AUTHORITIES**
17
                Defendants.                 *Filed concurrently with Declaration of
18                                          Huiqin Zhao, [Proposed] Order*

19                                          Hon. Josephine Stanton Tucker

20                                          Date:    July 18, 2011
                                            Time:    10 a.m.
21                                          Crtrm.:  10A

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION OF DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM
ENGINEERING LTD. TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

1 | [Counsel Continued from Previous Page:]

2 | UNITALEN ATTORNEYS AT LAW
Ping Gu (*pro hac vice*)
3 |   *ping.gu@unitalen.com*
22 Jian Guo Men Wai Avenue
4 | 7th Floor, Scitech Place
Beijing, China 1000004
5 | Telephone:  86-1059208671
Facsimile:   86-1059208588

6 |

7 | KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
   *rkendall@kbkfirm.com*
8 | Bert H. Deixler (70614)
   *bdeixler@kbkfirm.com*
9 | Gabriel D. Miller (243359)
   *gmiller@kbkfirm.com*
10 | 10100 Santa Monica Blvd., Suite 1725
Los Angeles, California  90067
11 | Telephone:  310.556.2700
Facsimile:   310.556.2705

12 |

28 | NOTICE OF MOTION AND MOTION OF DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD. TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on July 18, 2011, at 10 a.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Josephine Stanton Tucker, located in the United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701-4516, Defendant Zhengzhou Jinhui Computer System Engineering Ltd. ("Jinhui") will and hereby does move this Court to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2).

This Motion is made upon the following grounds:

Jinhui does not do business, conduct activities, or have any presence whatsoever in California.  Nor has Jinhui ever directed its activities toward California, let alone toward Plaintiff CYBERsitter, LLC ("CYBERsitter"). Moreover, exercising personal jurisdiction over Jinhui in the instant action would not comport with traditional notions of fair play and substantial justice.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Huiqin Zhao filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This Motion is made following a conference of counsel, which occurred, pursuant to Local Rule 7-3, on Thursday, May 19, 2011.

Dated:  June 10, 2011                              Respectfully submitted,

CADWALADER WICKERSHAM & TAFT


By: _____
Tony V. Pezzano
Attorneys for Defendant Zhengzhou Jinhui
Computer System Engineering Ltd.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................. 3

    A. Jinhui's Activities Take Place Exclusively Within China ..................... 3

    B. Jinhui Has Not Engaged In Any Activities In California ...................... 4

    C. Jinhui Has Not Targeted California ........................................................ 4

III. ARGUMENT ...................................................................................................... 5

    A. CYBERsitter's Claims Against Jinhui Should Be Dismissed For Lack Of Personal Jurisdiction ................................................................ 5

        1. CYBERsitter Cannot Satisfy Its Burden Of Proving That Jinhui Is Subject To Personal Jurisdiction In This Court ........... 5

        2. CYBERsitter Cannot Demonstrate General Jurisdiction Because Jinhui Does Not Have Continuous And Systematic Contacts With California ............................................ 6

        3. CYBERsitter Cannot Demonstrate That This Court Has Specific Jurisdiction Over Jinhui ................................................. 8

            (a) Jinhui Did Not Purposefully Avail Itself Of The Privilege Of Conducting Activities In California, Nor Did It Purposefully Direct Its Activities To California ................................................................ 8

            (b) Cybersitter's Claims Against Jinhui Do Not Arise Out Of Any Forum-Related Activities ............................ 13

        4. The Exercise Of Specific Jurisdiction Over Jinhui Would Not Be Reasonable ............................................................ 14

IV. CONCLUSION ................................................................................................ 16

i

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

# TABLE OF AUTHORITIES

**Page**

## CASES

*Allstar Mktg. Group, LLC v. Your Store Online, LLC*,
666 F. Supp. 2d 1109 (C.D. Cal. 2009)............................................................14

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
480 U.S. 102 (1987) .................................................................................14, 15

*Bancroft & Masters, Inc. v. August Nat'l Inc.*,
223 F.3d 1082 (9th Cir. 2000).....................................................6, 7, 11, 12

*Brainerd v. Governors of the Univ. of Alberta*,
873 F.2d 1257 (9th Cir. 1989) ...............................................................11

*Burger King v. Rudzewicz*,
471 U.S. 462 (1985) ................................................................................6

*Calder v. Jones*,
65 U.S. 783 (1984) .......................................................2, 10, 11, 12

*Dole Food Co. v. Watts*,
303 F.3d 1104 (9th Cir. 2002)...............................................................15

*Greenspun v. Del E. Webb Corp.*,
634 F.2d 1204 (9th Cir. 1980).................................................................6

*Helicopteros Nacionales de Colombia v. Hall*,
466 U.S. 408 (1984) ................................................................................5

*Hirsch v. Blue Cross, Blue Shield of Kansas City*,
800 F.2d 1474 (9th Cir. 1986).................................................................7

*Ins. Co. of N. Am. v. Marina Salina Cruz*,
649 F.2d 1266 (9th Cir. 1981)...............................................................14

*Love v. Associated Newspapers, Ltd.*,
611 F.3d 601 (9th Cir. 2010).....................................................5, 6, 10, 12

*Mattel, Inc. v. MCA Records, Inc.*,
296 F.3d 894 (9th Cir. 2002)...............................................................12

*Menken v. Emm*,
503 F.3d 1050 (9th Cir. 2007).................................................................6

*Metropolitan Life Ins. Co. v. Neaves*,
912 F.2d 1062 (9th Cir. 1990)...............................................................12

ii

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

*Panavision Int'l, L.P. v. Toeppen*,
      141 F.3d 1316 (9th Cir. 1998) ........................................................ 12

*Pebble Beach Co. v. Caddy*,
      453 F.3d 1151 (9th Cir. 2006) .......................................................... 9

*Rio Props., Inc. v. Rio Int'l Interlink*,
      284 F.3d 1007 (9th Cir. 2002) ........................................................ 12

*Schwarzenegger v. Fred Martin Motor Co.*,
      374 F.3d 797 (9th Cir. 2004) ...................................................passim

*Sinatra v. Nat'l Enquirer, Inc.*,
      854 F.2d 1191 (9th Cir. 1988) ........................................................ 11

*Toys "R" Us, Inc. v. Step Two, S.A.*,
      318 F.3d 446 (3d Cir. 2003) ........................................................... 13

*Yash Raj Films (USA) Inc. v. Dishant.com LLC*,
      2009 WL 4891764 (E.D.N.Y. Dec. 15, 2009) ................................. 13

## STATUTES

California Code of Civil Procedure § 410.10 ...................................... 5

## RULES

Federal Rule of Civil Procedure 12(b)(2) ...................................passim

NOTICE OF MOTION AND MOTION OF DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD. TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

**Kendall Brill & Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Defendant Zhengzhou Jinhui Computer System Engineering Ltd. ("Jinhui") is a Chinese corporation doing business in the Gaoxin District of the city of Zhengzhou, China.  It does not do business, conduct activities, or have any presence whatsoever in California.  Nor has Jinhui ever directed its activities toward California, let alone toward Plaintiff CYBERsitter, LLC ("CYBERsitter").  Moreover, Jinhui respectfully submits that, in any event, exercising personal jurisdiction over Jinhui in the instant action would not comport with traditional notions of fair play and substantial justice.  Therefore, CYBERsitter's claims against Jinhui should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2), because Jinhui is not subject to personal jurisdiction in this Court.

CYBERsitter alleges in the First Amended Complaint ("FAC") that Jinhui is subject to this Court's jurisdiction because Jinhui "purposefully availed" itself of the benefits of this forum and that it did so in at least one of three ways:  "by [1] doing business in this District, [2] by committing wrongful acts in whole or in part within the District, *and/or* [3] by committing wrongful acts which have had direct effects in this District."  FAC ¶ 10 (emphasis added)).  These bare allegations, however, are contradicted by the facts.  Jinhui has never done business in California, it has never engaged in tortious activity in California, and it has never directed its activities toward California.  Indeed, CYBERsitter does not and cannot plead facts to support its conclusory jurisdictional allegations, because there *are no facts* to support them.

First, Jinhui does not "[do] business in this District."  Jinhui has never done business in California or elsewhere in the United States.  Jinhui is located in and doing business exclusively within China.  It has no presence in or contacts with the United States, much less California.  For example, it has never had any offices,

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1  employees, bank accounts, or sales in California, nor has Jinhui ever been registered

2  to do business in California.  This is and always has been the case.

3       Second, contrary to Plaintiff's unsupported assertions, Jinhui has not engaged

4  in "wrongful acts in whole or in part within this District."  FAC ¶ 10.  Jinhui has

5  never been present in California and has not entered the state to commit wrongful

6  acts.  Indeed, Plaintiff craftily pleads certain facts passively, disjunctively, and

7  without mention of Jinhui, to avoid the obvious fact that Jinhui conducts its business

8  in China, not in California.  For example, Plaintiff alleges that its "Trade Secrets were

9  misappropriated from within the United States and/or downloaded from servers

10  within the United States."  FAC ¶ 62.  This assertion does not establish that Jinhui, a

11  Chinese company doing business wholly within China, has performed acts within

12  California sufficient to bestow this Court with personal jurisdiction over Jinhui.

13       Finally, Jinhui has never directed activities toward California, much less acted

14  intentionally to effect CYBERsitter's business in this state or elsewhere.  The core of

15  CYBERsitter's jurisdictional argument is that Jinhui's alleged actions in China

16  affected CYBERsitter in California.  To succeed on such an argument, CYBERsitter

17  must satisfy the requirements of the "effects test" set forth in *Calder v. Jones*, 465

18  U.S. 783 (1984), but CYBERsitter cannot do so.  Specifically, CYBERsitter must

19  show that Jinhui committed intentional acts expressly aimed at California causing

20  harm to CYBERsitter that Jinhui knew was likely to be suffered in California.  *See*

21  *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 803 (9th Cir. 2004) (citing

22  *Calder*).  Jinhui's activities with respect to the accused software were aimed at China,

23  not at California (or at anywhere else in the United States).  Jinhui designed and

24  developed its software entirely within China for use in China in the Chinese language.

25  Moreover, Jinhui's websites—written almost entirely in Chinese and for the Chinese

26  market—are not directed at California, nor has Jinhui ever offered software on its

27  websites for download by Chinese consumers, much less by California consumers.

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

2

NOTICE OF MOTION AND MOTION OF DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM
ENGINEERING LTD. TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

In sum, Jinhui neither has nor has ever had any effect on or activities in California.  Consequently, exercising personal jurisdiction over Jinhui would not comport with "traditional notions of fair play and substantial justice" and would thus be inconsistent with well-settled law.  This is fatal to CYBERsitter's claims against Jinhui and warrants dismissal of those claims pursuant to Rule 12(b)(2).

## II.   STATEMENT OF FACTS

### A.   <u>Jinhui's Activities Take Place Exclusively Within China</u>

Jinhui was established in 1997 and is in the business of developing dynamic image-recognition software for standalone PC and network use in China for the purpose of blocking access to pornographic Internet websites.  *See* Declaration of Huiqin Zhao ("Zhao Decl.") ¶ 3.[1]  Jinhui has operated an "Image Research Center" since 2004, and holds three national invention patents in China directed towards image-recognition technology, which were filed in 2005.  *Id.* ¶ 3.

Jinhui's principal place of business is in the Gaoxin District, Zhengzhou, Henan Province, China.  *Id.* ¶ 2.  Jinhui is incorporated in China, and all of Jinhui's business activities, facilities, and employees are located in China.  *Id.* ¶¶ 2, 4.

Jinhui operates two identical websites (at http://www.zzjinhui.com and http://www.filterdam.com) ("Jinhui's websites"), which are directed exclusively to Internet users in China.  *Id.* ¶ 5.  Jinhui's websites are written almost entirely in the Chinese language (Simplified version), and there are no English-language versions of the websites in existence.  *Id.* ¶ 5(a).  The server hosting Jinhui's websites is located in China, *id.* ¶ 5(b), and Jinhui has never made any of its products, or the Green Dam Youth Escort program that is the subject of this lawsuit, available for download from

---

[1] The Declaration of Huiqin Zhao is in Chinese (Mandarin) and is accompanied by a certified translation and notarized translator's certificate of accuracy, all of which are filed concurrently herewith.

NOTICE OF MOTION AND MOTION OF DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD. TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1  Jinhui's websites—not by an Internet user located in China, the United States, or
2  anywhere else in the world, *id.* ¶ 6.

3  **B.    Jinhui Has Not Engaged In Any Activities In California**

4  Jinhui has conducted all of its business activities solely within China.  Indeed,
5  Jinhui has never had any business presence or residence, office, mailing address,
6  telephone number, or telephone listing anywhere in the United States, much less in
7  California.  Zhao Decl. ¶ 4.  Jinhui has never been incorporated, registered, or
8  licensed to transact business anywhere in the United States, nor has it ever had any
9  officers, employees, or agents residing in the United States.  *Id.* ¶¶ 4(a)–(b), (d).
10  Moreover, Jinhui has never owned or leased any assets, securities, real property, or
11  personal property of any nature anywhere in the United States, *id.* ¶ 4(e), nor is Jinhui
12  listed on any stock exchange in the United States, *id.* ¶ 4(k).  Jinhui has never
13  maintained any bank accounts in the United States, *id.* ¶ 4(f), nor has Jinhui ever paid
14  (or been obligated to pay) taxes anywhere in the United States, *id.* ¶ 4(g).
15  Furthermore, Jinhui has never commenced any legal action or proceeding anywhere
16  in the United States, *id.* ¶ 4(h), has never sought to enforce any court orders in the
17  United States, *id.* ¶ 4(i), and has never designated anyone in the United States to
18  accept service of process on its behalf, *id.* ¶ 4(j).  Indeed, Jinhui has not engaged in
19  any activities whatsoever in this country, much less in the state of California.

20  **C.    Jinhui Has Not Targeted California**

21  Moreover, Jinhui has never targeted any of its business toward California or
22  anywhere else within the United States.  Jinhui has never advertised any of its
23  software in any magazines, newspapers, trade journals, or other publications, or in the
24  broadcast media, in the United States.  Zhao Decl. ¶ 4(l).  As noted above, Jinhui's
25  software has never been downloadable from Jinhui's websites, let alone downloadable
26  by an Internet user located in the United States.  *Id.* ¶ 6.  In addition, Jinhui has never
27  owned, maintained, or leased any website servers located in the United States, nor
28

4

Kendall Brill
& Klieger LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1   does it lease space from website hosting providers on servers that are physically

2   located anywhere in the United States.  *Id.* ¶ 5(c)–(d).  Jinhui's websites have never

3   been directed toward California or anywhere else in the United States, nor do its

4   websites promote, or even attempt to promote, the transaction of business in the

5   United States in any way.  *Id.* ¶ 5.  In this connection, it warrants repeating that

6   Jinhui's websites are written almost entirely in the Simplified Chinese language and

7   have never appeared in English.  *Id.* ¶ 5(a).  Finally, Jinhui does not own or operate

8   the Chinese government's official Green Dam Youth Escort website, which is

9   referenced in paragraph 34 of the FAC.  *Id.* ¶ 7.

10       In sum, Jinhui does not have and has never had any connection with, activities

11  in, or business directed towards the United States, let alone the state of California.

12  **III.   ARGUMENT**

13       **A.   <u>CYBERsitter's Claims Against Jinhui Should Be Dismissed</u>**

14            **<u>For Lack Of Personal Jurisdiction</u>**

15            **1.   CYBERsitter Cannot Satisfy Its Burden Of Proving That**

16                 **Jinhui Is Subject To Personal Jurisdiction In This Court**

17       "Where, as here, there is no applicable federal statute governing personal

18  jurisdiction, the district court applies the law of the state in which the district court

19  sits." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)

20  (citing Fed. R. Civ. P. 4(k)(1)(A)).  "California's long-arm jurisdictional statute is

21  coextensive with federal due process requirements." *Love v. Associated Newspapers,*

22  *Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010) (citing Cal. Code Civ. Pro. § 410.10).  To be

23  consistent with due process, a court's exercise of personal jurisdiction over a party

24  must satisfy the requirements of either general or specific jurisdiction.  *See*

25  *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n. 8–9 (1984).

26  General jurisdiction exists if a defendant has "continuous and systematic general

27  business contacts," *id.* at 416, which "approximate physical presence in the forum

28

5

NOTICE OF MOTION AND MOTION OF DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM
ENGINEERING LTD. TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

1   state", *Schwarzenegger*, 374 F.3d at 801.  Specific jurisdiction, by contrast, requires a

2   showing that (1) the non-resident defendant established sufficient "minimum

3   contacts" with the forum state by either "purposefully direct[ing] his activities" to the

4   forum or "purposefully avail[ing] himself of the privilege of conducting activities in

5   the forum," (2) the plaintiff's claims arise out of the defendant's forum-related

6   contacts, *and* (3) the court's exercise of personal jurisdiction comports with

7   traditional notions of "fair play and substantial justice."  *Id.* at 802; *see also Burger*

8   *King v. Rudzewicz*, 471 U.S. 462, 476–78 (1985).

9       When a defendant seeks dismissal for lack of personal jurisdiction pursuant to

10  Rule 12(b)(2), the party seeking to establish jurisdiction "bears the burden of

11  demonstrating that the court has jurisdiction over the defendant."  *Menken v. Emm*,

12  503 F.3d 1050, 1056 (9th Cir. 2007); *see also Love*, 611 F.3d at 608 (stating same

13  principle).  To meet this burden, "a plaintiff must allege specific acts connecting

14  defendant with the forum."  *Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1208

15  n.5 (9th Cir. 1980).  In other words, the plaintiff must make at least "a *prima facie*

16  showing of jurisdictional facts" by affidavits or otherwise and cannot "simply rest on

17  the bare allegations of its complaint."  *Schwarzenegger*, 374 F.3d at 800 (internal

18  quotation marks omitted).

19          **2.      CYBERsitter Cannot Demonstrate General Jurisdiction**

20                  **Because Jinhui Does Not Have Continuous And Systematic**

21                  **Contacts With California**

22      General jurisdiction over a non-resident defendant requires evidence that its

23  contacts with the forum are so "substantial" or "continuous and systematic" that they

24  "approximate physical presence in the forum."  *Bancroft & Masters, Inc. v. August*

25  *Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  This "is an exacting standard,"

26  *Schwarzenegger*, 374 F.3d at 801, and to determine if a defendant's activities satisfy

27  this standard, courts must "examine all of the defendant's activities that impact the

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

state, including whether the defendant makes sales, solicits or engages in business,
serves the state's markets, designates an agent for service of process, holds a license,
has employees, or is incorporated there," *Hirsch v. Blue Cross, Blue Shield of Kansas
City*, 800 F.2d 1474, 1478 (9th Cir. 1986).

In paragraph 10 of the First Amended Complaint (which is the sole paragraph
in which CYBERsitter sets forth allegations purporting to support this Court's
personal jurisdiction over Jinhui), CYBERsitter groups Jinhui together with the
People's Republic of China and Beijing Dazheng Human Language Technology
Academy Ltd. and alleges globally that "they have purposefully availed themselves of
the benefits of this forum [1] by doing business in this District, [2] by committing
wrongful acts in whole or in part within this District, and/or [3] by committing
wrongful acts which have had direct effects in this District."  FAC ¶ 10.  Because
CYBERsitter has stated these conclusory allegations in the disjunctive and failed to
identify which of these purported jurisdictional bases apply to which of the three
defendants, CYBERsitter's theory of personal jurisdiction with respect to Jinhui is
wholly unclear.  In any event, even if all of the three putative jurisdictional grounds
are interpreted to be alleged as to Jinhui, all of them are insufficient to confer general
jurisdiction.

With respect to the allegation that Jinhui availed itself to the jurisdiction of this
Court by "doing business in the District," as explained in detail in section II, *supra*,
such an allegation is patently untrue, as Jinhui does not do any business in California
whatsoever, much less the type of "continuous and systematic" business required for
general personal jurisdiction.  *See Bancroft & Masters*, 223 F.3d at 1086 (explaining
that even "engaging in commerce with residents of the forum state is not in and of
itself the kind of activity that approximates physical presence with the state's
borders").  In fact, all of Jinhui's business activities occur exclusively within China,
and Jinhui has never targeted its business toward, nor does it have any business

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION OF DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM
ENGINEERING LTD. TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

1  presence or residence in, California.  *See* Zhao Decl. ¶ 4.  Likewise, as to the second

2  and third purported bases for jurisdiction—i.e., that Jinhui committed "wrongful acts"

3  in California or its conduct had "direct effects" in California—even if they were true

4  (which they are not), both are insufficient as a matter of law to confer general

5  jurisdiction.  *Cf. Schwarzenegger*, 374 F.3d at 801 (holding that contracting to do

6  business with California entities and maintaining "an Internet website accessible by

7  anyone capable of using the Internet, including people living in California," "fall well

8  short" of constituting "sufficient presence to warrant general jurisdiction" (internal

9  quotation marks omitted)).

10       In sum, there are no facts to support a theory of general jurisdiction over Jinhui

11  in this Court, nor has CYBERsitter even pleaded any such facts.

12       **3.       CYBERsitter Cannot Demonstrate That This Court Has**

13            **Specific Jurisdiction Over Jinhui**

14       As set forth above, specific jurisdiction is proper over a non-resident defendant

15  only if the plaintiff satisfies the following three-prong test:  (1) the defendant must

16  have established sufficient "minimum contacts" with the forum state by either

17  "purposefully avail[ing] himself of the privilege of conducting activities in the forum"

18  or "purposefully direct[ing] his activities" to the forum; (2) the plaintiff's claims must

19  arise out of the defendant's forum-related contacts; *and* (3) the court's exercise of

20  personal jurisdiction must comport with traditional notions of "fair play and

21  substantial justice."  *Schwarzenegger*, 374 F.3d at 802.  CYBERsitter cannot satisfy

22  *any* of these requirements with respect to Jinhui.

23       **(a)       Jinhui Did Not Purposefully Avail Itself Of The Privilege**

24            **Of Conducting Activities In California, Nor Did It**

25            **Purposefully Direct Its Activities To California**

26       As a preliminary matter, CYBERsitter alleges (in conclusory terms) that Jinhui

27  both "purposefully availed" itself of the benefits of California by doing business in

8

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1   the state and committed acts that had "direct effects" in California. FAC ¶ 10. While

2   courts "sometime use the phrase 'purposeful availment'' to include both purposeful

3   availment and direction, availment and direction are, in fact, two distinct concepts."

4   *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (internal quotation

5   marks omitted). Moreover, "[e]vidence of availment is typically action taking place

6   in the forum that invokes the benefits and protections of the laws in the forum," *id.*,

7   "such as executing or performing a contract there," *Schwarzenegger*, 374 F.3d at 802.

8   In contrast, "[e]vidence of direction generally consists of action taking place outside

9   the forum that is directed at the forum." *Pebble Beach*, 453 F.3d at 1155.

10      The FAC is conspicuously devoid of any factual allegations that Jinhui

11   "purposefully availed" itself of the laws of California—not by Jinhui doing business

12   in California and not by Jinhui otherwise "invoking the benefits of its laws" in any

13   manner, much less in a manner sufficient to satisfy the requirements of due process.

14   This is not surprising, because Jinhui has not engaged in any activities whatsoever in

15   the United States, much less in the state of California. *See generally* section II, *supra*.

16   Therefore, CYBERsitter's naked allegation that Jinhui is subject to this Court's

17   jurisdiction based on a "purposeful availment" theory is wholly unsupportable and

18   plainly belied by the facts. Furthermore, as the Ninth Circuit has repeatedly held, "[a]

19   purposeful availment analysis is most often used in suits sounding in contract. A

20   purposeful direction analysis, on the other hand, is most often used in suits sounding

21   in tort." *Schwarzenegger*, at 802. This is a tort suit. Thus, "purposeful direction"

22   analysis, not "purposeful availment" analysis, provides the relevant framework for the

23   jurisdictional inquiry.

24      Nevertheless, CYBERsitter does not and cannot satisfy its *prima facie* burden

25   of proving that Jinhui has "purposefully directed" its activities to California. While

26   CYBERsitter offers the legal conclusion that Jinhui "committ[ed] wrongful acts in

27   whole or in part" in California that "had direct effects" in this state, FAC ¶ 10,

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION OF DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM
ENGINEERING LTD. TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

1   CYBERsitter has failed to allege any facts to support that conclusion—nor could it do

2   so.

3        To demonstrate personal jurisdiction based on a theory of "purposeful

4   direction," CYBERsitter must satisfy the three-prong "effects" test set forth in the

5   seminal case of *Calder v. Jones*, 465 U.S. 783 (1984).  "The effects test is satisfied if

6   (1) the defendant committed an intentional act; (2) the act was expressly aimed at the

7   forum state; and (3) the act caused harm that the defendant knew was likely to be

8   suffered in the forum state."  *Love*, 611 F.3d at 609.  CYBERsitter has not alleged

9   facts to support the assertion that Jinhui committed an intentional act expressly aimed

10  at California, or that Jinhui caused harm that Jinhui knew was likely to be suffered in

11  California.

12       The gravamen of CYBERsitter's First Amended Complaint is that Jinhui,

13  among other defendants, copied portions of CYBERsitter's programming code and

14  incorporated that code into the Green Dam Youth Escort software.  *See, e.g.*, FAC ¶¶

15  1, 5–8, 40–42.  Even if the Court were to accept these allegations as true for purposes

16  of the instant motion, these allegations do not demonstrate that Jinhui performed any

17  act *within California*.  On the contrary, by CYBERsitter's own admission, its software

18  is available "worldwide," including within China.  FAC ¶ 27.  Thus, even if the Court

19  were to assume, *arguendo*, that CYBERsitter's software had been improperly copied

20  to develop the Green Dam Youth Escort program, the FAC contains no allegation that

21  such copying actually occurred within the United States, much less within California.

22  In fact, the FAC critically omits any allegation that CYBERsitter *even has* servers

23  located in California, let alone that Jinhui accessed any such servers and copied

24  CYBERsitter's alleged property by doing so.  Furthermore, CYBERsitter also alleges

25  that its "Trade Secrets were taken from within the United States and/or *downloaded*

26  *from servers within the United States*," FAC ¶¶ 62, 73, which, at a minimum, suggests

27  that CYBERsitter's servers may be located outside of California.

28

10

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1   What is more, Jinhui is never specifically alleged to have accessed those

2   servers, let alone to have done so intentionally—even if the servers were alleged to be

3   located in California.  In fact, the only specific allegations in the FAC regarding

4   CYBERsitter's servers are set forth in paragraphs 47 and 48, in which CYBERsitter

5   avers that some unknown person(s) or entity(ies)—possibly originating "from within

6   the PRC Ministry of Health"—attempted to gain access to its "computers and servers

7   originating from within China."  Jinhui is not even mentioned in those paragraphs.

8   Thus, CYBERsitter has not stated any facts sufficient to satisfy either of the

9   first two prongs of the *Calder* "effects" test—*viz.*, that Jinhui committed an

10   intentional act expressly aimed at California.  In this regard, the Ninth Circuit has

11   cautioned that *Calder* "cannot stand for the broad proposition that a foreign act with

12   foreseeable effects in the forum state always gives rise to specific jurisdiction. . . .

13   [T]here must be 'something more.'"  *Bancroft & Masters*, 223 F.3d at 1087.

14   Courts have generally only found the "something more" sufficient to convey

15   jurisdiction where the alleged harm was to an individual, rather than a company, and

16   the allegedly wrongful acts were specifically directed at harming that individual in the

17   state.  *See, e.g.*, *Calder*, 465 U.S. 783 (Florida defendants authored article in Florida

18   libeling individual plaintiff known to reside in California, which was published in

19   national magazine widely circulated in California); *Sinatra v. Nat'l Enquirer, Inc.*,

20   854 F.2d 1191 (9th Cir. 1988) (Swiss clinic made libelous statements alleging

21   individual plaintiff known to reside in California was a patient there, which were

22   published in national magazine widely circulated in California, in order to benefit the

23   clinic through the implied endorsement of plaintiff and bolster its already significant

24   advertising efforts in California, from which many of its patients came); *Brainerd v.*

25   *Governors of the Univ. of Alberta*, 873 F.2d 1257 (9th Cir. 1989) (Canadian residents,

26   in response to telephone calls directed to them in Canada, made statements defaming

27   a person they knew resided in Arizona; such conduct was not "untargeted negligence"

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION OF DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD. TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

but rather was "performed for the very purpose of having their consequences felt in the forum state"); *Metropolitan Life Ins. Co. v. Neaves*, 912 F.2d 1062 (9th Cir. 1990) (regarding fraudulent submission of a claim to insurance proceeds to the detriment of a known individual co-beneficiary who is a California resident, stating "When [defendant] addressed the envelope to Metropolitan, she was purposefully defrauding [plaintiff] in California").  To be sure, the *Calder* "effects" test has been found to be satisfied in some situations where a defendant targets a corporation with its principal place of business in the forum.  *See, e.g.*, *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998) (cyber-squatter targeted California by registering Panavision's domain name and then demanding payment from Panavision in exchange for transferring the domain name to Panavision); *Bancroft & Masters*, 223 F.3d at 1087 (Georgia defendant sent letter to Virginia domain name registrar contesting California plaintiff corporation's use of certain domain name, which was held to intentionally and "individually target" the California corporation since the effects of the letter were primarily felt, as defendant knew they would be, in California); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002) (Costa-Rica based Internet gambling website "specifically targeted consumers in Nevada by running radio and print advertisements in Las Vegas" where plaintiff's Rio hotel-casino was located); *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 899 (9th Cir. 2002) (defendant distributed its pop music albums in California).

In contrast to each of the above-cited authorities, there are no allegations—let alone any evidence—that Jinhui targeted CYBERsitter in California.  In other words, here the "something more" required under well-established Ninth Circuit precedent is demonstrably lacking in this case.  *Bancroft & Masters*, 223 F.3d at 1087; *see also* Zhao. Decl. ¶¶ 3, 5 (explaining that the "primary audience" of the Green Dam initiative was "not [users in] America at all but, instead, residents of [China]"); *Love*, 611 F.3d at 609 ("Where a defendant's express aim was local, the fact that it caused

12

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

harm to the plaintiff in the forum state, even if the defendant knew that the plaintiff lived in the forum state, is insufficient to satisfy the effects test." (internal quotation marks omitted)); *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 454 (3d Cir. 2003) (finding that websites of online merchant located in Spain, which "are entirely in Spanish," quoted prices in pesetas or Euros, not U.S. dollars, and which did not enable entry of U.S. addresses, were did not sufficiently target New Jersey to establish personal jurisdiction over online merchant in that forum); *Yash Raj Films (USA) Inc. v. Dishant.com LLC*, 2009 WL 4891764, at *9–10 (E.D.N.Y. Dec. 15, 2009) (finding that non-resident defendant that made available on its website works copyrighted by New York plaintiff did not sufficiently target New York, as it was clear that website's primary target was an international audience).

The closest CYBERsitter comes to alleging facts sufficient to show that Jinhui actually targeted CYBERsitter in California is in paragraph 34, where CYBERsitter avers that the "Chinese government's official Green Dam site contains or contained links targeting users in 'San Francisco' and 'New York'—the locations of the two largest Chinese-speaking populations in the United States."  FAC ¶ 34.  This assertion simply does not apply to Jinhui.  Jinhui does not own or operate "the official Green Dam site," Zhao Decl. ¶ 7, nor does it sell or offer for download the Green Dam Youth Escort software or any other software on its own websites, *id.* ¶¶ 6(b), 7.

**(b)**     **Cybersitter's Claims Against Jinhui Do Not Arise Out Of Any Forum-Related Activities**

In order for specific jurisdiction in this District to be proper, not only must CYBERsitter show purposeful availment or purposeful direction, CYBERsitter's "claim must [also] be one which arises out of or relates to the defendant's forum-related activities."  *Schwarzenegger*, 374 F.3d at 802.  In other words, the claims against Jinhui must have a nexus with Jinhui's alleged conduct within California.  *See Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1123

13

NOTICE OF MOTION AND MOTION OF DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD. TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

1  (C.D. Cal. 2009) ("A lawsuit arises out of a defendant's contacts with the forum state

2  if there is a direct nexus between the cause of action being asserted and the

3  defendant's activities in the forum.").  As discussed above, Jinhui does not have and

4  never has had any activities in California or that relate to California in any way.  *See*

5  *generally* sections II, III.A.3.a, *supra*.  Therefore, CYBERsitter plainly cannot satisfy

6  this requirement.

7       **4.      The Exercise Of Specific Jurisdiction Over Jinhui Would Not**

8                 **Be Reasonable**

9       Finally, as noted above, even if CYBERsitter could satisfy the purposeful

10  direction and forum-nexus requirements (it cannot), the exercise of specific

11  jurisdiction by this Court over Jinhui in any event must be reasonable.  In this regard,

12  the Ninth Circuit has explained:

13       The law of personal jurisdiction . . . is asymmetrical.  The primary
         concern is for the burden on a defendant.  If the burdens of trial are too
14       great for a plaintiff, the plaintiff can decide not to sue or, perhaps, to
         sue elsewhere.  A defendant has no such luxury.  The burdens on a
15       defendant are of particular significance if, as here, the defendant has
         done little to reach out to the forum state."

16

17  *Ins. Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1272 (9th Cir. 1981).  The

18  Supreme Court has similarly explained that the "unique burdens placed upon one who

19  must defend oneself in a foreign legal system should have significant weight in

20  assessing the reasonableness of stretching the long arm of personal jurisdiction over

21  national borders." *Asahi Metal Indus. Co. v. Super. Ct. of Cal*., 480 U.S. 102, 114

22  (1987).

23       With these principles in hand, in evaluating whether the exercise of personal

24  jurisdiction over a particular defendant would be reasonable, the Ninth Circuit

25  considers:  "(1) the extent of . . . purposeful injection into the forum state's affairs; (2)

26  the burden on the defendant of defending in the forum; (3) the extent of conflict with

27  the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating

28

14

NOTICE OF MOTION AND MOTION OF DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM
ENGINEERING LTD. TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum."  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002).

Here, Jinhui has not purposefully injected itself into the forum state's affairs.  It is a Chinese company doing business in China for the Chinese market.  In a similar vein, the burden of defending an action in this Court is readily apparent:  Jinhui and its employees live and work in China, not in California, and trial in this Court would require Jinhui to transport and provide accommodations and meals for numerous fact witnesses from China to California, each of whom would need to obtain a visa and who collectively would need interpreters to give testimony about events which occurred entirely within China.

Moreover, Jinhui respectfully submits that California would have little interest in adjudicating a case where CYBERsitter seeks to have this Court adjudicate claims pertaining to the distribution of software made pursuant to a foreign government program, which occurred in foreign countries, and is alleged to be actionable under numerous foreign laws.  As noted above, in view of the Supreme Court's directive that the "unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long-arm of personal jurisdiction over national borders," *Asahi*, 480 U.S. at 114, and in view of the palpable burdens on Jinhui in this particular case, Jinhui respectfully submits that it would be highly unreasonable to subject Jinhui to the personal jurisdiction of this Court.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

NOTICE OF MOTION AND MOTION OF DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD. TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES

**IV.   CONCLUSION**

For the foregoing reasons, CYBERsitter's claims against Jinhui should be dismissed for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

Dated:  June 10, 2011                      Respectfully submitted,

CADWALADER WICKERSHAM & TAFT

By: _____
Tony V. Pezzano
Attorneys for Defendant Zhengzhou Jinhui
Computer System Engineering Ltd.

NOTICE OF MOTION AND MOTION OF DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD. TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2); MEMORANDUM OF POINTS AND AUTHORITIES

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067