FAYER GIPSON LLP
A Limited Liability Partnership
GREGORY A. FAYER (State Bar No. 232303)
gfayer@fayergipson.com
ELLIOT B. GIPSON (State Bar No. 234020)
egipson@fayergipson.com
2029 Century Park East, Suite 3535
Los Angeles, California 90067
Telephone: (310) 557-3558
Facsimile: (310) 557-3589

Attorneys for Plaintiff
CYBERsitter, LLC d/b/a Solid Oak Software

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company, d/b/a Solid Oak Software, | CASE NO. CV 10-00038 JST (SH) |
| Plaintiff, | |
| v. | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITIONS TO DEFENDANTS' RESPECTIVE MOTIONS TO DISMISS** |
| The People's Republic of China, a foreign state; Zhengzhou Jinhui Computer System Engineering Ltd., a Chinese corporation; Beijing Dazheng Human Language Technology Academy Ltd., a Chinese corporation; Sony Corporation, a Japanese corporation; Lenovo Group Limited, a Chinese corporation; ASUSTeK Computer Inc., a Taiwanese corporation; BenQ Corporation, a Taiwanese corporation; Haier Group Corporation, a Chinese corporation; DOES 1-10, inclusive, | Judge: Hon. Josephine Staton Tucker
Ctrm:  10A

Hearing Date:     July 18, 2011
Hearing Time:    10:00 a.m. |
| Defendants. | |

FAYER GIPSON LLP
A LIMITED LIABILITY PARTNERSHIP

RJN ISO OF PLAINTIFF'S OPPOSITIONS TO DEFENDANTS' MTD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# REQUEST FOR JUDICIAL NOTICE

Plaintiff CYBERsitter, LLC ("Plaintiff") respectfully submits this Request for Judicial Notice pursuant to Federal Rule of Evidence 201. Plaintiff requests that the Court take judicial notice of the following facts which are "not subject to reasonable dispute" as they are "capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

## Haier's Patent Registrations with the USPTO

1.    Plaintiff requests that the Court take judicial notice of Haier's thirty-five (35) patent applications and registrations on file in the United States Patent and Trademark Office ("USPTO"). A true and correct copy of computer print-outs from the USPTO's website showing thirty-five (35) hits for assignee "Haier Group Corporation" is attached as **Exhibit 7**. *Feathercombs, Inc. v. Solo Products Corp.*, C.A.2 (N.Y.) 1962, 306 F.2d 251, 134 U.S.P.Q. 209, *certiorari denied* 83 S.Ct. 253, 371 U.S. 910, 9 L.Ed.2d 170, 135 U.S.P.Q. 503 (United States patents may be judicially noticed in discretion of court and may be noticed on appeal though not introduced in evidence and passed on by court below.).

2.    Information pertaining to Haier's U.S. patent applications and registrations is publicly available at the USPTO website at www.uspto.gov. The user should move down to the area labeled "Patents" and click on the link labeled "Search." The user should then click on the link labeled "Quick Search." The user should type "Haier Group Corporation" into the box next to "Term 1." The user should then click on the box next to "Field 1" and toggle down and select "Assignee Name."    The user should then click on the button entitled "Search." A true and correct copy of the computer printout for the "Quick Search" following the above instructions is attached for the Court's reference in **Exhibit 7**.

FAYER GIPSON LLP
A LIMITED LIABILITY PARTNERSHIP

1

## Haier's Trademark Registrations with the USPTO

3.    Plaintiff requests that the Court take judicial notice Haier's seven (7) trademark registrations on file with the USPTO.  A true and correct copy of computer printouts  from the USPTO website showing seven (7) trademark applications and registrations are attached as **Exhibit 8**.  *Total Petroleum Puerto Rico Corp. v. Torres-Caraballo*, 672 F. Supp. 2d 252, 257 (D.P.R. 2009) (Judicial notice is appropriate where trademark registrations are readily determinable through the use of the USPTO's website).

4.    Information pertaining to Haier's U.S. trademark applications and registrations is publicly available at the USPTO's website at www.uspto.gov.  The user should move down to area labeled "Trademarks" and click on the link "Search Marks."  The user should then click on the link "Word and/or Design Mark Search (Structured)."  The user should then type in the term "Haier Group Corporation" (with quotation marks) in the first box labeled next to "Search Term."  The user should then click on the box next to the term "Field" and toggle down and select "Owner Name."  The user should then click on the button labeled "Submit Query."   A true and correct copy of how the "Word and/or Design Mark Search (Structured)" page with the above search inserted is attached for the Court's reference as **Exhibit 9**.

5.    Plaintiff requests that the Court take judicial notice of Haier's U.S. trademark registration numbers:

- 28909681, for the word mark Haier, filed September 5, 2000;
- 2801693, for the word mark HEC, filed  September 1, 2000;
- 2717688, for the word mark Haier, filed June 7, 1999;
- 2120737, for the word mark Haier, filed April 17, 1995;
- 2131584, for the word mark Haier, filed April 17, 1995;
- 213583, for a design mark that is a Chinese transliteration of the word Haier, filed April 17, 1995; and

FAYER GIPSON LLP
A LIMITED LIABILITY PARTNERSHIP

2

1  • 1678405, for a design mark featuring children, filed January 7, 1991.

2  A true and correct copy of Haier's Registration Certificates Available at the USPTO's

3  website is attached as **Exhibit 10**.

4  6.  Plaintiff requests that the Court take judicial notice of Haier's Section 8

5  and 15 declarations of use for registration numbers described in paragraph 5 above.

6  True and correct copies of the declarations available at the USPTO's website are

7  attached as **Exhibit 11**.

8  ## Haier Design Center in Los Angeles

9  7.  Plaintiff requests that the Court take judicial notice of the fact that there is a

10  design center for "Haier" products located in Los Angeles. *See* Fed. R. Evid. 201(b)(2).

11  This information is publicly available from Haier's website at:

12  http://www.haier.net/abouthaier/HaierWorldwide/Introduction_usa.asp

13  True and correct copies of screenshot print-outs of the website are attached as **Exhibit**

14  **12.**

15  ## Haier Subsidiaries in New York and Delaware

16  8.  Plaintiff requests that the Court take judicial notice of the fact that there

17  are at least two (2) companies with the Haier name registered to do business in the

18  state of New York. *See* Fed. R. Evid. 201(b)(2).  This information is publicly available

19  at the New York Department of State website:

20  http://appext9.dos.state.ny.us/corp_public/CORPSEARCH.ENTITY_INFORM

21  ATION?p_nameid=2677660&p_corpid=2652642&p_entity_name=%48%61%

22  69%65%72&p_name_type=%41&p_search_type=%42%45%47%49%4E%53

23  &p_srch_results_page=0  and

24  http://appext9.dos.state.ny.us/corp_public/CORPSEARCH.ENTITY_INFORM

25  ATION?p_nameid=2382337&p_corpid=2340455&p_entity_name=%48%61%

26  69%65%72&p_name_type=%41&p_search_type=%42%45%47%49%4E%53

27  &p_srch_results_page=0

28

FAYER GIPSON LLP
A LIMITED LIABILITY PARTNERSHIP

RJN ISO OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MTD
04444\00001\178070.2

1  True and correct copies of the corporate information available from the New York

2  Department of State are attached as **Exhibit 13.**

3       9.  Plaintiff requests that the Court take judicial notice of the fact that there are

4  at least four (4) companies with the Haier name registered to do business in the state

5  of Delaware.  *See* Fed. R. Evid. 201(b)(2).  This information is publicly available at the

6  Delaware Department of State – Division of Corporations website:

7  https://delecorp.delaware.gov/tin/controller

8  True and correct copies of the corporate information available from the Delaware

9  Department of State – Division of Corporations are attached as **Exhibit 14**.

10  **Haier's Advertising Presence and Sponsorship of the NBA**

11       10.     Plaintiff requests that the Court take judicial notice of the fact that a

12  company presenting itself as "Haier" is the official sponsor of the National Basketball

13  Association ("NBA") and is prominently featured in prime time television

14  advertisements marketing its products and on the NBA.com website, including a fixed

15  link on the NBA.com home page to the "Haier Play of the Day."  *See* Fed. R. Evid.

16  201(b)(2).  An example of Haier's advertising and NBA sponsorship is publicly

17  available at the following website: http://www.nba.com/video/playoftheday/

18  A true and correct copy of a snapshot of the website is attached as **Exhibit 15**.

19       11.  Plaintiff requests that the Court take judicial notice of the fact that there

20  are twenty-nine (29)  NBA teams in the United States,  four (4) NBA teams in

21  California, and two (2) NBA teams located in the Central District.  This information is

22  publicly available at the following website:

23  http://www.nba.com/standings/team_record_comparison/conferenceNew_Std_Cnf.ht

24  ml

25  A true and correct copy of a snapshot of the website is attached as **Exhibit 16**.

26

27

28

FAYER GIPSON LLP
A LIMITED LIABILITY PARTNERSHIP

**Haier's Products are Sold Throughout the Central District and the United States**

12.   Plaintiff requests that the Court take judicial notice of the fact that "Haier" products are carried in Walmart and Best Buy retailers. *See* Fed. R. Evid. 201(b)(2). This information is publicly available at Haier's website at:

http://www.haier.net/abouthaier/HaierWorldwide/Introduction_usa.asp

A true and correct copy of a snapshot of the aforementioned website is attached as **Exhibit 12.**

13.   Plaintiff requests that the Court take judicial notice of the fact that there are thousands of Walmarts in the United States. *See* Fed. R. Evid. 201(b)(2). This information is publicly available at:

http://walmartstores.com/AboutUs/7606.aspx

A true and correct copy of a snapshot of the aforementioned website is attached as **Exhibit 17.**

14.   Plaintiff requests that the Court take judicial notice of the fact that there are over 1000 Best Buy stores in the United States. *See* Fed. R. Evid. 201(b)(2). This information is publicly available at:

http://phx.corporate-ir.net/phoenix.zhtml?c=83192&p=IROL-FAQ

A true and correct copy of a snapshot of the aforementioned website is attached as **Exhibit 18.**

15.   Plaintiff requests that the Court take judicial notice of the fact there are at least 20 Walmarts in the Central District. *See* Fed. R. Evid. 201(b)(2). This information is publicly available at:

http://www.walmart.com/storeLocator/ca_storefinder_results.do?serviceName=&rx_ti
tle=com.wm.www.apps.storelocator.page.serviceLink.title.default&rx_dest=%2Finde
x.gsp&sfrecords=50&sfsearch_single_line_address=Los+Angeles%2C+CA

A true and correct copy of a snapshot of the aforementioned website is attached as **Exhibit 19.**

FAYER GIPSON LLP
A LIMITED LIABILITY PARTNERSHIP

5

1    16.   Plaintiff requests that the Court take judicial notice of the fact there are at

2  least 10 Best Buy stores in the Central District.  *See* Fed. R. Evid. 201(b)(2).  This

3  information is publicly available at:

4  http://www.bestbuy.com/site/olspage.jsp?id=cat12093&type=page&allstores=yes&h=

5  387

6  A true and correct copy of a snapshot of the aforementioned website is attached as

7  **Exhibit 20**.

8              **Defendants' Manifest Resources: Hiring of AmLaw 100 Firms**

9    17.   Plaintiff requests that the Court take judicial notice of the fact that Haier,

10  Jinhui and Dazheng have each hired AmLaw 100 law firms to represent them in this

11  matter.  *See* Fed. R. Evid. 201(b)(2).  Alston & Bird LLP, Cadwalader, Wickersham, &

12  Taft LLP, and Reed Smith LLP each appear on the AmLaw 100 2010 list of highest

13  grossing revenue law firms in the United States.  The AmLaw 100 list appears

14  annually in the *American Lawyer* magazine.  The AmLaw 100 2010 list is publicly

15  available at the following address:

16  http://www.law.com/jsp/tal/PubArticleTAL.jsp?id=1202448484841

17  A true and correct copy of a snapshot of the aforementioned website showing Alston

18  & Bird LLP, Cadwalader, Wickersham, & Taft LLP, and Reed Smith LLP on the

19  AmLaw 100 list attached as **Exhibit 21.**

20

21

22

23

24

25

26

27

28

RJN ISO OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MTD

**California is the Center of the U.S. Software Industry**

18.  Plaintiff requests that the Court take judicial notice of the fact that California is the center of the U.S. software industry. *See* Fed. R. Evid. 201(b)(2).

Respectfully requested,

DATED: June 27, 2011

FAYER GIPSON LLP
Gregory A. Fayer
Elliot B. Gipson

By: _____
Elliot B. Gipson
Attorneys for Plaintiff
CYBERSITTER, LLC D/B/A
SOLID OAK SOFTWARE

FAYER GIPSON LLP
A LIMITED LIABILITY PARTNERSHIP

7

RJN ISO OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MTD