FAYER GIPSON LLP
A Limited Liability Partnership
GREGORY A. FAYER (State Bar No. 232303)
gfayer@fayergipson.com
ELLIOT B. GIPSON (State Bar No. 234020)
egipson@fayergipson.com
2029 Century Park East, Suite 3535
Los Angeles, California 90067
Telephone: (310) 557-3558
Facsimile:  (310) 557-3589

Attorneys for Plaintiff
CYBERsitter, LLC d/b/a Solid Oak Software

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company, d/b/a Solid Oak Software,<br><br>Plaintiff,<br><br>v.<br><br>The People's Republic of China, a foreign state; Zhengzhou Jinhui Computer System Engineering Ltd., a Chinese corporation; Beijing Dazheng Human Language Technology Academy Ltd., a Chinese corporation; Sony Corporation, a Japanese corporation; Lenovo Group Limited, a Chinese corporation; Toshiba Corporation, a Japanese corporation; ACER Incorporated, a Taiwanese corporation; ASUSTeK Computer Inc., a Taiwanese corporation; BenQ Corporation, a Taiwanese corporation; Haier Group Corporation, a Chinese corporation; DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV 10-00038 JST (SH)<br><br>OPPOSITION TO DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD.'S AND DAZHENG HUMAN LANGUAGE TECHNOLOGY ACADEMY LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br>Judge: Hon. Josephine Staton Tucker<br>Ctrm: 10A<br><br>Hearing Date: July 18, 2011<br>Hearing Time: 10:00 a.m.<br><br>Discovery Cutoff:<br>Pretrial Conference:<br>Trial Date: |

PLAINTIFF'S OPP. TO JINHUI'S AND DAZHENG'S
MTD FOR LACK OF PERSONAL JURISDICTION

I. INTRODUCTION ................................................................................................1

II. BACKGROUND..................................................................................................2

    A.    NEITHER DEFENDANT JINHUI NOR DEFENDANT DAZHENG HAVE DENIED THAT THEY COPIED AND DISTRIBUTED PORTIONS OF PLAINTIFF'S SOFTWARE PROGRAM WITHOUT A LICENSE ..................................................2

    B.    UNCONTROVERTED EVIDENCE SUPPORTED BY DECLARATIONS SHOWS THAT UNLICENSED COPYING OCCURRED AND THAT JINHUI AND DAZHENG SPECIFICALLY TARGETED CYBERSITTER, A CALIFORNIA COMPANY .........................................................................................3

    C.    THE DEFENDANTS HAVE NOT CONTESTED THE FAC ALLEGATIONS THAT UNLICENSED COPYING OCCURRED AND THAT JINHUI AND DAZHENG SPECIFICALLY TARGETED CYBERSITTER, A CALIFORNIA COMPANY ...............4

    D.    PLAINTIFF REQUESTS JUDICIAL NOTICE THAT CALIFORNIA IS KNOWN TO BE THE CENTER OF THE UNITED STATES SOFTWARE INDUSTRY ..........................................5

III. LAW....................................................................................................................5

    A.    PLAINTIFF NEED ONLY MAKE A PRIMA FACIE SHOWING OF JURISDICTIONAL FACTS TO DEFEAT A MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ......................5

    B.    PERSONAL JURISDICTION MAY BE ACHIEVED THROUGH EITHER GENERAL OR SPECIFIC JURISDICTION ............................5

    C.    ALTERNATIVELY, PLAINTIFF HAS A RIGHT TO JURISDICITONAL DISCOVERY ......................................................6

IV. ARGUMENT......................................................................................................6

    A.    DEFENDANTS JINHUI AND DAZHENG ARE SUBJECT TO SPECIFIC JURISDICTION THROUGH THE CALDER EFFECTS TEST ........................................................................................6

        1.    DEVELOPER DEFENDANTS PURPOSEFULLY

|       |    | DIRECTED THEIR ACTIONS TOWARDS CALIFORNIA ........7 |
|-------|----|----|
|       | 2. | PLAINTIFF'S CLAIMS ARISE OUT OF DEVELOPER DEFENDANTS' FORUM RELATED ACTIVITIES ....................9 |
|       | 3. | EXERCISE OF SPECIFIC JURISDICTION OVER DEVELOPER DEFENDANTS IS REASONABLE......................9 |

V. CONCLUSION..................................................................................10

## I. INTRODUCTION

In their motions to dismiss for lack of personal jurisdiction, Defendants Zhengzhou Jinhui Computer System Engineering Ltd. ("Jinhui") and Beijing Dazheng Human Language Technology Academy Ltd. ("Dazheng"), two Chinese software developers (collectively, the "Developer Defendants"), claim that this Court has no jurisdiction over them – despite the fact that there is uncontroverted evidence that they stole substantial elements from Plaintiff's CYBERsitter software and Plaintiff is suing them in Plaintiff's home forum – the Central District of California.

The Developer Defendants are Chinese companies that claim that they do not engage in any commercial or business activities in either the United States or the state of California. Declaration of Chen Xiaomeng ("Xiaomeng Decl.") at ¶ 2; Declaration of Huiquin Zhao ("Zhao Decl.") at ¶ 4. However, this Court should not be misdirected by the Developer Defendants sleight of hand. The Developer Defendants have focused their arguments on denying that this Court has general jurisdiction because even a casual review of the uncontroverted allegations and evidence demonstrates that this Court has specific jurisdiction over the Developer Defendants under the *Calder* effects test as interpreted under Ninth Circuit precedent. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010).

Plaintiff CYBERsitter LLC ("Plaintiff"), a California company, has both alleged and introduced evidence of the illegal and purposeful copying of its CYBERsitter software program by the Developer Defendants. *See generally* Declaration of Dr. J Alex Halderman ("Halderman Decl.") (Docket Inst. No. 62); First Declaration of Brian Milburn ("First Milburn Decl.") at ¶¶ 8-9' 24-30 (Docket Inst. No. 61). Specifically, Plaintiff has submitted the declaration of Brian Milburn, which states that he found CYBERsitter's code on Jinhui's servers as of July 2009. Second Declaration of Brian Milburn ("Second Milburn Decl.") at ¶ 3. Tellingly, though the Developer Defendants had executives submitting declarations supporting their

motions to dismiss, neither Jinhui nor Dazheng denied that Green Dam Youth Escort incorporated Plaintiff's software program as alleged in the First Amended Complaint ("FAC"), let alone introduced any evidence questioning Dr. Halderman's University of Michigan report that demonstrates that Green Dam Youth Escort incorporates significant portions of Plaintiff's software. *See generally*, Halderman Decl. (Docket Inst. No. 62).

Indeed, the uncontroverted evidence shows that Defendants Jinhui and Dazheng willfully targeted Plaintiff, a California company, through their tortious conduct of unlicensed copying and distribution of Plaintiff's software program while knowing that Plaintiff would suffer harm in California. Jinhui and Dazheng have purposefully ignored Plaintiff's allegations and evidence of illegal copying because there are no convincing arguments they can make: indeed, when the Developer Defendants' infringing software contains instructions referring to the Plaintiff and instructing the user to go to Plaintiff's website for software updates, any explanation that there was not copying or of how such copying could have been "innocent" is just not credible. Halderman Decl. (Docket Inst. No. 62) at ¶ 18.

Accordingly, because the Developer Defendants specifically and willfully targeted Plaintiff, a California company, by infringing on its intellectual property, this Court has specific jurisdiction over both Jinhui and Dazheng. *See Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482 (1984): *see also Panavision Intern., L.P. v. Toeppen,* 141 F.3d 1316 (9th Cir. 1998); *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082 (9th Cir. 2000),; *Rio Properties v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002); *Brayton Purcell, LLP,* 606 F.3d at 1128.

## II. BACKGROUND

**A.   NEITHER DEFENDANT JINHUI NOR DEFENDANT DAZHENG HAVE DENIED THAT THEY COPIED AND DISTRIBUTED**

PORTIONS OF PLAINTIFF'S SOFTWARE PROGRAM WITHOUT A LICENSE

Defendants Jinhui and Dazheng have each submitted declarations supporting their motions to dismiss for lack of personal jurisdiction. Both declarations claim that neither Jinhui nor Dazheng conduct any business in the United States or California. Defendant Dazheng denies involvement in cyber attacks directed against Plaintiff as alleged in the FAC. Defendant Jinhui has not denied involvement in the alleged cyber attacks. Neither Defendant Jinhui nor Defendant Dazheng have denied that they copied and distributed portions of Plaintiff's software without Plaintiff's permission.

## B. UNCONTROVERTED EVIDENCE SUPPORTED BY DECLARATIONS SHOWS THAT UNLICENSED COPYING OCCURRED AND THAT JINHUI AND DAZHENG SPECIFICALLY TARGETED CYBERSITTER, A CALIFORNIA COMPANY

The parties have introduced uncontroverted evidence that:

- Green Dam Youth Escort contains nearly 3000 lines of CYBERsitter's code (First Milburn Decl. at ¶¶ 24-30 (Docket Inst. No. 61; Halderman Decl. (Docket Inst. No. 62).

- Defendants Jinhui and Dazheng created Green Dam Youth Escort (Declaration of Chen Xioaming at ¶¶ 12-14);

- Brian Milburn, the owner and founder of CYBERsitter, found CYBERsitter code on Jinhui's servers on or about July of 2009 (Second Milburn Decl. at ¶ 3.);

- Plaintiff is the owner of CYBERsitter software, an internet content filter marketed to and used by parents to protect their children from adult content on the internet (First Milburn Decl. at ¶ 2.);

- Plaintiff resides and has its principal place of business in the Central District (First Milburn Decl. at ¶ 6.);

3

PLAINTIFF'S OPP. TO JINHUI'S AND DAZHENG'S
MTD FOR LACK OF PERSONAL JURISDICTION

- Plaintiff's business equipment, including servers, is located in California (*see id.*);
- California is known as being the center of the United States software industry (Second Milburn Decl. at ¶ 4.);
- Plaintiff was damaged in California and in the Central District (*see generally* First and Second Milburn Decl.); and
- In August 2009 when Plaintiff's counsel sent the Developer Defendants cease and desist letters giving them notice of Plaintiff's claims (Fayer Decl. at ¶¶ 2-4; Ex. 3 (August 14, 2009 Cease and Desist Letter to Jinhui) and 4 (August 14, 2009 Cease and Desist Letter to Dazheng).

### C. THE DEFENDANTS HAVE NOT CONTESTED THE FAC ALLEGATIONS THAT UNLICENSED COPYING OCCURRED AND THAT JINHUI AND DAZHENG SPECIFICALLY TARGETED CYBERSITTER, A CALIFORNIA COMPANY

Plaintiff has alleged, and the Developer Defendants have not contested, that:

- Defendants Jinhui and Dazheng copied and distributed elements of Plaintiff's software. *See generally* First Amended Complaint ("FAC").
- Defendants Jinhui and Dazheng knew that Plaintiff was a United States resident and would suffer harm in California. FAC at para. 62, 73.
- Defendants Jinhui and Dazheng knew that Plaintiff's software had been infringed at least as early as June 2009. FAC at para. 54, 130.
- Jinhui and Dazheng continued to distribute the infringing Green Dam software even after having knowledge of the infringement. FAC at para. 56, 61.

**D. PLAINTIFF REQUESTS JUDICIAL NOTICE THAT CALIFORNIA IS KNOWN TO BE THE CENTER OF THE UNITED STATES SOFTWARE INDUSTRY**

Plaintiff has also requested that the Court take judicial notice of the fact that California is widely known for being the center of the United States' software industry. RJN at ¶ 18: *see also* Second Milburn Decl. at ¶ 4.

## III. LAW

**A. PLAINTIFF NEED ONLY MAKE A PRIMA FACIE SHOWING OF JURISDICTIONAL FACTS TO DEFEAT A MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

"[I]n order to defeat [Defendants'] motions to dismiss for lack of personal jurisdiction, at this stage, Plaintiffs only needed to make, through their pleadings and affidavits, a prima facie showing of the jurisdictional facts. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001). As the Ninth Circuit has held, "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002) (internal citations and quotations omitted). Moreover, "Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

**B. PERSONAL JURISDICTION MAY BE ACHIEVED THROUGH EITHER GENERAL OR SPECIFIC JURISDICTION**

A Court may exercise personal jurisdiction through either general or specific jurisdiction. Plaintiff does not allege that this Court has general jurisdiction over the Developer Defendants. In order to have specific jurisdiction:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum,

thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) The first prong is satisfied by either "purposeful availament" or "purposeful direction." *Id.* As this case is a tort case, the appropriate analysis is "purposeful direction" analyzed under the *Calder* effects test. *Id.* The Ninth Circuit has interpreted the effects test to require a showing that: (1) intentional actions (2) expressly aimed at the forum state (3) causing harm which the defendant knows is likely to be suffered-in the forum state. *Id.* "There is no requirement that the defendant have any physical contacts with the forum. " *Id.*

## C. ALTERNATIVELY, PLAINTIFF HAS A RIGHT TO JURISDICITONAL DISCOVERY

In the event that the Court fails to find pleadings and facts sufficient to support a finding of personal jurisdiction, the plaintiff has a right to take jurisdictional discovery where discovery may demonstrate facts sufficient to constitute a basis for jurisdiction. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003). In such situations, it is an abuse of discretion to deny the plaintiff from taking jurisdictional discovery. *See id.*

## IV. ARGUMENT

### A. DEFENDANTS JINHUI AND DAZHENG ARE SUBJECT TO SPECIFIC JURISDICTION THROUGH THE CALDER EFFECTS TEST

Defendant Developers' motions to dismiss for lack of personal jurisdiction largely ignore Plaintiff's pled allegations and completely ignore the most important uncontroverted facts and allegations with regard to specific jurisdiction – that there is no genuine dispute that Plaintiff's software was actually copied and distributed by the Developer Defendants. Plaintiff's owner found CYBERsitter's code on Jinhui's

6

PLAINTIFF'S OPP. TO JINHUI'S AND DAZHENG'S
MTD FOR LACK OF PERSONAL JURISDICTION

servers. Second Milburn Decl. at ¶ 3.

Beyond the allegations in the FAC, Plaintiff has introduced supporting declarations of Dr. Halderman, and Brian Milburn, which clearly show that the alleged copying did in fact occur, and the declaration of Greg Fayer which shows that the Moving Defendants did in fact have knowledge of the IP theft and Plaintiff's status of as a California company and the harm Developer Defendants were causing no later than mid-August 2009. Halderman Decl. at ¶ 24 ("The only plausible explanation is that [CYBERsitter's] filters were copied"); *see also generally* First Milburn Decl.; Second Milburn Decl.; Fayer Decl. Dr. Halderman's technical analysis of the copying has not been rebutted by these Developer Defendants, or any defendants. Dr. Halderman's analysis shows that not only did Green Dam Youth Escort copy CYBERsitter's code, but that such code is enabled in Green Dam Youth Escort and that without the CYBERsitter code, Green am Youth Escort loses much of its filtering effectiveness. Halderman Decl. at ¶¶ 25-37.

If the Developer Defendants had any evidence whatsoever that copying did not occur, one would think they would introduce it here. Moreover, where the Defendant and the Plaintiff have submitted conflicting affidavits, conflicts are resolved in the Plaintiff's favor. *Dole Food Co.,* 303 F.3d at 1108.

### 1. DEVELOPER DEFENDANTS PURPOSEFULLY DIRECTED THEIR ACTIONS TOWARDS CALIFORNIA

Solid Oak, Jinhui, and Dazheng all have one thing in common: they are software developers who have sold web-filtering software in China. This case is indistinguishable from *Brayton Purcell LLP*, 606 F.3d 1124 (9th Cir. 2010). In that case, a defendant law firm targeted plaintiff's law firm in Northern California by copying verbatim statements from plaintiff's website and using them on defendant's website. This was done in an attempt to siphon off business from a competitor. *See id.* Here, the facts are indistinguishable except that instead of law firms the parties are

software developers.

Jinhui claims "there are no allegations – let alone evidence – that Jinhui targeted CYBERsitter in California." Jinhui Motion at 12. This statement overlooks at least two very important things: 1) In contrast to its claims, Jinhui maintained a website that targeted Chinese speaking California residents by including a "San Francisco" download channel where users could download Green Dam. DiPasquale Decl. at ¶ 4. While Jinhui claims that this is a PRC website, the English translation appears to show a copyright notice for Defendant Jinhui. *See id*; Ex. 1. 2) Jinhui has ignored the evidence that was stored on in its servers – namely, the stolen CYBERsitter code which proves that it targeted Solid Oak. Second Milburn Decl. at ¶ 3.

Likewise, Dazheng similarly targeted Solid Oak. Dazheng admits that it co-developed Green Dam Youth Escort program long with Jinhui.[1] *See generally* Xiomang Decl. at ¶¶ 12-14. Plaintiff has introduced undisputed evidence that Green Dam Youth Escort incorporates substantial portions of Plaintiff's CYBERsitter code without Plaintiff's authorization. *See generally*, First Milburn Decl.; Halderman Decl. The theft of software code is an intentional act; indeed, it is by definition specifically targeted to the victim as it is impossible to steal software code without knowing whom you are stealing it from. Defendants can therefore clearly be imputed with the knowledge of knowing the location of Plaintiff. Moreover, Plaintiff sent both Defendant Developers cease and desist letters on or about August 14, 2009. Fayer

---

[1] On the one hand, Dazheng's assertions in the Declaration of Chen Xiomeng that none of its engineers are proficient in English may help to explain why the copying from the CYBERsitter software was so blatant; it is possible that the infringers did not understand everything they were copying. This would explain for example, why they left in the "smoking gun files" that instructed users to return to Plaintiff's website for updates. *See* Halderman Decl. at ¶ 18 (Docket Inst. No. 62). On the other hand, Dazheng's assertions are also not credible as an internet filter that targeted pornography would need significant English language features in order to operate effectively whch would presumably require engineers who were proficient in English; a pornography filter that did not recognize or filter the English language would not be very effective because most of the pornography on the internet is English language based.

Decl. at ¶ 2-4; Ex. 3 (August 14, 2009 Cease and Desist Letter to Jinhui) and 4 (August 14, 2009 Cease and Desist Letter to Dazheng); *see generally* FAC.  Dazheng even acknowledged receipt of the cease and desist letter.  Fayer Decl. at ¶4.

By stealing CYBERsitter's code, Developer Defendants were expressly aiming their conduct at California as California is Solid Oak's principal place of business and the heart of the U.S. software industry.  *See Panavision Int'l, L.P. v. Toeppen*, 938 F. Supp. 616, 621-22 (C.D. Cal. 1996) aff'd, 141 F.3d 1316 (9th Cir. 1998) ("Toeppen has harmed Panavision, the brunt of which Panavision has borne in California, which Toeppen knew would likely happen because Panavision's principal place of business and the heart of the theatrical motion picture and television camera and photographic equipment business are in California.") (affirmed by Ninth Circuit); *see also* Second Milburn Decl. at ¶ 4; Plaintiff's RJN at ¶ 18.

### 2. PLAINTIFF'S CLAIMS ARISE OUT OF DEVELOPER DEFENDANTS' FORUM RELATED ACTIVITIES

Solid Oak's claims arise out of Developer Defendants' forum related activities because their forum related activities consisted of copying and distributing Plaintiff's CYBERsitter's software.  But for Developer Defendants' willful infringement of Plaintiff's software, there would be no need for Plaintiff to bring this suit in California.

### 3. EXERCISE OF SPECIFIC JURISDICTION OVER DEVELOPER DEFENDANTS IS REASONABLE

The burden is on the defendant to demonstrate the unreasonableness of the Court asserting jurisdiction.  *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000).  The Defendant must put on a "compelling case" that asserting jurisdiction would be unreasonable.  *Id.*  The Ninth Circuit considers:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the

extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*Id.*

Here, the Developer Defendants purposefully interjected themselves into California by stealing a California resident's intellectual property. The Developer Defendants are able to mount a vigorous defense in California, as evidenced by their choice of lead counsel – both AmLaw 100 firms. This lawsuit should not conflict with the intellectual property laws of that the PRC has on the books and California has a significant interest in adjudicating the dispute in order to protect the rights of a California company. Finally, the current forum in California offers Plaintiff fast and effective relief, particularly in compared to the alternative – which is to litigate in the PRC which has already interjected itself in this lawsuit through extra-judicial means and made it clear that Plaintiff could not receive a fair trial in the PRC. *See* Docket Inst. No. 90 (Letter from PRC Expressing Disapproval of this Court's Jurisdiction).

Under these circumstances and under Ninth Circuit precedent, this Court has specific jurisdiction over the Developer Defendants. Moreover, in the event the Court is inclined to grant Developer Defendants' motions, it would be an abuse of discretion to deny Plaintiff the right to take jurisdictional discovery because here such discovery *may* demonstrate facts sufficient to constitute a basis for jurisdiction. *See Harris Rutsky & Co. Ins. Services,* 328 F.3d 1122, 1135 (9th Cir. 2003).

## V. CONCLUSION

Plaintiff respectfully requests that Haier's motion to dismiss based on a lack of personal jurisdiction be denied. Alternatively, should the Court find that personal jurisdiction is not supported by the pleadings or facts in evidence, Plaintiff

respectfully requests that it be allowed to take jurisdictional discovery on the Developer Defendants.

Respectfully submitted,

DATED: June 27, 2011

FAYER GIPSON LLP
Gregory A. Fayer
Elliot B. Gipson

By: ____/s/_____
Elliot B. Gipson
Attorneys for Plaintiff
CYBERSITTER, LLC D/B/A
SOLID OAK SOFTWARE