CADWALADER, WICKERSHAM & TAFT LLP
Christopher A. Hughes (*pro hac vice*)
  *christopher.hughes@cwt.com*
Tony V. Pezzano (*pro hac vice*)
  *tony.pezzano@cwt.com*
Kent R. Stevens (*pro hac vice*)
  *kent.stevens@cwt.com*
Tod M. Melgar (*pro hac vice*)
  *tod.melgar@cwt.com*
Jeffrey Z.Y. Liao (*pro hac vice*)
  *jeffrey.liao@cwt.com*
One World Financial Center
New York, New York  10281
Telephone:  212.504.6000
Facsimile:   212.504.6666

[Counsel Continued on Next Page]

Attorneys for Defendant Zhengzhou Jinhui
Computer System Engineering Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CYBERsitter, LLC, a California limited liability company, d/b/a Solid Oak Software,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>The People's Republic of China, *et al.*,<br><br>　　　　　Defendants. | Case No. CV10-0038 JST (SH)<br><br>**DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)**<br><br>*[Filed concurrently With Evidentiary Objections To Declarations Filed In Support Of Plaintiff's Opposition, Objections To Plaintiff's Request For Judicial Notice, Declarations Of Jeffrey Liao and Certified Translator]*<br><br>Hon. Josephine Stanton Tucker<br><br>Date:　　July 18, 2011<br>Time:　　10 a.m.<br>Crtrm.:　　10A |

USActive 23471671.1

DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)

[Counsel Continued from Previous Page:]

UNITALEN ATTORNEYS AT LAW
Ping Gu (*pro hac vice*)
  ping.gu@unitalen.com
22 Jian Guo Men Wai Avenue
7th Floor, Scitech Place
Beijing, China 1000004
Telephone:  86-1059208671
Facsimile:   86-1059208588

KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
  rkendall@kbkfirm.com
Bert H. Deixler (70614)
  bdeixler@kbkfirm.com
Gabriel D. Miller (243359)
  gmiller@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California  90067
Telephone:  310.556.2700
Facsimile:   310.556.2705

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

USActive 23471671.1

DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................1

II. ARGUMENT .......................................................................................................3

    A. The Declarations Submitted In Support Of CYBERsitter's Opposition Do Not Identify Any Activities By Jinhui In California ........3

        1. The Halderman And Milburn Declarations Do Not Identify Any Activities By Jinhui In California.............................................3

        2. The DiPasquale Declaration Is Unreliable And Irrelevant..............4

        3. Facts Concerning Plaintiff's Location And Alleged Harm In California As Presented In The Fayer Declaration Are Insufficient To The Issue Of Specific Jurisdiction Over A Foreign Defendant Having No Contacts In California....................6

    B. Jinhui Has Not "Expressly Aimed" At California ....................................7

    C. CYBERsitter Has Not Met Its Burden Of Establishing A *Prima Facie* Case Of Specific Jurisdiction..........................................................9

III. CONCLUSION ..................................................................................................11

USActive 23471671.1    i
DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD. REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. Cal. 2004) ...................................................... 6, 7, 8, 10

**RULES**

Fed. R. Civ. P. 12(b)(2) ................................................................................ 1, 11

Fed. R. Evid. §201 ............................................................................................ 9

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

USActive 23471671.1

ii

DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD. REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)

## I. INTRODUCTION

It is abundantly clear from the pleadings and plaintiff CYBERsitter, LLC's ("CYBERsitter") Opposition to this Motion to Dismiss that there are insufficient bases for this Court to exercise personal jurisdiction over Defendant Zhengzhou Jinhui Computer System Engineering Ltd. ("Jinhui"). First, on the issue of personal jurisdiction based on the Court's general jurisdiction over a party doing business in the forum, CYBERsitter has now conceded (Dkt. No. 159 at 8) that it "does not allege that this Court has general jurisdiction." Second, as to the issue of specific jurisdiction, CYBERsitter offers no evidence to show that Jinhui, a Chinese company doing business only in China, has had any contact with California at all, much less contacts sufficient to establish personal jurisdiction consistent with notions of fair play and substantial justice.

CYBERsitter asserts two so-called facts in an attempt to show that Jinhui, a company operating exclusively in China, is somehow "targeting" CYBERsitter in California. Frankly, this Court should be astonished that the first so-called "fact" was even put before this Court. CYBERsitter asserts in the DiPasquale Declaration (and the Amended Complaint) that the official website for the accused software has "download channels" identified by U.S. geographical locations, *e.g.*, "New York", "San Francisco." This is said to demonstrate "targeting" customers in the United States. However, as explained below, CYBERsitter used a *machine-translation* (Google Translate) of the Chinese characters to support this point. In fact, if they had asked *anybody* who reads Chinese rather than a machine to translate the characters for this Court, it would be readily apparent that the Chinese characters, which were submitted to the Court as an attachment to the DiPasquale Declaration, do not even remotely describe or relate to U.S. city names. *The characters instead identify Chinese company websites.* The Court will see that CYBERsitter relied on this gaffe to construct its entire theory of Jinhui targeting U.S. customers, both in the Amended Complaint and the DiPasquale Declaration, as well as in its opposition to the Motion to Dismiss.

USActive 23471671.1                                     1
DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

The second so-called factual point argued by CYBERsitter is even more astonishing than the first. CYBERsitter argues that the aforementioned website, allegedly containing the U.S. city names, may after all be a Jinhui website (despite Jinhui's Declaration (Dkt. No. 150-1 at 9) confirming that it does not own or operate the site). What is particularly remarkable about this new assertion is that it contradicts CYBERsitter's own prior assertions to this Court – first in the Amended Complaint which alleges that this website is owned by the government of the People's Republic of China (Dkt. No. 56 at 12), and secondly in opposing dismissal of the PRC under the Foreign Sovereign Immunities Act by arguing that this website is owned by the government of the People's Republic of China and targets end users with its links "for users in New York and San Francisco" (Dkt. No. 100 at 10). Now, with CYBERsitter facing a motion to dismiss from Jinhui, CYBERsitter dramatically shifts position and now suggests to this Court that perhaps it is Jinhui who owns the website in question. The fact is, Jinhui does not own or control the website, the website does not target users in New York and San Francisco, and CYBERsitter has no other "facts" – phantom or otherwise – that allege a contact by Jinhui in this forum.

Recognizing the failings of its jurisdictional assertions to show any contact by Jinhui with this forum, CYBERsitter instead diverts attention from the pertinent jurisdictional analyses to a discourse on the merits of its allegations, asserting that its software has been copied and distributed *in China*, and what it thinks it has discovered on Jinhui's server *in China* -- and beseeching this Court to require Jinhui, a company from Gaoxin District, Zhengzhou, Henan Province, China, to travel well beyond its operational limits in China to respond to these allegations on the merits. However, even there, CYBERsitter itself reveals the jurisdictional deficiency as to Jinhui. In its Amended Complaint, CYBERsitter asserts that CYBERsitter distributes its software around the world, including China (Dkt. No. 56 at 10), and now, further, states that it believes its software was stolen *in China*, copied, and distributed to end users *in China* (Dkt. No. 158

at 24). Quite simply, CYBERsitter's own words confirm that this Court, sitting in California, lacks personal jurisdiction over defendant Jinhui.

In short, CYBERsitter has failed to identify a single fact that demonstrates a purposeful activity by Jinhui in California or conduct aimed at California so as to require this Chinese company to be haled before a Court in California.

## II. ARGUMENT

CYBERsitter's Opposition is predicated entirely on conclusory, unsupported and distracting assertions of "purposeful copying", "they stole", "willfully targeted", and "cyber attacks", which, though they might relate to the merits of its allegations, cannot overcome the jurisdictional deficiencies as to Jinhui. CYBERsitter has not submitted any evidence which establishes that Jinhui conducted any activities in California, or conduct expressly aimed at California, much less sufficient contacts to establish personal jurisdiction consistent with notions of fair play and substantial justice. Since it is CYBERsitter's burden to establish the requisite jurisdictional predicates, Jinhui's Motion to dismiss should, therefore, be granted.

### A. The Declarations Submitted In Support Of CYBERsitter's Opposition Do Not Identify Any Activities By Jinhui In California

There is no evidence of any activities of Jinhui in California presented in the Declarations of Dr. J. Alex Halderman, Brian Milburn, Jenna DiPasquale and Gregory A. Fayer submitted by CYBERsitter in support of its Opposition. In fact, as shown below, the declarations are contradictory in several respects and the DiPasquale Declaration, relying on a defective machine-generated translation offered to this Court, is demonstrably wrong.

#### 1. The Halderman And Milburn Declarations Do Not Identify Any Activities By Jinhui In California

In its Opposition, CYBERsitter relies upon a declaration of its witness, Dr. Halderman (Dkt. No. 62), who claims to have examined the accused Green Dam Youth Escort software obtained as a free download from www.lssw365.net, which he asserts is

USActive 23471671.1
3
DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

"the official distribution website" referred to in CYBERsitter's Complaint (Dkt. No. 62 at 3; Dkt. No. 56 at 12). Dr. Halderman's observations about what he obtained from China does not identify or describe any activities conducted by Jinhui in the forum state California or aimed at California. Moreover, even assuming, *arguendo*, that the www.lssw365.net website was a distribution channel for the Green Dam Youth Escort software into California, this does not show that **Jinhui** was distributing the Green Dam Youth Escort software aimed at California because Jinhui does not own or operate the www.lssw365.net website (Dkt. No. 150-1 at 9). Thus, the Halderman Declaration utterly fails to identify any activities by Jinhui in California.

CYBERsitter has also submitted two Declarations by Brian Milburn. Dkt. No. 61; Dkt. No. 162. Once again, neither declaration identifies any activities conducted by Jinhui in the forum state California, or aimed at California, and are equally irrelevant to this Motion. The Milburn Declarations contain similar allegations of copying of CYBERsitter's source code and opinions regarding alleged intentional copying. Like Dr. Halderman's Declaration, the Milburn Declarations do not allege, let alone offer any evidence to show that Jinhui has any contacts with the forum state California.

## 2. The DiPasquale Declaration Is Unreliable And Irrelevant

CYBERsitter's Declaration of Jenna DiPasquale is highly objectionable[1] and irrelevant because, *inter alia*, it contains several misstatements, at least one of which is contradicted by CYBERsitter's own witnesses and pleadings. For example, Ms. DiPasquale states that the website at www.lssw365.net, which contains links to download Green Dam Youth Escort, "on information and belief . . . belonged to Jinhui." Dkt. No. 160 at 2-3. However, Jinhui does not own or operate this website (Dkt. No. 150-1 at 9), which Dr. Halderman refers to as the "the official distribution website" for Green Dam

---

[1] Jinhui has filed herewith Objections Of Defendant Jinhui Computer System Engineering Ltd. To Declarations In Support Of Plaintiff's Opposition To Jinhui's Motion To Dismiss For Lack Of Personal Jurisdiction Pursuant To Rule 12(b)(2).

USActive 23471671.1    4
DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

(Dkt. No. 62 at 3) and CYBERsitter's Amended Complaint alleges is "*[t]he Chinese government's* official Green Dam site" (Dkt. No. 56 at 12).

CYBERsitter's Opposition Brief also incorrectly states "the English translation [of the website] appears to show a copyright notice for Defendant Jinhui." Dkt. No. 159 at 11. In fact, Exhibit 1 to the DiPasquale Declaration does not show any mention of Jinhui on the www.lssw365.net website. Dkt. No. 160-1 at 3-6. Rather, Exhibit 1 to the DiPasquale Declaration only shows that Jinhui is mentioned on Jinhui's own website, www.zzjinhui.com. Dkt. No. 160-1 at 7. Nor has CYBERsitter shown any content on Jinhui's own website, www.zzjinhui.com, which refers to California or the United States in any way. Dkt. No. 160-1 at 7. In short, CYBERsitter has utterly failed to establish any connection between Jinhui and the distribution of Green Dam Youth Escort software from the www.lssw365.net website.

The DiPasquale Declaration is also disturbing for another reason. This Declaration is relied upon by CYBERsitter for the proposition that the website contains download channels identified by the names of U.S. cities, supposedly targeting consumers in those cities. At the bottom of the evidence presented to the Court on this point is a machine-translation of the webpage from "Google Translate." Dkt. No. 160-1 at 4. As it turns out, the download links actually reference Chinese company websites, not United States city names. Specifically, referring to Exhibit 1 of the DiPasquale Declaration, the Chinese characters, 天极网, actually refer to the name of a Chinese electronics company's website, http://www.yesky.com/, not "New York", as translated by Google. *See* Declaration of Jeffrey Liao ("Liao Decl.") Exs. A-E. The Chinese characters "太平洋电脑网" actually refer to the name of yet another Chinese electronics company's website, http://www.pconline.com.cn/, not "Pacific Internet" as translated by Google. *See* Liao Decl. Exs. A, F-H. CYBERsitter's entire case of targeting customers in the United States is based on the erroneous machine-translations of these nine characters on a Chinese website. Yet even the most superficial analysis of these terms by any reader of Chinese establishes that there is no factual basis in CYBERsitter's assertion.

### 3. Facts Concerning Plaintiff's Location And Alleged Harm In California As Presented In The Fayer Declaration Are Insufficient To The Issue Of Specific Jurisdiction Over A Foreign Defendant Having No Contacts In California

CYBERsitter's assertions that it is located in California, owns the software that was purportedly stolen and was damaged in California are not the proper focus of the issue of personal jurisdiction. The law on personal jurisdiction rightly focuses on *defendant's contact with the forum jurisdiction*, directing the Court to carefully consider whether the Defendant has sufficient contacts with the forum for maintenance of the suit in the forum. Further, Ninth Circuit law makes clear that facts about the plaintiff, particularly facts asserted on harm to the hometown plaintiff, however compelling, are not sufficient to sustain a suit against a foreign party who does not have sufficient contacts with the forum and who has not undertaken conduct *expressly aimed* at the forum. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004), discussed below.

CYBERsitter relies (Dkt. No. 159 at 7) on the Fayer Declaration in an attempt to confer specific jurisdiction upon Jinhui based on the argument that a cease and desist letter sent to Jinhui imputed knowledge upon Jinhui of the location of CYBERsitter and harm caused to CYBERsitter in California.[2] This argument flies in the face of the

---

[2] This cease and desist letter (Dkt. No. 161-2) was never received by Jinhui as it was sent to the wrong address. The address on the letter is No. 68 Shi Wei Hua Road (Dkt. No. 161-2 at 2). Jinhui's address is Huoju Building B, 3rd Floor, 8 Guohuai Street, Gaoxin District, Zhengzhou, Henan Province, China (Dkt. No. 151-1 at 7). Moreover, the letter is written in the English language and Chinese is the first language of all of Jinhui's employees. Declaration of Huiqin Zhao In Support Of Joinder By Defendant Zhengzhou Jinhui Computer System Engineering Co. Ltd. In Motion Of Defendant Beijing Dazheng Human Language Technology Academy Co., Ltd. To Dismiss Based On *Forum Non Conveniens* at paragraphs 2 and 8(c) (Dkt. No. 151-1 at 11).

notions of fair play and substantial justice and the law of the Ninth Circuit requiring sufficient contacts with the forum to require a foreign defendant to be subject to suit.

### B.     Jinhui Has Not "Expressly Aimed" At California

CYBERsitter argues that defendants have targeted California because they must know who they are stealing from and they can be imputed with knowing the location of the plaintiff. Dkt. No. 159 at 11-12. CYBERsitter submits its cease and desist letter in an attempt to confirm both of these points. However, these facts are simply not sufficient to establish jurisdiction over a foreign company as a matter of law as explained in *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. Cal. 2004). In that case, a defendant Ohio car dealership used the likeness of Arnold Schwarzenegger without authorization in an advertisement that ran in a local Ohio newspaper. Schwarzenegger sued in California, where he resided, but the Ninth Circuit found that California lacked personal jurisdiction over the Ohio car dealership because the use of Schwarzenegger's image in the local Ohio newspaper advertisements was not targeted at California (374 F.3d at 807) (emphasis supplied):

> Here, Fred Martin's intentional act — the creation and publication of the Advertisement — was expressly aimed at Ohio rather than California. The purpose of the Advertisement was to entice Ohioans to buy or lease cars from Fred Martin and, in particular, to 'terminate' their current car leases. The Advertisement was never circulated in California, and Fred Martin had no reason to believe that any Californians would see it and pay a visit to the dealership. Fred Martin certainly had no reason to believe that a Californian had a current car lease with Fred Martin that could be 'terminated' as recommended in the Advertisement. **It may be true that Fred Martin's intentional act eventually caused harm to Schwarzenegger in California,** *see infra*, **and Fred Martin may have known that Schwarzenegger lived in California. But this does not confer jurisdiction, for Fred Martin's express aim was local.** We therefore conclude that the Advertisement was not expressly aimed at California.

Just as the activities by the Ohio car dealership in *Schwarzenegger* did not subject the dealer to jurisdiction in California, Jinhui's business activities and websites, which are exclusively "local" to China and are expressly aimed at China, do not subject it to jurisdiction in California. Dkt. No. 150-1 at 7-9. For this reason alone, CYBERsitter has failed to establish that Jinhui purposefully directed its activities towards California, and thus has failed to establish specific jurisdiction over Jinhui in this forum.

The *Brayton* opinion cited (Dkt. No. 159 at 4, 9, 10) by CYBERsitter is consistent, requiring more than alleged harm to the plaintiff and knowledge of plaintiff's location. In *Brayton* the District Court for the Northern District of California had before it a question of personal jurisdiction in circumstances where the defendant – located in the Southern District of California – copied text on the plaintiff's website and published the text on defendant's website in the Southern District of California. The Court held that there was personal jurisdiction in the Northern District of California based on the fact that the defendant was licensed to practice throughout California and its website placed it in "direct competition with [the plaintiff] in Northern California." The allegations here – harm suffered in California and "imputed" knowledge of the location of the harm-suffering plaintiff – simply does not pass the test. Indeed, this Court is no doubt aware of what its docket would look like if personal jurisdiction was based on "you know who you've harmed and you know where we are" letters gratuitously sent by attorneys. In sum, Jinhui does business only in China, with a Chinese language website directed to China, and does not and has not been shown to "expressly aim" itself in any way into this forum.

In addition, in apparent recognition that it simply does not have the requisite jurisdictional facts, CYBERsitter asks this Court (Dkt. No. 159 at 8) to take judicial notice of "the fact that California is widely known for being the center of the United States' software industry." Jinhui appreciates that this Court may be rightly proud of its local industry, and accordingly find this assertion appealing. Jinhui also appreciates that CYBERsitter is eager to present its case to a jury pool that shares this same sentiment.

USActive 23471671.1

8

DEFENDANT ZHENGZHOU JINHUI COMPUTER SYSTEM ENGINEERING LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)

However, it is respectfully submitted that the matter of local pride and reputation — that this District as "widely known" as "the center of the United States software industry" — is one of the very matters that the law of personal jurisdiction guards against.

The law on this point seeks to ensure fair play and substantial justice with regard to a foreign defendant, directing the Court to refrain from making a defendant appear and defend itself where, as here, the plaintiff wants to present a case against a defendant who is simply not present in the forum. For this reason, Jinhui has filed concurrently herewith an objection to CYBERsitter's request for judicial notice on the grounds that whether or not California is the center of the U.S. software industry is: (1) irrelevant to determining if Jinhui is subject to personal jurisdiction in this District, and (2) is a vague and subjective statement open to reasonable dispute under Fed. R. Evid. §201.

### C. CYBERsitter Has Not Met Its Burden Of Establishing A *Prima Facie* Case Of Specific Jurisdiction

CYBERsitter attempts (Dkt. No. 159 at 12) to turn the burden of proof of establishing personal jurisdiction on its head by neglecting its own burden of establishing sufficient contacts and arguing that "the burden is on the defendant to demonstrate the unreasonableness of the Court asserting jurisdiction." Before even getting to the burden of demonstrating the unreasonableness of the Court asserting jurisdiction, CYBERsitter must meet its burden of establishing a *prima facie* case of specific jurisdiction. This it has not done.

The Ninth Circuit applies "a three-prong test for analyzing a claim of specific personal jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

The plaintiff bears the burden of satisfying the first two prongs of the test. **If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.** If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 801-02 (internal citations omitted) (emphasis supplied).

As noted above, CYBERsitter has utterly failed to identify any activities by Jinhui that were purposefully directed at California or that purposefully availed itself of the California forum — in short, CYBERsitter has failed to show any contacts between Jinhui and California at all. Accordingly, pursuant to CYBERsitter's suggestion in its Opposition to Dazheng's Motion to Dismiss or Stay on Grounds of *Forum Non Conveniens* (Dkt. No. 158 at 22), "if this Court finds that Jinhui and Dazheng truly have no dealings with California for purposes of this action, their motion to dismiss for lack of personal jurisdiction should be granted and the case should continue without them (as it did following denial of Sony's FNC motion)." Because Jinhui clearly has no dealings with California and cannot be reasonably expected to be hauled into Court in this forum to defend itself, Jinhui's Motion to Dismiss for lack of personal jurisdiction should be granted.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

## III. CONCLUSION

For the foregoing reasons, CYBERsitter's claims against Jinhui should be dismissed for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).

Dated: July 1, 2011

Respectfully submitted,

CADWALADER WICKERSHAM & TAFT LLP

By: _____/s/ Tony V. Pezzano_____
Christopher A. Hughes
Tony V. Pezzano
Kent R. Stevens
Tod M. Melgar
Jeffrey Z.Y. Liao
Attorneys for Defendant Zhengzhou Jinhui
Computer System Engineering Ltd.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067